ORIGINAL
FILED

2008 JUN 17  PM 2: 04

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ YwH _____DEPUTY

1  SEYFARTH SHAW LLP
   David D. Kadue (SBN 113578)
2  Dean Martoccia (SBN 193185)
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone:   (310) 277-7200
4  Facsimile:   (310) 201-5219

5  Attorneys for Defendant,
   LEE PUBLICATIONS, INC.
6  dba NORTH COUNTY TIMES
   dkadue@seyfarth.com
7  dmartoccia@seyfarth.com

8

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11  YVONNE DALTON, DIAN GARZA,          )   No. '08 CV 1072 BTM NLS
    ARMINDA GUZMAN, SHARON              )
12  HUGHEN, ETELVINA SALGADO,           )   NOTICE OF REMOVAL
    HECTOR MIGUEL SALGADO, and          )
13  REFUGIO SANCHEZ, individually and   )   [CLASS ACTION FAIRNESS
    on behalf of all others similarly situated, )   ACT OF 2005]
14                                      )
                Plaintiffs,             )
15                                      )
           v.                           )
16                                      )
    LEE PUBLICATIONS, INC., a           )
17  Delaware Corporation, dba NORTH     )
    COUNTY TIMES, and DOES 1 through    )
18  50.                                 )
                                        )
19              Defendants.             )
                                        )
20  _____)

21       TO THE UNITED STATES DISTRICT COURT FOR THE

22  SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND

23  THEIR COUNSEL OF RECORD:

24       PLEASE TAKE NOTICE that Defendant, LEE PUBLICATIONS, INC.,

25  a Delaware Corporation, dba *North County Times*, files this notice of removal

26  pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction

27  under 28 U.S.C. § 1332(d)(2), to effect the removal of the above-captioned

28

                                            NOTICE OF REMOVAL

1  action, which was commenced in the Superior Court of the State of California

2  in and for the County of San Diego, and states that the removal is proper for the

3  following reasons.

4  <p style="text-align:center"><strong>BACKGROUND</strong></p>

5      1.     On or about April 18, 2008, Plaintiffs, individually and on behalf

6  of all others similarly situated, filed a complaint against Defendant in the

7  Superior Court of the State of California, County of San Diego, Case No. 37-

8  2008-00053545-CU-OE-NC.  The complaint is copied as Exhibit A.

9

10     2.     The complaint purports to assert nine claims for relief against

11  Defendant stemming from Plaintiffs' alleged employment with Defendant and

12  its alleged failure to observe, as to Plaintiffs and a purported class of similarly

13  situated individuals, requirements set forth in California Labor Code §§ 1194

14  (minimum wage), 512 (meal breaks), 226.7 (meal and rest breaks), 2802

15  (employee business expenses), 221 and 223 (payroll deductions), 1174 (record-

16  keeping), 3751 (workers' compensation deductions), 203 (termination wages),

17  and 226 (itemizing wages), and Business & Professions Code Section 17200 *et

18  seq.* (avoiding unfair competition).

19     3.     Defendant's *North County Times* is a newspaper that at all relevant

20  times has had a daily home-subscriber circulation exceeding 80,000, with over

21  300 geographical distribution areas serviced at any one time by 250 or more

22  independent contractors performing as newspaper carriers.  At issue is whether

23  those carriers have been employees instead of independent contractors.  During

24  the period alleged in the complaint (since April 18, 2004), at least 800 carriers

25  have provided these distribution results for *North County Times*.  Through the

26  time that the complaint was filed, carriers received fees every 28 days (13 times

27  a year).

28

<p style="text-align:center">-2-</p>

NOTICE OF REMOVAL

**TIMELINESS OF REMOVAL**

4.     Plaintiffs achieved formal service on the Defendant no earlier than May 19, 2008.  The summons and civil cover sheet are copied as Exhibit B, and the acknowledgment of receipt of service by mail, executed on behalf of Defendant on May 19, 2008, is copied as Exhibit C.

5.     This Notice of Removal is timely as it is filed within thirty (30) days of the effective service upon Defendant of the summons and complaint. 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION – CLASS ACTION FAIRNESS ACT**

6.     The Court has original jurisdiction of this action under the Class Action Fairness Act of 2005, codified in relevant part in 28 U.S.C. § 1332(d)(2).  As set forth below, this action is removable, pursuant to 28 U.S.C. § 1441(a), as the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which at least one class member is a citizen of a State different from that of the Defendant.

**Diverse Citizenship of the Parties**

7.     **Plaintiffs' Citizenship.**  Plaintiffs, as they allege, are now, and ever since this action commenced have been, residents of the County of San Diego in the State of California (Complaint ¶ 5).  For diversity purposes, persons are citizens of the state in which they are domiciled.  *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).  Plaintiffs are citizens of California.

8.     **Defendant's Citizenship.**  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been

-3-

1    incorporated and of the State where it has its principal place of business."

2    Defendant is now, and ever since this action commenced has been, incorporated

3    under the laws of the State of Delaware, with its principal place of business in

4    the State of Iowa.

5

6    9.    **Doe Defendants.**  Pursuant to 28 U.S.C. § 1441(a), the residence

7    of fictitious and unknown defendants should be disregarded for purposes of

8    establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds*

9    *Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not

10   required to join in a removal petition).  Thus, the existence of Doe Defendants 1

11   through 50 does not deprive this Court of jurisdiction.

12                              **Amount in Controversy**

13   10.    The alleged amount in controversy in this class action exceeds, in

14   the aggregate, the jurisdictional threshold of $5,000,000, without even

15   considering alleged attorney's fees and punitive damages.[1]  Plaintiffs allege that

16   the class consists of hundreds of individuals allegedly employed by Defendant

17   in California during the four years preceding the filing of the complaint (¶¶ 1,

18   21).  Plaintiffs seek payment of alleged wages, penalties, statutory damages,

19   attorney's fees, and punitive damages (Complaint at 21:11-22:10).  As set forth

20   below, even by very conservative estimates, the amount of controversy

21   implicated by the class-wide allegations exceeds $15 million and thus easily

22   exceeds $5,000,000.

23

24

25

26   [1] In calculating the aggregate amount in controversy, Defendant does not, of
     course, concede the viability of any of Plaintiffs' claims, many of which are
27   legally deficient, or the appropriateness of Plaintiffs proceeding on a class-wide
     basis.
28

-4-

**(A) First Cause of Action—Minimum, hourly, overtime wages**

(1) **Minimum and hourly wages**

Plaintiffs allege a failure to pay minimum and contracted hourly wages (¶ 28), but are silent on the frequency of that alleged failure, thereby precluding a precise estimate regarding the amount in controversy as to these particular claims. But because Plaintiffs allege class-wide damages, they implicitly allege that at least one-half the class of approximately 800 carriers have suffered a sub-minimum wage. Because they seek a penalty of $100 for each violation (¶ 30), the amount in controversy as to this claim exceeds 400 x $100, or *$40,000*.

(2) **Overtime wages**

Plaintiffs allege a failure to pay seventh-day overtime wages (¶ 29), but are silent on the frequency of that alleged failure, thereby precluding precise estimates of the amount in controversy. But because Plaintiffs seek class-wide damages, they implicitly allege that on at least one-half of the relevant seventh days there was an alleged overtime violation. The amount of alleged unpaid overtime would be [the number of hours worked on the seventh day] times [the regular rate] times one-half. Defendant estimates, conservatively, that carriers receive average net payments per hour exceeding $10 and estimate that they have worked on the seventh day an average of three hours. The amount of alleged unpaid overtime therefore exceeds four years x 52 weeks per year x 250 carriers x 0.50 (working a seventh day at least one-half of the time) x $10 an hour x 0.5 (one-half-time extra for overtime) x three hours = $390,000. Because Plaintiffs allege a penalty owed of $100 for the first pay period and $250 for each further pay period (¶ 30), the amount in controversy as to this claim exceeds 250 carriers x $100, or $25,000 for the first violation, and four years x 13 pay periods per year x 250 carriers x $250 for at least four years of

NOTICE OF REMOVAL

1  further violations, or $3.25 million, for total alleged overtime-related penalties

2  in excess of *$3.64 million*.

3      **(B) Second Cause of Action—Failure to provide meal breaks**

4  **California Labor Code §§ 226.7, 512):**  Plaintiffs allege that Defendant denied

5  class members their required meal periods and compensation in lieu thereof (¶

6  32).  The complaint is silent on the frequency of the alleged missed meal

7  breaks, thereby precluding precise estimates of the amount in controversy.  But

8  because Plaintiffs seek class-wide damages, they implicitly allege that at least

9  one-half of the carriers miss at least one meal period per week.  The money

10 owed for each denied meal period or rest break is one hour of pay (which

11 arguably averages here to be at least $10).  The money owed for the alleged

12 denial of meal periods would therefore exceed four years x 52 weeks per year x

13 250 carriers x 0.5 (implicitly alleged minimum rate of missed meals per week)

14 x $10 = *$260,000*.

15     **(C) Second Cause of Action—Failure to provide rest breaks**

16 **(California Labor Code § 226.7):**

17     Plaintiffs allege that Defendant denied class members required rest

18 periods and compensation in lieu thereof (¶ 38).  The complaint is silent on the

19 frequency of missed rest breaks, thereby precluding precise estimates of the

20 amount in controversy.  But because Plaintiffs seek class-wide damages, they

21 implicitly allege that at least one-half of the carriers miss a daily rest break.

22 The money owed for each denied meal period or rest break is one hour of pay

23 (arguably at least $10).  The money owed for the alleged denial of rest breaks

24 would therefore exceed four years x 365 days per year x 250 carriers x 0.5

25 (implicitly alleged minimum rate of missed daily breaks) x $10 = *$1.825*

26 *million*.

27

28

NOTICE OF REMOVAL

**(D) Fourth Cause of Action—Failure to reimburse reasonable business expenses (California Labor Code § 2802)**

(1) **Automobile expenses**—Plaintiffs allege unreimbursed automobile expenses (Complaint ¶ 42). Using a conservative estimate of at least 15 miles per day per carrier and the lowest potentially applicable IRS mileage reimbursement rate ($0.375, in effect during 2004), the amount of alleged unreimbursed mileage expenses would exceed four years x 365 days x 250 carriers x 15 miles x $0.375 per mile = *$2.05 million*.

(2) **Customer complaints**—Plaintiffs allege unlawful customer complaint charges (Complaint ¶ 43). Customer complaints occur on average at least once per 1,000 deliveries or, on average, seven complaints per 28-day cycle. A conservative estimate of the amount of allegedly unlawful charges for customer complaints would be four years x 250 carriers x 13 payments per year x $5 per charge x 7 complaints per cycle = *$455,000* in alleged unlawful complaint charges.

(3) **Supplies**. Plaintiffs allege unlawful charges for supplies (Complaint ¶ 44). Most carriers purchase supplies from *North County Times* and the supply cost for bagging 250 papers a day, 28 days a cycle, would far exceed $100. Defendant conservatively estimates the carriers nonetheless have bagging costs of only $20 per cycle. Plaintiffs thus implicitly allege four years x 250 carriers x $20 x 13 payments per year = *$260,000* in alleged unlawful charges for supplies.

(4) **Insurance premiums**. Plaintiffs allege unlawful charges for insurance premiums (Complaint ¶ 45). Defendant lacks readily available data as to the amount of premiums and thus does not offer an estimate at this time.

NOTICE OF REMOVAL

1    (5) **Surety bond premiums**.  Plaintiffs allege unlawful charges for

2    bond premiums (Complaint ¶ 46).  Defendant lacks readily available data as to

3    the amount of premiums and thus does not offer an estimate at this time.

4    (6) **Extra paper charges**.  Plaintiffs allege unlawful charges for

5    extra newspapers (Complaint ¶ 47).  The average daily charge was at least

6    $0.10 (see ¶ 47).  Plaintiffs thus allege four years x 250 carriers x 365 days per

7    year x $0.10 = *$36,500* in alleged unlawful charges for extra newspapers.

8    (7) **Penalties.**.  Plaintiffs allege $100 for the initial violation and

9    $200 for each further violation for every pay period in which Defendant made

10   unlawful charges (Complaint ¶ 48).  Assuming only an alleged initial violation,

11   but an alleged violation for each pay period (see, e.g., the allegation regarding

12   charges for extra newspapers), the total alleged penalty for unlawful deductions

13   would exceed four years x 13 pay periods per year x 250 carriers x $100 = *$1.3*

14   *million*.

15   **(E) Fifth Cause of Action—Unlawful withholding of wages**

16   **(California Labor Code §§ 221, 223).**  Plaintiffs allege, in addition to the

17   unlawful deductions alleged in the Fourth Cause of Action, unlawful deductions

18   for "Distribution Center Charges" (Complaint ¶ 50), which is a reference to the

19   $6 rent per cycle that most carriers have chosen to pay for the use of certain

20   distribution facilities.  These deductions would exceed four years x 250 carriers

21   x 13 pay periods per year x $6 x 0.5 (one-half of carriers) = $39,000.  The

22   penalties claimed for this alleged violation are $100 for an initial violation and

23   $200 for further violations.  Assuming only an initial alleged violation, but an

24   alleged violation for each pay period as to one-half of the carriers, the alleged

25   penalties for unlawful deductions would exceed four years x 13 pay periods per

26   year x 250 carriers x 0.5 (one-half of carriers) x $100 = $650,000, for a total

27   rent-related amount in controversy in excess of *$689,000*.

28

-8-

**(F) Sixth Cause of Action—Failure to provide itemized wage statements (California Labor Code §§ 226, 226.3).**

(1) **California Labor Code § 226**—Plaintiffs allege that Defendant failed to provide "each and every" class member with proper itemized semi-monthly wage statements with respect to statements of hourly rates, in violation of Section 226 (Complaint ¶ 55). The penalty under Labor Code Section 226(e) is $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per class member. To avoid attributing more than $4,000 to any class member, Defendant will consider only 20 months of the over 48 months in the alleged class period. The alleged penalty for failing to providing accurate semi-monthly wage statements during those 20 months would exceed $50 x 250 carriers ($12,500) plus $100 x 250 carriers x 39 semi-monthly periods, or $975,000, for a total of ***$987,500***.

(2) **California Labor Code § 226.3**—Plaintiffs allege that Defendant violated Section 226.3 (Complaint at 15:19). The penalty under Section 226.3 is $250 per violation for an initial citation. The alleged 226.3 penalty for failing to providing accurate semi-monthly wage statements during the class period would exceed four years x 24 missing semi-monthly statements x $250 x 250 carriers = ***$6 million***.

**(G) Seventh Cause of Action—Failure to keep accurate payroll records (California Labor Code § 1174).** Plaintiffs allege that Defendant fails to keep accurate payroll information on the carriers (Complaint ¶ 59). They claim penalties of $500 per class member (¶ 61), and $500 x 800 class members = $400,000. They also claim additional penalties of $100 per initial violation per employee per pay period (¶60). The additional alleged penalties would

-9-

1    exceed four years x 13 pay periods per year x 250 carriers x $100, or

2    $1,300,000, for total payroll-related alleged penalties exceeding *$1.7 million*.

3        **(H) Eighth Cause of Action—Waiting time penalties (California**

4    **Labor Code § 203).**  Plaintiffs allege waiting-time penalties of 30 working

5    days of wages for failure to pay timely termination wages to former carriers.

6    Within a putative class of approximately 800 carriers, approximately 550 are

7    former carriers, whose daily payments averaged at least $20.  The alleged

8    waiting-time penalties thus exceed 550 times $20 times 30, or *$330,000*.

9        **(I) Ninth Cause of Action—Unfair business practices (B&P Code §**

10    **17200).**  Plaintiffs allege within this cause of action a Section 450 claim for

11    coerced patronage in the form of compelled rental of facilities and compelled

12    purchase of plastic bags.  These claims have been considered above and to

13    avoid double-counting, Defendant does not consider them again here.

14        **(J) Attorney's fees**—Plaintiffs also allege that class members are

15    entitled to recover attorney's fees (¶ 75).  Requests for attorney's fees must be

16    taken into account in ascertaining the amount in controversy.  *See Galt G/S v.*

17    *JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory

18    attorney's fees to be included in amount in controversy, regardless of whether

19    award is discretionary or mandatory).

20        **(K) Punitive damages**— Plaintiffs seek punitive damages (Complaint at

21    22:8).  Such a claim counts toward the jurisdictional amount.  *See Bell v.*

22    *Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S. Ct. 5, 6, 88 L. Ed. 15

23    ("[w]here both actual and punitive damages are recoverable under a complaint

24    each must be considered to the extent claimed in determining jurisdictional

25    amount").

26        11.    Because diversity of citizenship exists, the Plaintiffs being citizens

27    of the State of California and the Defendant being a citizen of the State of

28

-10-

1  Delaware and Iowa, and because the amount in controversy exceeds

2  $5,000,000, this Court has original jurisdiction of the action pursuant to 28

3  U.S.C. § 1332(d)(2). This action is therefore a proper one for removal to this

4  Court.

### VENUE

12.    Venue lies in the Southern District of this Court pursuant to 28 U.S.C. Section 1441, 1446(a), and 84(c)(2). This action originally was brought in the Superior Court of the State of California, County of San Diego, and Plaintiffs reside in the County of San Diego, California.

### NOTICE TO STATE COURT OF REMOVAL

13.    This Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.

14.    In compliance with 28 U.S.C. Section 1446(a), Defendant has attached a copy of the state-court papers served herein, including the complaint (Exhibit A), the summons (Exhibit B), and the acknowledgement of service by mail (Exhibit C).

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Diego to the United States District Court for the Southern District of California.

NOTICE OF REMOVAL

1   DATED:  June 17, 2008                 SEYFARTH SHAW LLP

2                                         By
3                                              DAVID D. KADUE
                                          Attorneys for Defendant,
4                                         LEE PUBLICATIONS, INC.
                                          dba NORTH COUNTY TIMES
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

NOTICE OF REMOVAL

Exhibit A

1 | C. Keith Greer, SBN: 135537
Julie A. Lowell, SBN: 207047
2 | LAW OFFICES OF GREER & ASSOCIATES, A.P.C.
16787 Bernardo Center Drive, Suite 14
3 | San Diego, California 92128
Ph: (858) 613-6677
4 | Fx: (858) 613-6680

5 | Marcy E. Kaye, SBN: 140795
11770 Bernardo Plaza Court, Suite 305
6 | San Diego, CA 92128
Ph: (858)485-1569
7 | Fx: (858)485-0279

8 | Attorneys for Plaintiffs

9

10

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11

**FOR THE COUNTY OF SAN DIEGO**

12

13 |                                                                    37-2008-00053545-CU-OE-NC

YVONNE DALTON, DIAN GARZA, ARMINDA )   Case No.:
14 | GUZMAN, SHARON HUGHEN, ETELVINA        )
SALGADO, HECTOR MIGUEL SALGADO, and  )   **CLASS ACTION COMPLAINT**
15 | REFUGIO SANCHEZ, on their own behalf and on )   **FOR:**
behalf of all others similarly situated,           )
16 |                                                )   1.   **Failure to Pay Minimum**
                   Plaintiffs,                     )        **Wage, Hourly Wages, and**
17 |                                                )        **Overtime Wages (Labor Code**
          v.                                       )        **§§ 1194, 1197, 1197.1, IWC**
18 |                                                )        **Wage Order Nos. 1-1998, 1-**
LEE PUBLICATIONS, INC., A Delaware          )        **2000, 1-2001**
19 | Corporation, dba NORTH COUNTY TIMES, and   )
DOES 1 through 50, inclusive,               )   2.   **Failure to Provide Meal**
20 |                                                )        **Periods, or Compensation in**
                   Defendants.                     )        **Lieu Thereof (Labor Code**
21 |                                                )        **§§226.7, 512; IWC Orders;**
                                                   )        **Cal. Code Regs., Title 8**
22 |                                                )        **§11010**
                                                   )
23 |                                                )   3.   **Failure to Provide Rest**
                                                   )        **Periods or Compensation in**
24 |                                                )        **Lieu Thereof (Labor Code**
                                                   )        **§226.7; IWC Order Nos. 1-**
25 |                                                )        **1998, 1-2000, 1-2001; Cal.**
                                                   )        **Code Regs., Title 8 §11010**
26 |                                                )
                                                   )   4.   **Failure to Reimburse for**
27 |                                                )        **Reasonable Business Expenses**
                                                   )        **(Labor Code §2802)**
28 |                                                )
                                                   )   5.   **Unlawful Deductions from**

1

|  |  |
|---|---|
| ) | **Wages (Labor Code §§221, 223)** |
| ) | |
| ) | **6.   Failure to Provide Itemized Wage Statements (Labor Code §§226, 226.3)** |
| ) | |
| ) | **7.   Failure to Keep Accurate Payroll Records (Labor Code §1174)** |
| ) | |
| ) | **8.   Waiting Time Penalties (Labor Code §§201, 202, 203)** |
| ) | |
| ) | **9.   Unfair Business Practices (Business & Professions Code §17200)** |
| ) | |
| ) | **JURY TRIAL DEMANDED** |

Plaintiffs, YVONNE DALTON, ARMINDA GUZMAN, SHARON HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL SALGADO, and REFUGIO SANCHEZ (collectively "Plaintiffs") on their behalf and on behalf of all others similarly situated allege:

**I.**
**INTRODUCTION**

1.    This is a class action, brought pursuant to Code of Civil Procedure §382, on behalf of a Plaintiff class of newspaper carrier employees currently and formerly employed by Defendant LEE PUBLICATIONS, INC., dba NORTH COUNTY TIMES. For at least four years prior to the filing of this action and through the present (the "Class Period"), Plaintiffs are informed and believe that the Defendant violated the California Labor Code and applicable California Wage Orders by improperly categorizing Plaintiffs and Class Members as independent contractors when they should legally be classified as employees. As a result of this improper categorization, the Defendant has caused harm to Plaintiffs and Class Members as fully set forth below.

2.    Plaintiffs, on their behalf and on behalf of all Class Members, bring this action pursuant to Labor Code §§201, 204, 226, 226.7, 251, 1174, 1194, 1197, 1199, 2802, and 3751, and California Wage Order No. 1-2001 (8 Cal. Code Reg., §11010), seeking unpaid regular and overtime wages, unpaid rest break and meal period compensation, reimbursement of all illegal deductions made from their wages, payment of all wages and tips earned, reimbursement of expenses and losses incurred by them in discharging their duties, payment of a minimum wage to

2

1  all employees who failed to receive a minimum wage for all hours worked in each payroll period,

2  penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

3         3.      Plaintiffs, on behalf of themselves and as a class, pursuant to Business &

4  Professions Code §§17200-17208, also seek injunctive relief, restitution, and disgorgement of all

5  wages owed Plaintiffs by the Defendant from: (1) its failure to pay hourly and overtime wages,

6  tips and compensation for rest and meal periods due; (2) making illegal deductions from

7  employees' wages; (3) its failure to pay all wages earned; (4) its failure to reimburse employees

8  for expenses and losses incurred in discharging duties; and (5) its failure to a pay minimum wage

9  to each employee for all hours worked in each payroll period. In addition, waiting time penalties

10  and enforcement of civil penalties are sought pursuant to Business & Professions Code § 17202,

11  Labor Code §203, and Labor Code §2698 et seq.

12

13                                    **II.**
                                    **VENUE**

14         4.      Venue is proper in this judicial district pursuant to Code of Civil Procedure §395.

15  The Defendant is a newspaper publishing company which is doing business in San Diego County

16  and its principal place of business is within the jurisdiction of this Court for service of process

17  purposes. The unlawful acts alleged herein causing harm to Plaintiffs and those similarly situated

18  occurred in San Diego County and have a direct effect on Plaintiffs and other similarly current

19  and ex-employees of the Defendant who resided and worked for the Defendant in this county.

20

21                                   **III.**
                                   **PARTIES**

22  **A.    Plaintiffs**

23         5.      Plaintiffs YVONNE DALTON, DIAN GARZA, ARMINDA GUZMAN,

24  SHARON HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL SALGADO, and REFUGIO

25  SANCHEZ are individuals residing in San Diego County, California. Plaintiffs DIAN GARZA,

26  ARMINDA GUZMAN, SHARON HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL

27  SALGADO, and REFUGIO SANCHEZ, are currently employed by the Defendant as newspaper

28  carriers in San Diego County, California. Plaintiff YVONNE DALTON is a former newspaper

1  carrier for the Defendant, and during her term of employment, was employed by the Defendant in

2  San Diego County, California. Plaintiffs are subject to Title VIII of the California Code of

3  Regulations, §11010, and related Industrial Welfare Commission ("IWC") Wage Order No. 1-

4  2001.

5      6.      Plaintiffs, and each of them, will adequately represent the interests of the class and

6  will vigorously participate in this matter as a class action when certified. Plaintiff class

7  representatives have further secured legal counsel experienced in both class action and wage and

8  hour litigation, who will likewise adequately represent the class.

9  **B.    Defendants**

10      7.      On information and belief, Plaintiffs allege that Defendant LEE PUBLICATIONS,

11  INC. (""LEE") is incorporated under the laws of the State of Delaware, with its corporate

12  headquarters located in Davenport, Iowa. LEE owns and operates local newspaper publishing

13  businesses across the country. Plaintiffs are informed and believe, and thereon allege that, during

14  the past four years (the "Class Period"), Defendant LEE has been doing business as the NORTH

15  COUNTY TIMES ("NCT"), a business entity that "publishes 9 daily zoned editions geared to

16  provide North County residents with news pertinent to readers' interests and their respective

17  communities." NCT's principal place of business is located in San Diego County at 207 E.

18  Penn Avenue, Escondido, California.

19      8.      The true names and capacities, whether individual, corporate, associate, or

20  otherwise, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

21  unknown to Plaintiffs who therefore sue the Defendants by such fictitious names under

22  Code of Civil Procedure §474. Plaintiffs are informed and believe, and based thereon

23  allege, that each of the Defendants designated herein as a Doe is legally responsible in

24  some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of Court to

25  amend this Complaint to reflect the true names and capacities of the Defendants

26  designated hereafter as Does when such entities become known.

27      9.      Plaintiffs are informed and believe and based thereon allege that each

28  Defendant acted in all respects pertinent to this action as the agent of the other

4

1  Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent

2  thereto, and the acts of each Defendant are legally attributable to the other Defendants.

3

4  ### IV.
   ### FACTUAL BACKGROUND

5       10.     Defendant LEE PUBLICATIONS, INC, does business as the NORTH

6  COUNTY TIMES, a newspaper of general circulation operating primarily in the San

7  Diego County area of Southern California. Most customers of the Defendant's business

8  receive home delivery of newspapers on a daily basis which are printed and distributed

9  under the auspices of the Defendant, doing business as the NORTH COUNTY TIMES.

10      11.     The Defendant owns and operates common distribution facilities located in

11  San Diego County in order to distribute its newspapers. Class Members perform

12  significant work at these distribution centers, including but not limited to folding and/or

13  inserting various inserts, sections, pre-prints, samples and supplements, as well as other

14  products provided by the Defendant at its warehouses and common distribution facilities,

15  into plastic bags they are required to purchase from the Defendant.

16      12.     The Defendant also utilizes computer systems which prepare instructions to

17  Class members on exactly how and when to deliver newspapers.  The Defendant further

18  has the ability to terminate employment relations of the Class Members.

19      13.     Other than personal vehicles, there is a lack of investment in independent

20  equipment by the Plaintiffs, and no special education, certification or licensing (other than

21  having a valid driver's license) is required to perform Class Members' duties.

22      14.     The newspaper delivery performed by Class Members is an integral part of

23  the business enterprise of the Defendant.

24      15.     The economic realities of Class Members' relationship with the Defendant

25  establishes that Class Members, under conventional, legal, and economic tests, are now,

26  and have been, employees of the Defendant and not independent contractors.

27      16.     The Defendant exercises and has exercised complete control over the Class

28  Members' performance of their duties.

17.    Because Class Members are employees, not independent contractors, numerous California Labor Code violations have occurred and are occurring on an ongoing basis, including failure to provide overtime, meal breaks, rest breaks, proper payroll withholding treatment, payment of tips, and the other protections of Labor Code §2802 and Labor Code §221, all of which Class Members are entitled to as valid non-exempt employees under California law.

**V.**
**CLASS ACTION ALLEGATIONS**

18.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to §382 of the Code of Civil Procedure. The class is composed of and defined as follows:

> "All persons presently and formerly employed by LEE PUBLICATIONS,
> INC. in the State of California as newspaper carriers or delivery personnel
> for the North County Times newspaper during the Class Period who were
> subject to the "Delivery Agent Agreement" (or similar document), which
> categorized them as independent contractors and not employees."

19.    Plaintiffs reserve the right under 1855(b) of the California Rules of Court, to: amend or modify the class description with greater specificity; divide the class into subclasses; or otherwise limit this class action to particular issues.

20.    This action has been brought and may properly be maintained as a class action under the provisions of §382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed class (hereafter "Class Members") is easily ascertainable.

**A.    Numerosity**

21.    The members of the Class, as defined above, are so numerous that individual joinder of all members is impractical. While the exact number of Class Members is currently unknown, Plaintiffs are informed and believe that they number in the hundreds.

///

6

**B.    Common Questions Predominate**

22.    Common questions of law and fact exist as to all Class Members and predominate over any questions that affect individual Class Members. The common questions of fact include, but are not limited to:

a.    The Defendant requires Plaintiffs and each individual Class Member to execute a pre-printed document captioned, "North County Times Delivery Agent Agreement";

b.    The Defendant requires Plaintiffs and each individual Class Member to perform a significant percentage of their duties at a warehouse prior to distribution, including handling the Defendant-provided inserts, samples, sections, and other products provided by the Defendant;

c.    The Defendant trains and instructs Plaintiffs and each individual Class Member on how to deliver the newspapers, including specific route driving directions prepared by a computer program that directs Class Members on exactly how to execute their duties;

d.    The Defendant monitors the Plaintiffs and each individual Class Member's performance and compliance with delivery time requirements established by the Defendant, and punishes them for complaints received from customers and failure to meet the delivery time requirements;

e.    Plaintiffs and Class Members do not enjoy any profit upside in connection with their duties and collectively have periodic deductions from their payment schedule;

f.    The class members are paid monthly, according to an existing formula;

g.    The job responsibilities of Plaintiffs and Class Members do not require any special education, certification or licensing (other than a

7

1         valid drivers license);

2    h.  The relationship between the Class Members and the Defendant is

3        relatively permanent and long term, with many Class Members

4        working for the Defendant for years; and

5    i.  The delivery of the Defendant's newspapers is a critical and integral

6        part of its business.

7  23.  Common questions of law that exist include the following:

8    a.  Whether the Class Members, who each have the same job and

9        contract with the Defendant as the representative Plaintiffs, have

10       been improperly categorized by the Defendant as "independent

11       contractors," and instead should be properly categorized as non-

12       exempt employees;

13    b.  Whether the benefits and protections of the California Labor Code

14        apply to Plaintiffs and Class Members when they are properly

15        characterized as non-exempt employees;

16    c.  Whether each Class Member is entitled to the remedial relief in the

17        form of compensation for violations of the Labor Code as set forth

18        hereinafter;

19    d.  Whether the Class Members are entitled to damages, penalties,

20        interest, and attorneys' fees and costs, as provided by the Labor

21        Code and Wage Order No. 1-2001; and

22    e.  Whether the Class Members are entitled to injunctive relief to

23        enjoin further violations of the Labor Code and Wage Order No. 1-

24        2001.

25 **C.**  **Typicality**

26  24.  Plaintiffs' claims are typical of the claims of the Class Members in that Plaintiffs

27 and the Class Members performed identical duties for the Defendant and were improperly

28 classified as independent contractors, when they should have been classified as employees. All

1  Plaintiffs and Class Members sustained similar damages arising out of the Defendant's common

2  course of conduct, which is in violation of laws and regulations governing the compensation of

3  employees.

4  **D.    Adequacy of Representation**

5      25.    Plaintiffs will fairly and adequately represent and protect the interests of the

6  members of the Class. Plaintiffs have no interests adverse to interests of the other Class Members.

7  Proposed class co-counsel, the LAW OFFICES OF GREER & ASSOCIATES, APC, and the

8  LAW OFFICES OF MARCY E. KAYE are competent and experienced in litigation including

9  substantial experience with class action litigation and wage and hour cases.

10  **E.    Superiority of Class Action**

11      26.    A class action is superior to other available means for the fair and efficient

12  adjudication of this controversy. Individual joinder of all members of the class is impractical and

13  questions of law and fact common to the Class predominate over any questions affecting only

14  individual Class Members. Class action treatment will permit a large number of similarly situated

15  persons to prosecute their claims in a single forum, simultaneously and efficiently for both the

16  parties and the court system, without the unnecessary duplication of effort and expense that many

17  individual actions would require. Furthermore, as the damages suffered by many individual

18  members of the class may be relatively small, the expenses and burden of individual litigation

19  would make it difficult or impossible for individual members of the class to redress the wrongs

20  done to them, while an important public interest will be served by addressing the matter as a class

21  action. The cost to the Court system of adjudicating each individual claim would be substantial.

22  Individualized litigation would also present the potential for inconsistent or contradictory

23  judgments.

24

25              **FIRST CAUSE OF ACTION**
                  **(Against All Defendants)**
26

27      **Failure to Pay Minimum Wage, Hourly Wages, and Overtime Wages**
              **(Labor Code §§1194, 1194, 1197.1)**

28      27.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-26,

1  supra, as though fully set forth herein.

2      28.  During the Class Period, the Defendant had a consistent and common policy of

3  failing to pay minimum wages, contracted hourly wages, and overtime wages to newspaper carrier

4  employees, including Plaintiffs and Class Members, and failing to provide itemized records

5  reflecting all hours worked by said employees, in violation of California state wage and hour

6  laws.

7      29.  During the Class Period, the Defendant had a consistent and common policy of

8  requiring newspaper carrier employees, including Plaintiffs and Class Members, to work for the

9  first eight hours on the seventh consecutive day of work in a workweek without compensating

10  said employees at the rate of one and one-half of said employees' regular rate of pay, and thus

11  willfully violating Labor Code §§1194, 1197, and 1197.1.

12      30.  As a proximate result of the unlawful acts of The Defendant, Plaintiffs and the

13  Class Members have been damaged in an amount according to proof at the time of trial and are

14  entitled to recovery of such amount, plus interest thereon, and attorneys' fees and costs, under

15  Labor Code §§1194 and 1197.1. Plaintiffs and the Class Members are further entitled to recover

16  $100 each for each initial pay period that they were paid less than the minimum wage, and $250

17  for each subsequent pay period that they were so underpaid.

18

19                    **SECOND CAUSE OF ACTION**
20                        **(Against All Defendants)**

    **Failure to Provide Proper Meal Periods, or Compensation in Lieu Thereof (Labor Code**
21          **§§226.7, 512; IWC Orders; Cal. Code Regs., Title 8 §11010)**

22      31.  Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-30,

23  supra, as though fully set forth herein.

24      32.  By its failure to provide Plaintiffs and the other newspaper carrier employees 30

25  minute meal periods for days on which they worked in excess of five hours, and by its failure to

26  provide in-lieu compensation, the Defendant willfully violated the provisions of Labor Code §512

27  and the applicable Wage Orders of the California Department of Labor.

28      33.  By failing to keep time records required by Labor Code §§226 and 1174(d), The

1  Defendant has made it difficult to calculate the unpaid meal period compensation due to Plaintiffs

2  and other newspaper carrier employees.

3          34.     As a proximate result of the Defendant's unlawful acts, Plaintiffs and other

4  newspaper carrier employees have been deprived and are each entitled to one hour of additional

5  pay per day for each such violation as provided for by Labor Code §226.7 and IWC Wage Orders

6  Nos. 1-1998, 1-2000, and 1-2001, plus interest thereon, attorneys' fees and costs. Plaintiffs and

7  the Class Members are further entitled to recover $100 each for each initial pay period that they

8  were paid less than the minimum wage, and $250 for each subsequent pay period that they were

9  so underpaid.

10

11                        **THIRD CAUSE OF ACTION**
                              **(Against All Defendants)**
12

13  **Failure to Provide Rest Breaks, or Compensation in Lieu Thereof (Labor Code §§226.7;**
       **IWC Order Nos. 1-1998, 1-2000, 1-2001; Cal. Code Regs., Title 8, §11010)**

14          35.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-34,

15  supra, as though fully set forth herein.

16          36.     By its failure to provide rest breaks for every four hours or major fraction thereof

17  worked per day by the newspaper carrier employees, including Plaintiffs, and by its failure to

18  provide in-lieu compensation for such unprovided rest breaks, as alleged above, the Defendant

19  willfully violated the provision of Labor Code §226.7 and IWC Wage Order Nos. 1-1998, 1-2000,

20  and 1-2001. Plaintiffs and other newspaper carrier employees did not willfully waive rest periods

21  through any mutual consent with the Defendant.

22          37.     By failing to keep time records required by Labor Code §§226 and 1174(d), the

23  Defendant has made it difficult to calculate the unpaid rest period compensation due to Plaintiffs

24  and other newspaper carrier employees.

25          38.     As a proximate result of the Defendant's unlawful acts, Plaintiffs and other

26  newspaper carrier employees have been deprived and are each entitled to one hour of additional

27  pay per day for each such violation as provided for by Labor Code §226.7 and IWC Wage Orders

28  Nos. 1-1998, 1-2000, and 1-2001, plus interest thereon, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
#### (Against All Defendants)

**Failure to Reimburse for Reasonable Business Expenses (Violation of Labor Code §2802; Wage Order 1-2001, Cal. Code Regs., Title 8 §11010 Sec. 8)**

39.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-38, supra, as though fully set forth herein.

40.     California Labor Code §2802(a) provides in pertinent part that:

"An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Furthermore, Wage Order 1-2001, Section 8, provides that:

"No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee."

41.     During the Class Period, Plaintiffs and the Class Members incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of the Defendant as follows:

42.     Plaintiffs and the Class Members were required by the Defendant to provide their own vehicles in order to deliver the Defendants' newspapers, and in connection with provision of their own vehicles and the delivery of the Defendant's newspapers, the Plaintiffs and the Class Members necessarily incurred expenditures for gasoline, maintenance, and insurance. As well, they incurred losses associated with wear and tear to their vehicles. On information and belief, none of these expenditures or losses were reimbursed by the Defendant to Plaintiffs and the Class Members, with the exception of periodic "Temporary Gas Credits."

43.     The Defendant routinely made deductions from the Plaintiffs' and Class Members' wages for each alleged complaint it received from its customers for, among other things, damaged papers, wet papers, and allegedly undelivered papers. Even though most, if not all, of these

1  complained of damages and losses were beyond the employee's control, or due to the simple

2  negligence of the employee, the Defendant nevertheless wrongfully and willfully made deductions

3  from the Plaintiffs' and Class Members' wages of up to $5.00 per complaint, and for "redelivery

4  fees." The Defendant made said deductions as part of a wrongful attempt to make the Plaintiffs

5  and Class Members insurers of the Defendant's merchandise, which purpose is prohibited by

6  California law. Said deductions were made by the Defendant as part of a deliberate subterfuge

7  that was designed, constructed, implemented and administered to circumvent the clear

8  prohibitions of California case law and IWC Wage Order 1-2001 (8 C.C.R. §11010).

9      44.    The Defendant also required Plaintiffs and Class Members to pay "Distribution

10  Center Charges" and to purchase plastic bags used to hold newspapers together and to protect the

11  newspapers in inclement weather. The Defendant routinely made deductions for plastic bags from

12  the wages of the Plaintiffs and the Class Members in contravention of IWC Wage Order No. 1-

13  2001 §9(B) (8 C.C.R. §11010).

14      45.    The Defendant routinely deducted from the wages of Plaintiffs and the Class

15  Members an amount for the premium on insurance to cover accidental injury to them arising

16  during the course of their employment with the Defendant, which insurance constitutes workers'

17  compensation insurance. Said deductions violated Labor Code §3751(a).

18      46.    The Defendant routinely deducted from the wages of Plaintiffs and the Class

19  Members an amount for premiums on surety bonds to secure the performance of the Plaintiffs and

20  the Class Members of their employment duties. Said deductions violated Labor Code §401 which

21  provides that if a bond of an employee is required by an employer, the cost of the bond shall be

22  paid by the employer.

23      47.    The Defendant routinely provided Plaintiffs and the Class Members with

24  newspapers in excess of the number that was needed to complete their respective delivery routes,

25  and then the Defendant routinely made deductions from the Plaintiffs' and Class Members' wages

26  of $0.5-$0.15 for each and every extra newspaper and charged Class Members for their own

27  mandatory subscription to the newspaper. These deductions were made even though the extra

28  newspapers were given to the Plaintiffs and Class Members by the Defendant as a result of its

1   own mistake. These deductions were made regardless of whether the Plaintiffs and Class

2   Members returned the extra newspapers to the Defendant. The Defendant made said deductions as

3   part of a wrongful attempt to make the Plaintiffs and Class Members insurers of the Defendant's

4   merchandise, which purpose is prohibited by California law. Said deductions were made by the

5   Defendant as part of a deliberate subterfuge that was designed, constructed, implemented and

6   administered to circumvent the clear prohibitions of IWC Wage Order No. 1-2001 (8 C.C.R.

7   §11010), which provides that no employer shall make any deduction from the wages of an

8   employee for any loss of or damage to equipment, unless it can be shown that the loss or damage

9   was caused by a dishonest or willful act, or by the gross negligence, of the employee.

10       48.    Plaintiffs are informed and believe that pursuant to California Labor Code §2802

11  and Wage Order 1-2001, Section 8, Plaintiffs and the class members are entitled to recover their

12  unreimbursed expenditures and losses, interest, and attorneys' fees and costs, in amounts to be

13  proven at the time of trial. Further, with regard to all deductions described herein, each of which

14  violates IWC Wage Order 1-2001, Plaintiffs and the Class Members are entitled to recover

15  penalties of $100 for the initial violation and $200 for each subsequent violation for every pay

16  period in which the Defendant made said illegal deductions from the wages of Plaintiffs and the

17  Class Members.

18

19              **FIFTH CAUSE OF ACTION**
                **(Against All Defendants)**
20
                **Unlawful Withholding of Wages Due; Labor Code §221, 223;**
21              **Wage Order 1-2001 Cal. Code Regs., Title 8, §11010, Section 9)**

22       49.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-48,

23  supra, as though fully set forth herein.

24       50.    The illegal deductions charged by the Defendant against the wages of the Plaintiffs

25  and Class Members, as described in the Fourth Cause of Action, supra, constituted a device

26  utilized by the Defendant to pay Plaintiffs and Class Members less than their stated wages. Those

27  illegal deductions include: (1) deductions made for customer complaints about alleged damages

28  not caused by a dishonest or willful act or by the gross negligence of Plaintiffs and the Class

14

1  Members; (2) deductions made for "Distribution Center Charges"  and plastic bags required by

2  the Defendant as necessary to the performance of the Plaintiffs' and Class Members' duties; (3)

3  deductions made for the cost of Workers' Compensation insurance; (4) failure to pay earned tips;

4  (5) deductions made for surety bonds; and (6) deductions made for "loss" of excess newspapers,

5  which loss was not caused by a dishonest or willful act or by the gross negligence of Plaintiffs and

6  the Class Members.

7      51.    Said illegal deductions amounted to an unlawful withholding of wages due

8  Plaintiffs and the Class Members and constituted a violation of Labor Code §221 by the

9  Defendant. As a proximate result of the unlawful acts of the Defendant, Plaintiffs and the Class

10  Members have been damaged in an amount according to proof at the time of trial. Plaintiffs and

11  the Class Members are entitled to recover penalties of $100 for the initial violation and $200 for

12  each subsequent violation for every pay period in which the Defendant made said illegal

13  withholdings from the wages of Plaintiffs and the Class Members. Under Labor Code §218.5,

14  Plaintiffs and the Class Members are further entitled to recover their attorneys' fees and costs, in

15  an amount to be proven at the time of trial.

16

17          **SIXTH CAUSE OF ACTION**
           **(Against All Defendants)**
18

19  **Failure to Provide Itemized Wage Statements**
   **(Violation of IWC Wage Order No. 1-2001(7) and Labor Code §226, §226.3)**

20      52.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-51,

21  supra, as though fully set forth herein.

22      53.    California Labor Code §226(a) provides in pertinent part:

23      "Every employer shall, semi-monthly or at the time of each payment of wages,

24      furnish each of his or her employees, either as a detachable part of the check, draft,

25      or voucher paying the employee's wages, or separately when wages are paid by

26      personal check or cash, an itemized statement in writing showing (1) gross wages

27      earned, (2) total hours worked by the employee, except for any employee whose

28      compensation is solely based on a salary and who is exempt from payment of

---

15

overtime under subdivision (a) of Section 515 or any applicable order of the

Industrial Welfare Commission, (3) the number of piece-rate units earned and any

applicable piece rate if the employee is paid on a piece-rate basis, (4) all

deductions, provided, that all deductions made on written orders of the employee

may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive

dates of the period for which the employee is paid, (7) the name of the employee

and his or her social security number, (8) the name and address of the legal entity

that is the employer, and (9) all applicable hourly rates in effect during the pay

period and the corresponding number of hours worked at each hourly rate by the

employee. The deductions made from payments of wages shall be recorded in ink

or other indelible form, properly dated, showing the month, day, and year, and a

copy of the statement or a record of the deductions shall be kept on file by the

employer for at least three years at the place of employment or a central location

within the State of California."

54.    Similarly, IWC Wage Order No. 1-2001 (8 C.C.R. §11010), paragraph (7)(B)

requires employers, semi-monthly or at the time of each payment of wages, to furnish each

employee with an itemized statement in writing showing, among other things, all deductions. The

Defendant's failure to provide such itemized statements to each and every Plaintiff and Class

Member is also a violation of IWC Wage Order No. 1-2001.

55.    During the Class Period, the Defendant routinely failed to provide to each and

every one of the Plaintiffs and the Class Members, at the time of each payment of wages, an

itemized statement in writing showing the total hours worked by the employee. The Defendant's

failure to provide itemized statements of hours worked to the Plaintiffs and the Class Members

was knowing and intentional and was in violation of Labor Code §226(a). In addition to not

stating the hours worked, the monthly statements Defendant provided to Class Members also

violated the semi-monthly requirement of Labor Code §226(a).

56.    Plaintiffs and the Class Members suffered injuries as a result of the knowing and

intentional failure of the Defendant to comply with Labor Code §226(a), and IWC Wage Order

16

1  No. 1-2001, in that the Defendant's failure to provide each and every one of them with an

2  itemized wage statement made it impossible for the Plaintiffs and the Class members to be aware

3  that their wages fell below the statutory hourly minimum wage and that they were due overtime

4  pay. Plaintiffs contend that the Defendant's failure to provide the Plaintiffs and the Class

5  Members with itemized wage statements was a deliberate subterfuge that was implemented and

6  administered to hide the fact that the Defendant was failing to pay all wages earned, and, in

7  certain instances, was paying Plaintiffs and the Class Members less than the statutory minimum

8  wage.

9       57.    Plaintiffs are informed and believe that the Defendant's knowing and intentional

10 failure to furnish Plaintiffs and the Class Members with itemized wage statements violated Labor

11 Code §226(a), as well as §(7)(b) of IWC Wage Order No. 1-2001. Labor Code §226(e) entitles

12 Plaintiffs and the Class Members to recover the greater of their actual damages caused by the

13 Defendant's violation of Labor Code §226(a), or $50 for the initial pay period in which the

14 violation occurred, and $100 per employee for each violation in subsequent pay periods, not

15 exceeding an aggregate penalty of $4,000 per employee.

16

17

                            **SEVENTH CAUSE OF ACTION**
18                              **(Against All Defendants)**

19       **Failure to Keep Accurate Payroll Records Showing Hours Worked**
                    **Daily by Newspaper Carrier Employees**
20       **(Violation of Labor Code §1174(d) and IWC Wage Order No. 1-2001(7)(A))**

21      58.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-57,

22 supra, as though fully set forth herein. California Labor Code §1174(d) requires an employer to

23 keep at a central location in California or at the plant or establishment at which employees are

24 employed, payroll records showing the hours worked daily by, and the wages paid to each

25 employee. Plaintiffs are informed and believe that the Defendant willfully failed to make and

26 keep such records for Plaintiffs and the Class Members.

27      59.    IWC Wage Order No. 1-2001, paragraph (7)(A) requires that every employer shall

28 keep accurate information with respect to each employee, including time records showing when

1   each employee beings and ends each work period, the total daily hours worked by each employee,

2   and the total hours worked in each payroll period, and applicable rates of pay. Plaintiffs are

3   informed and believe that the Defendant failed to make and keep such records for Plaintiffs and

4   the Class Members.

5       60.    Plaintiffs are informed and believe that the Defendant's failure to keep payroll

6   records and accurate employee information, as described above, violated Labor Code §1174(d)

7   and IWC Wage Order No. 1-2001(7)(A). Plaintiffs and the Class Members are entitled to

8   penalties of $100 for the initial violation and $200 for each subsequent violation for every pay

9   period during which these records and information were not kept by the Defendant.

10      61.    Plaintiffs are informed and believe that the Defendant's failure to keep and

11  maintain records and information, as described above, was willful, and Plaintiffs and the class

12  members are therefore entitled to a civil penalty of $500 for each Plaintiff and Class Member,

13  pursuant to Labor Code §1174.5.

14

15                          **EIGHTH CAUSE OF ACTION**
                              **(Against All Defendants)**
16
                              **Waiting Time Penalties**
17                      **(Labor Code §201, §202, and §203)**

18      62.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-61,

19  supra, as though fully set forth herein.

20      63.    Sections 201 and 202 of the California Labor Code require employers to pay their

21  employees all wages due within 72 hours of termination of employment. Plaintiffs are informed

22  and believe that the Defendant willfully failed and refused to pay the final two weeks' wages of

23  certain Plaintiffs and Class members who are former newspaper carrier employees of the

24  Defendant, in violation of Labor Code §201 and 202.

25      64.    Labor Code §203 provides that if an employer willfully fails to timely pay wages

26  of an employee who is discharged or who quits, the wages of the employee shall continue as a

27  penalty from the due date thereof at the same rate until paid or until an action is commenced. The

28  penalty cannot exceed 30 days of wages.

---

18

65.     As a consequence of the Defendant's willful conduct in not paying the final two weeks' wages to terminated employees, as described above, the affected Plaintiffs and Class Members are entitled to 30 days' wages as a penalty under Labor Code §203. Plaintiffs and the Class Members are entitled to penalties of $100 for the initial violation and $200 for each subsequent violation for every pay period during which the Defendant failed to timely pay wages due on termination.

66.     Pursuant to California Labor Code §218.5, Plaintiffs and the Class Members are entitled to recover attorneys' fees and costs in amounts to be proven at the time of trial, in addition to the damages described above. Plaintiffs and the Class Members are further entitled to recover interest on all due and unpaid wages from the date that the wages were due and payable, pursuant to Labor Code §218.6.

<div align="center">

**NINTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(Against All Defendants)**

**(Violation of Business & Professions Code §17200 et seq.)**

</div>

67.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-66, supra, as though fully set forth herein.

68.     Plaintiffs are informed and believe that the Defendant's improper classification of Class Members as independent contractors and its unlawful failure to pay minimum, regular, and overtime wages; its illegal failure to provide rest periods or in lieu compensation; its unlawful deductions from the wages of Plaintiffs and Class Members; its unlawful failure to reimburse Plaintiffs and Class Members for necessary expenses incurred in performing their jobs; its unlawful failure to provide Plaintiffs and Class Members with itemized wage statements; and its unlawful failure to pay wages to terminated employees constitute unlawful, unfair, and fraudulent business practices, in violation of California Business & Professions Code §§17200, et seq.

69.     California Labor Code §450 provides that no employer may compel or coerce any employee to purchase anything of value from the employer. The Defendant's requirement that Plaintiffs and the Class Members purchase plastic bags from the Defendant and pay "Distribution

1  Center Charges," which items were necessary for the performance of their jobs, constituted a

2  violation of Labor Code §450, and was thus an unlawful business practice.

3       70.    The Defendant's failure to pay Plaintiffs and Class Members in a lawful manner as

4  set forth above and below is fraudulent and deceptive and constitutes an ongoing and continuous

5  unfair business practice within the meaning of Business and Professions Code §§17200 et seq.

6  Members of the public have been deceived in the past and will in the future continue to be

7  deceived by these continuous unfair business practices.

8       71.    The illegal conduct alleged herein is continuing, and there is no indication that the

9  Defendant will not continue such activity in the future. Plaintiffs allege that if the Defendant is

10 not enjoined from said illegal conduct, it will continue to fail to pay legal hourly and overtime

11 wages and will continue to fail to provide rest and meal periods or provide appropriate

12 compensation in lieu thereof.

13      72.    Plaintiffs request that the court issue a preliminary and permanent injunction

14 prohibiting the Defendant from requiring Plaintiffs and Class Members to work without legal

15 hourly and overtime compensation and from continuing to fail to provide rest or meal periods

16 without appropriate compensation in lieu thereof.

17      73.    Pursuant to Business & Professions Code §17203, Plaintiffs and the Class

18 Members are entitled to restitution of the amounts of the illegal deductions, unpaid minimum,

19 hourly and overtime wages, unpaid rest break and meal period, compensation, as well as

20 reimbursement of all necessary expenditures and losses incurred by Plaintiffs and the Class

21 Members in the discharge of their duties.

22      74.    Plaintiffs are informed and believe, and thereon allege, that the Defendant is

23 unjustly enriched through its failure to pay legal hourly and overtime wages and rest and meal

24 period to Plaintiffs and other newspaper carrier employees. In addition, unless the Court imposes

25 an injunction against the Defendant requiring the Defendant to stop making illegal deductions,

26 pay all legal hourly and overtime wages, and reimburse for necessary expenditures and losses,

27 Plaintiffs, the Class Members, and the general public will suffer continuing and irreparable harm

28 and will have no adequate remedy at law. Plaintiffs bring this cause of action individually and as

1 | members of the general public and as representatives of all of those who are subject to the

2 | Defendant's unlawful acts and practices.

3 |     75.    Accordingly, Plaintiffs and the Class Members request that the Court enter a

4 | preliminary and permanent injunction requiring the Defendant to cease and desist from its

5 | unlawful business practices and properly compute and pay to Plaintiffs and the Class Members

6 | the amounts of all illegal deductions and unpaid wages and to reimburse them for the necessary

7 | expenses and losses they incurred in carrying out their employment duties. Further, Plaintiffs and

8 | Class Members request attorneys' fees and costs pursuant to Code of Civil Procedure §1021.5

9 | upon proof they have acted in the public interest.

10 |

11 | **<u>PRAYER FOR DAMAGES</u>**

12 | WHEREFORE, Plaintiffs pray for judgment against the Defendant, as follows:

13 | **As to All Causes of Action:**

14 | 1.    For compensatory damages in an amount according to proof with interest thereon;

15 | 2.    For economic and/or special damages, and/or liquidated damages in an amount

16 |     according to proof with interest thereon;

17 | 3.    For enforcement of all other rights benefits Plaintiffs may be entitled to under law

18 |     and a finding of employment status;

19 | **As to Causes of Action One Through Eight:**

20 | 4.    For penalties, according to proof;

21 | **As to the Fourth Cause of Action:**

22 | 5.    For reimbursement of work related expenses (Labor Code §2802);

23 | **As to the Ninth Cause of Action:**

24 | 6.    That the Defendant be found to have engaged in unfair competition in violation of

25 |     §17200, et. seq. of the California Business and Professions Code;

26 | 7.    That the Defendant be ordered and enjoined to make restitution to Plaintiffs and

27 |     other similarly situated employees due to their unfair competition, including

28 |     disgorgement of wrongfully-withheld wages and tips, and unreimbursed expenses,

1               pursuant to California Business and Professions Code §§17203 and 17204;

2     8.     That Defendant be enjoined from continuing the illegal course of conduct alleged

3            herein;

4     9.     That Defendant further be enjoined to cease and desist from unfair competition in

5            violation of §17200, et. seq. of the California Business and Professions Code;

6     10.     That Defendant be enjoined from further restraint of trade or unfair competition;

7     **As to All Causes of Action:**

8     11.     For punitive damages, as allowed by law;

9     12.     For attorneys' fees, interest and costs of suit;

10     13.     Such other relief as the Court deems just and proper.

11

Dated: April 17, 2008                 Respectfully submitted,

12                                GREER & ASSOCIATES, APC

13

14

15                                C. Keith Greer

                                   Julie A. Lowell

16                                    Attorneys for Plaintiffs

17

18                         <u>DEMAND FOR JURY TRIAL</u>

19     Plaintiffs hereby demand a trial by jury of all factual issues arising hereunder.

20 Dated: April 17, 2008                 GREER & ASSOCIATES, APC

21

22

23                                C. Keith Greer

                                   Julie A. Lowell

24                                    Attorneys for Plaintiffs

25

26

27

28

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>C KEITH GREER, ESQ.<br>JULIE LOWELL, ESQ. STATE BAR NO. 207047<br>LAW OFFICES OF GREER AND ASSOCIATES<br>16787 BERNARDO CENTER DRIVE, STE 14<br>SAN DIEGO, CA 92128<br>　TELEPHONE NO. 858-613-6677　FAX NO. 858-613-6680<br>ATTORNEY FOR *(Name):* YVONNE DALTON, DIAN GARZA, ARMINDA GUZ | *FOR COURT USE ONLY*<br><br>FILED<br>NORTH COUNTY DIVISION<br><br>2008 APR 18 PM 3: 10<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
　STREET ADDRESS: 325 S. MELROSE
　MAILING ADDRESS:
　CITY AND ZIP CODE: VISTA, CA 92081
　BRANCH NAME: NORTH COUNTY REGIONAL CENTER

**CASE NAME:** DALTON v LEE PUBLICATIONS, INC.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | CASE NUMBER<br>37-2008-00053545-CU-OE-NC |
|---|---|---|---|
| X **Unlimited**<br>　(Amount<br>　demanded<br>　exceeds $25,000) | **Limited**<br>　(Amount<br>　demanded is<br>　$25,000 or less) | Counter　　Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE<br><br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| Auto (22) | Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| Uninsured motorist (46) | Rule 3.740 collections (09) | Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | Other collections (09) | Construction defect (10) |
| **Damage/Wrongful Death) Tort** | Insurance coverage (18) | Mass tort (40) |
| Asbestos (04) | Other contract (37) | Securities litigation (28) |
| Product liability (24) | **Real Property** | Environmental/Toxic tort (30) |
| Medical malpractice (45) | Eminent domain/Inverse | Insurance coverage claims arising from the |
| Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | Wrongful eviction (33) | types (41) |
| Business tort/unfair business practice (07) | Other real property (26) | **Enforcement of Judgment** |
| Civil rights (08) | **Unlawful Detainer** | Enforcement of judgment (20) |
| Defamation (13) | Commercial (31) | **Miscellaneous Civil Complaint** |
| Fraud (16) | Residential (32) | RICO (27) |
| Intellectual property (19) | Drugs (38) | Other complaint *(not specified above)* (42) |
| Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| Other non-PI/PD/WD tort (35) | Asset forfeiture (05) | Partnership and corporate governance (21) |
| **Employment** | Petition re: arbitration award (11) | Other petition *(not specified above)* (43) |
| Wrongful termination (36) | Writ of mandate (02) | |
| X Other employment (15) | Other judicial review (39) | |

2. This case ____ is X is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
　a. ____ Large number of separately represented parties　d. ____ Large number of witnesses
　b. ____ Extensive motion practice raising difficult or novel　e. ____ Coordination with related actions pending in one or more courts
　　　issues that will be time-consuming to resolve　　　in other counties, states, or countries, or in a federal court
　c. ____ Substantial amount of documentary evidence　f. ____ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. X monetary b. ____ nonmonetary; declaratory or injunctive relief c. X punitive

4. Number of causes of action *(specify):*

5. This case X is ____ is not　a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: APRIL ____, 2008

C KEITH GREER, ESQ.
_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Legal
Solutions
ᴨ Plus
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# SU___ONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LEE PUBLICATIONS, INC., A Delaware Corporation, dba
NORTH COUNTY TIMES, and DOES 1 through 50, inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
NORTH COUNTY DIVISION

2008 APR 18 PM 3: 10

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
YVONNE DALTON, DIAN GARZA, ARMINDA GUZMAN, SHARON
HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL SALGADO, and
REFUGIO SANCHEZ, on their own behalf and on behalf of
all others similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN DIEGO SUPERIOR COURT<br>325 S MELROSE<br>VISTA, CA 92081<br><br>NORTH COUNTY REGIONAL CENTER | CASE NUMBER **37-2008-00053545-CU-OE-NC**<br>*(Número del Caso).* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
C KEITH GREER, ESQ. STATE BAR NO. 135537          858-613-6677          858-613-6680
JULIE LOWELL, ESQ. STATE BAR NO. 207047
LAW OFFICES OF GREER AND ASSOCIATES
SAN DIEGO, CA 92128

| DATE:    **APR 1 8 2008** | Clerk, by   **L. Crain** | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)          [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]
COUNTY OF SAN DIEGO SUPERIOR COURT
NORTH COUNTY DIVISION
STATE OF CALIFORNIA

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]          **SUMMONS**          Code of Civil Procedure §§ 412 20, 465

Legal Solutions Plus

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:    325 S. Melrose | |
| MAILING ADDRESS:    325 S. Melrose | |
| CITY AND ZIP CODE:    Vista, CA 92081 | |
| BRANCH NAME:    North County | |
| TELEPHONE NUMBER:    (760) 806-6347 | |

PLAINTIFF(S) / PETITIONER(S):    YVONNE DALTON et.al.

DEFENDANT(S) / RESPONDENT(S):   LEE PUBLICATIONS, INC

DALTON VS. LEE PUBLICATIONS, INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00053545-CU-OE-NC |
|---|---|

Judge:   Michael B. Orfield            Department: N-28

COMPLAINT/PETITION FILED: 04/18/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAITIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

Exhibit C

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
05/22/2008
CT Log Number 513455359

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**   Karen Guest
          Lee Enterprises
          201 N. Harrison, Suite 600
          Davenport, IA 52801

**RE:**   **Process Served in California**

**FOR:**  Lee Publications, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Yvonne Dalton, et al., Pltfs. vs. Lee Publications, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice and Acknowledgment of Receipt, Declaration, Attachment, Certificate of Service, Declaration of Service |
| **COURT/AGENCY:** | San Diego County, Superior Court, CA<br>Case # 37200800053545CUOENC |
| **NATURE OF ACTION:** | Employee Litigation - Copy of Notice and Acknowledgment of Receipt |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 05/22/2008 postmarked on 05/19/2008 |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | C. Keith Greer<br>Law Offices of Greer and Associates<br>16787 Bernardo Center Drive<br>Suite 14<br>San Diego, CA 92128<br>858-613-6677 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798947338600 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter, Notice and Acknowledgment of Receipt (2 sets), Summons, Complaint, Cover Sheet, Notice(s), Stipulation Form, Self-Addressed Stamped Envelope | By Regular Mail on 05/01/2008 postmarked on 04/28/2008 | Karen Guest Lee Enterprises | 513377199 |

Page 1 of 1 / BF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>C KEITH GREER, ESQ. STATE BAR NO. 135537<br>JULIE LOWELL, ESQ. STATE BAR NO. 207047<br>LAW OFFICES OF GREER AND ASSOCIATES<br>16787 BERNARDO CENTER DRIVE, STE 14<br>SAN DIEGO, CA 92128<br>　TELEPHONE NO.: 858-613-6677　　FAX NO. *(Optional):*　858-613-6680<br>E-MAIL ADDRESS *(Optional):*<br>　ATTORNEY FOR *(Name):*　YVONNE DALTON, DIAN GARZA, et al | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
　STREET ADDRESS: 325 S. MELROSE
　MAILING ADDRESS:
　CITY AND ZIP CODE: VISTA, CA 92081
　BRANCH NAME: NORTH COUNTY REGIONAL CENTER

PLAINTIFF/PETITIONER: YVONNE DALTON, DIAN GARZA, ARMINDA GUZMAN, SHARON
HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL SALGADO, REFUGIO SANCHEZ,
on their own behalf and on behalf of all others similarly situated

DEFENDANT/RESPONDENT: LEE PUBLICATIONS INC., A Delaware
Corporation, dba NORTH COUNTY TIMES, and DOES 1 through
50, inclusive

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | **CASE NUMBER:**<br>37-2008-00053545-CU-OE-NC |

TO *(insert name of party being served):* LEE PUBLICATIONS INC., dba NORTH COUNTY TIMES

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: APRIL 28, 2008

C. KEITH GREER, ESQ.　　　　　　　　　►
　　(TYPE OR PRINT NAME)　　　　　　　　　　　(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* NOTICE OF CASE ASSIGNMENT; ADR INFORMATION PACKAGE;
　　STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION.

*(To be completed by recipient):*
Date this form is signed: 5-19-08

Keren J Guest　　　　　　　　　　►
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,　　(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)　　　　ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

Legal Solutions Plus



| ORANGE COUNTY SUPERIOR COURT | | FOR COURT USE ONLY |
|---|---|---|
| Dalton v. Lee Publications, et al. | | |
| ATTORNEY(S) NAME AND ADDRESS TELEPHONE NUMBER<br><br>C. Keith Greer, Esq.<br>16787 Bernardo Center Drive, Suite 14    (858) 613-6677<br>San Diego, CA 92128 | | |
| ATTORNEY(S) FOR:<br>Plaintiffs | HEARING: DATE-TIME-DEPT | CASE NUMBER<br>37-2008-00053545-CU-OE-NC |

## DECLARATION OF SERVICE
[Code Civ. Proc. §§ 1013A and 2015.5]

I, the undersigned, declare:

I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 16787 Bernardo Center Drive, Suite 14, San Diego, CA 92128.

I served the following document(s):

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT-CIVIL**

On the parties in this action addressed as follows:

*SEE ATTACHED SERVICE LIST*

[X]    **(BY MAIL)** I placed a true copy in a sealed envelope addressed as indicated above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal collection date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]    **(BY OVERNIGHT MAIL)** I caused such envelope to be deposited in a box or other facility regularly maintained by the Federal Express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier with delivery fees paid or provided for, addressed to the person on who it is to be served, at the office address last given by that person on any document filed in the cause and served on the party making service.

[]    **(BY FACSIMILE TRANSMISSION)** I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Cal. Rules of Court Rule 2003(3) and the transmission was reported as complete and without error pursuant to Rule 2008(e)(3). Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

[]    **(BY PERSONAL SERVICE)**
    [ ]    By personally delivering copies to the person served.
    [ ]    I delivered such envelope by hand to the offices of the addressee pursuant to CCP § 1011
    [ ]    I caused such envelope to be delivered by hand, via ALSSI messenger service, to the office of the addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **May 19, 2008**, at San Diego, California.



Jessica Stepp, Paralegal

CASE: <u>DALTON V. LEE PUBLICATIONS, ET AL.</u>
CASE NO.: 37-2008-00053545-CU-OE-NC

CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| C. Keith Greer, SBN 135537/Julie A. Lowell, SBN 207047 <br> GREER & ASSOCIATES, A.P.C. <br> 16787 Bernardo Center Drive, Suite 14 <br> San Diego, CA 92128 <br> TELEPHONE NO. *(Optional):* (858)613-6677    FAX NO. *(Optional):* (858)613-6680 <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* YVONNE DALTON, DIAN GARZA, et al. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☑ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

| PLAINTIFF(S) <br> YVONNE DALTON, DIAN GARZA, ARMINA GUZMAN, et al. | JUDGE: Hon. Michael B. Orfield |
|---|---|
| DEFENDANT(S) <br> LEE PUBLICATIONS INC., dba NORTH COUNTY TIMES, et al. | DEPT: N-28 |
| **CERTIFICATE OF SERVICE** <br> (San Diego Superior Court Rules, Division II, Rule 2.5) | CASE NUMBER <br> 37-2008-00053545-CU-OE-NC |

I certify under penalty of perjury under the laws of the State of California that all defendants named in the complaint of the above-entitled case have either made a general appearance or have been properly and timely served in compliance with San Diego Superior Court Rules, Division II, Rule 2.5.

Date: May 19, 2008

Signature

C. Keith Greer
Typed or printed name

---

NOTES:

If service cannot be effected on all defendants within 60 days of filing the complaint, DO NOT USE THIS CERTIFICATE, but file the form CERTIFICATE OF PROGRESS (SDSC CIV-144) stating the reasons why service has not been effected on all parties and what is being done to effect service.

THE FILING OF A GENERAL APPEARANCE BY A DEFENDANT DOES NOT DISPENSE WITH THE PLAINTIFF'S OBLIGATION TO FILE THIS DOCUMENT.



| ORANGE COUNTY SUPERIOR COURT | FOR COURT USE ONLY |
|---|---|
| Dalton v. Lee Publications, et al. | |
| ATTORNEY(S) NAME AND ADDRESS TELEPHONE NUMBER<br>C. Keith Greer, Esq.<br>16787 Bernardo Center Drive, Suite 14    (858) 613-6677<br>San Diego, CA 92128 | |
| ATTORNEY(S) FOR:    HEARING: DATE-TIME-DEPT<br>Plaintiffs | CASE NUMBER<br>37-2008-00053545-CU-OE-NC |

## DECLARATION OF SERVICE
[Code Civ. Proc. §§ 1013A and 2015.5]

I, the undersigned, declare:

I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 16787 Bernardo Center Drive, Suite 14, San Diego, CA 92128.

I served the following document(s):

**CERTIFICATE OF SERVICE**

On the parties in this action addressed as follows:

*SEE ATTACHED SERVICE LIST*

[X]    **(BY MAIL)** I placed a true copy in a sealed envelope addressed as indicated above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal collection date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]    **(BY OVERNIGHT MAIL)** I caused such envelope to be deposited in a box or other facility regularly maintained by the Federal Express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier with delivery fees paid or provided for, addressed to the person on who it is to be served, at the office address last given by that person on any document filed in the cause and served on the party making service.

[]    **(BY FACSIMILE TRANSMISSION)** I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Cal. Rules of Court Rule 2003(3) and the transmission was reported as complete and without error pursuant to Rule 2008(e)(3). Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the facsimile transmission, a copy of which is attached to this declaration.

[]    **(BY PERSONAL SERVICE)**
   [ ]    By personally delivering copies to the person served.
   [ ]    I delivered such envelope by hand to the offices of the addressee pursuant to CCP § 1011
   [ ]    I caused such envelope to be delivered by hand, via ALSSI messenger service, to the office of the addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **May 19, 2008**, at San Diego, California.

_____
Jessica Stepp, Paralegal

CASE: <u>DALTON V. LEE PUBLICATIONS, ET AL.</u>
CASE NO.: 37-2008-00053545-CU-OE-NC

CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
05/01/2008
CT Log Number 513377199

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||

TO:     Karen Guest
        Lee Enterprises
        201 N. Harrison, Suite 600
        Davenport, IA 52801

RE:     **Process Served in California**

FOR:    Lee Publications, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

TITLE OF ACTION:            Yvonne Dalton, et al., Pltfs. vs. Lee Publications, Inc., etc., et al., Dfts.

DOCUMENT(S) SERVED:         Letter, Notice and Acknowledgment of Receipt (2 sets), Summons, Complaint, Cover
                            Sheet, Notice(s), Stipulation Form, Self-Addressed Stamped Envelope

COURT/AGENCY:               San Diego County, Superior Court, CA
                            Case # 37200800053545CUOENC

NATURE OF ACTION:           Employee Litigation - Class Action - Failure to pay minimum wages, hourly wages and
                            overtime wages - Failure to provide meal periods and rest periods - Failure to
                            reimburse for reasonable business expenses - Unlawful deductions from wages -
                            Failure to provide itemized wage statements - Failure to keep accurate payroll records

ON WHOM PROCESS WAS SERVED: C T Corporation System, Los Angeles, CA

DATE AND HOUR OF SERVICE:   By Regular Mail on 05/01/2008 postmarked on 04/28/2008

APPEARANCE OR ANSWER DUE:   Within 20 days from date of mailing dated April 28, 2008 - Complete acknowledgment
                            form and return // Within 30 days after service - file a written response

ATTORNEY(S) / SENDER(S):    C. Keith Greer
                            Law Offices of Greer and Associates
                            16787 Bernardo Center Drive
                            Suite 14
                            San Diego, CA 92128
                            858-613-6677

REMARKS:                    Service was made by mail under Section 415.30 of the California Code of Civil
                            Procedure. Enclosed is a Notice and Acknowledgment of Receipt of Summons and
                            Complaint for your consideration. Please be aware that C T Corporation does not sign
                            on behalf of your company.

ACTION ITEMS:               SOP Papers with Transmittal, via Fed Ex 2 Day , 790997080723

SIGNED:                     C T Corporation System
PER:                        Nancy Flores
ADDRESS:                    818 West Seventh Street
                            Los Angeles, CA 90017
TELEPHONE:                  213-337-4615

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| C KEITH GREER, ESQ. STATE BAR NO. 135537<br>JULIE LOWELL, ESQ. STATE BAR NO. 207047<br>LAW OFFICES OF GREER AND ASSOCIATES<br>16787 BERNARDO CENTER DRIVE, STE 14<br>SAN DIEGO, CA 92128<br>    TELEPHONE NO.: 858-613-6677    FAX NO. *(Optional):* 858-613-6680<br>E-MAIL ADDRESS *(Optional):*<br>    ATTORNEY FOR *(Name):* YVONNE DALTON, DIAN GARZA, et al | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
    STREET ADDRESS: 325 S. MELROSE
    MAILING ADDRESS:
    CITY AND ZIP CODE: VISTA, CA 92081
    BRANCH NAME: NORTH COUNTY REGIONAL CENTER

PLAINTIFF/PETITIONER: YVONNE DALTON, DIAN GARZA, ARMINDA GUZMAN, SHARON
HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL SALGADO, REFUGIO SANCHEZ,
on their own behalf and on behalf of all others similarly situated

DEFENDANT/RESPONDENT: LEE PUBLICATIONS INC., A Delaware
Corporation, dba NORTH COUNTY TIMES, and DOES 1 through
50, inclusive

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2008-00053545-CU-OE-NC |
|---|---|

TO *(insert name of party being served):* LEE PUBLICATIONS INC., dba NORTH COUNTY TIMES

<div style="border:1px solid">

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

</div>

Date of mailing: APRIL 28, 2008

C. KEITH GREER, ESQ.                              ▶
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* NOTICE OF CASE ASSIGNMENT; ADR INFORMATION PACKAGE;
        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION.

*(To be completed by recipient):*
Date this form is signed:

                                                 ▶
_____         _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

# SUMMONS

SUM-100

## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LEE PUBLICATIONS, INC., A Delaware Corporation, dba
NORTH COUNTY TIMES, and DOES 1 through 50, inclusive,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED

NORTH COUNTY DIVISION

2008 APR 18 PM 3:10

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
YVONNE DALTON, DIAN GARZA, ARMINDA GUZMAN, SHARON
HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL SALGADO, and
REFUGIO SANCHEZ, on their own behalf and on behalf of
all others similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN DIEGO SUPERIOR COURT
325 S MELROSE
VISTA, CA 92081

**CASE NUMBER:**
*(Número del caso):* 2008-00053545-CU-OE-NC

NORTH COUNTY REGIONAL CENTER
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
C KEITH GREER, ESQ. STATE BAR NO. 135537        858-613-6677        858-613-6680
JULIE LOWELL, ESQ. STATE BAR NO. 207047
LAW OFFICES OF GREER AND ASSOCIATES
SAN DIEGO, CA 92128

DATE: APR 18 2000
*(Fecha)*

Clerk, by _____L. Crain_____, Deputy
*(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20 465

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )    Ss
COUNTY OF LOS          )
ANGELES

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California  90067-3063.  On the date set forth below, I served the within documents:

## NOTICE OF REMOVAL

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| C. Keith Greer | Marcy E. Kaye |
| Law Office of Greer & Associates, A.P.C. | 11770 Bernardo Plaza Court |
| 16787 Bernardo Center Drive, Ste. 14 | Ste. 305 |
| San Diego, CA  92128 | San Diego, CA  92128 |

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on June 17, 2008, at Los Angeles, California.

                               *Toni L. Jackson*
                                    Toni L. Jackson

LA #6701379.2

-13-

PROOF OF SERVICE

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET
# ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Yvonne Dalton, et al.
[Note: For all Plaintiffs, please see attachment]

## DEFENDANTS
Lee Publications, Inc., d/b/a North County Times

2008 JUN 17   PM 2: 03

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

'08 CV 1072 BTM NLS

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Greer & Associates., 16787 Bernardo Ctr Dr., San Diego, CA  92128 [Note:  For more, see attachment]

Attorneys (If Known)
Seyfarth Shaw LLP, 2029 Century Park E., Ste. 3300, Los Angeles, CA  90067-3063

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
State claims, CAFA remand

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE   June 17, 2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  15204   AMOUNT  $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

TAC  6/17/08



## LIST OF PLAINTIFFS

1.  Yvonne Dalton

2.  Dian Garza

3.  Arminda Guzman

4.  Sharon Hughen

5.  Etelvina Salgado

6.  Hector Miguel Salgado

7.  Refugio Sanchez


## PLAINTIFFS' ATTORNEYS

1.  C. Keith Greer, Esq.
    Julie A. Lowell, Esq.
    LAW OFFICES OF GREER & ASSOC., A.P.C.
    16787 Bernardo Center Drive, Ste. 14
    San Diego, CA  92128


2.  Marcy E. Kaye, Esq.
    11770 Bernardo Plaza Court
    Suite 305
    San Diego, CA  92128

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 152014    – TC**

**June 17, 2008
14:05:45**

**Civ Fil Non-Pris**
USAO #.: 08CV1072
Judge..: BARRY T MOSKOWITZ
Amount.:                      $350.00 CK
Check#.: BC16468

**Total–>   $350.00**

FROM: YVONNE DALTON, ET AL.
      VS
      LEE PUBLICATIONS
      DBA NORTH COUTY TIMES