

SEYFARTH SHAW LLP
David D. Kadue (SBN 113578)
Dean A. Martoccia (SBN 193185)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219
Email: dkadue@seyfarth.com
Email: dmartoccia@seyfarth.com

Attorneys for Defendant,
LEE PUBLICATIONS, INC.
dba NORTH COUNTY TIMES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE DALTON, DIAN GARZA, ARMINDA GUZMAN, SHARON HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL SALGADO, and REFUGIO SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEE PUBLICATIONS, INC., a Delaware Corporation, dba NORTH COUNTY TIMES, and DOES 1 through 50,<br><br>Defendants. | Case No.: 08-CV-1072 BTM NLS<br><br>Assigned to Hon. Barry Ted Moskowitz<br>Dept. 15<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OR STRIKE**<br><br>Date:    August 4, 2008<br>Time:    11:00 a.m.<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

### TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on August 4, 2008, at 11:00 p.m., in Dept. 15 of the above-entitled Court, Defendant, Lee Publications, Inc., pursuant to Rule 12(f) and 12(b)(6) of the Federal Rules of Civil procedure and moves to dismiss or strike, will and hereby does move to dismiss or strike Plaintiffs' Complaint, class allegations, certain claims for relief, and other irrelevant or improper matter.

1    (1)    Plaintiffs' punitive damages allegations (Complaint, Prayer for Relief ¶ 11) on the

2    basis that the underlying employment relationship alleged is contractual and Civil Code Section

3    3294 is therefore inapplicable;

4    (2)    Plaintiffs' allegations as to entitlement to penalty claims (Complaint ¶¶ 30, 34, 48,

5    51, 60, and 65) on the basis that there is no private right to recover penalties;

6    (3)    Plaintiffs' allegations defining the "Class Period" as "at least four years prior to

7    the filing of this action to the present" (Complaint at 2:17-19) on the basis that Plaintiffs cannot

8    collect penalties for which there is a private right of action for any period greater than the one-

9    year or three-year statute of limitations that applies to each such private right of action.

10    (4)    Plaintiffs' class definition (Complaint ¶ 18) as it applies to Plaintiffs' First Cause

11    of Action (Failure to Pay Overtime Wages), Second Cause of Action (Failure to Provide Meal

12    Periods), and Third Cause of Action (Failure to Provide Meal Periods) on the basis that

13    Plaintiffs' allegations as to overtime, meal and rest breaks fail to identify an ascertainable class;

14    (5)    Plaintiffs' allegations relating to reimbursement of automobile expenses

15    (Complaint ¶ 42) contained within its Fourth Cause of Action (Failure To Reimburse Employee

16    Expenses) on the grounds that such expenses are not recoverable as a matter of law.

17    This Motion is based on this Notice of Motion and Motion; the accompanying

18    Memorandum of Points and Authorities; all pleadings and documents on file herein; and on such

19    other and further oral and documentary evidence as may be presented at or before the hearing on

20    the Motion.

21

22    DATED: June 24, 2008

SEYFARTH SHAW LLP

23

24    By _____

25    David D. Kadue
Attorneys for Defendant
LEE PUBLICATIONS, INC.

26

27

28

2

**MOTION TO DISMISS OR STRIKE**
08-CV-1072 BTM NLS

1

2                                    **PROOF OF SERVICE**

3    STATE OF CALIFORNIA              )
     Ss                               )
4    COUNTY OF LOS ANGELES            )

5           I am a resident of the State of California, over the age of eighteen years, and not a party
     to the within action.  My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite
6    3300, Los Angeles, California 90067-3063.  On the date stated below, I served the within
     documents:

7
                   **NOTICE OF MOTION AND MOTION TO DISMISS OR STRIKE;**
8              **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

9
     ☒      by placing the document(s) listed above in a sealed envelope with postage thereon
10          fully prepaid, in the United States mail at Los Angeles, California addressed as set
            forth below.

11
     ☐      by placing the document(s) listed above, together with an unsigned copy of this
12          declaration, in a sealed Federal Express envelope with postage paid on account and
            deposited with Federal Express at Los Angeles, California, addressed as set forth
13          below.

14   ☐      by transmitting the document(s) listed above, electronically, via the e-mail addresses
            set forth below.

15

16   Curtis Keith Greer, Esq.                    Marcy E. Kaye, Esq.
     Julie A. Lowell, Esq.                       11770 Bernardo Plaza Court
17   LAW OFFICES OF GREER & ASSOC., A.P.C.       Suite 305
     16787 Bernardo Center Drive, Ste. 14        San Diego, CA  92128
18   San Diego, CA  92128                        Phone:  858.485.1569
     Phone: 858.613.6677
19

20          I am readily familiar with the firm's practice of collection and processing correspondence
     for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
21   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
     motion of the party served, service is presumed invalid if postal cancellation date or postage
22   meter date is more than on day after the date of deposit for mailing in affidavit.

23          I declare that I am employed in the office of a member of the bar of this court whose
24   direction the service was made.

25          Executed on June 24, 2008, at Los Angeles, California.

26
                                                      _Toni L. Jackson_
27                                                    Toni L. Jackson

28   ────────────────────────────────────────────────────────────────────
                                        3
     LA1 6701954.3                                    **PROOF OF SERVICE**
                                                      08-CV-1072 BTM NLS

1  SEYFARTH SHAW LLP
   David D. Kadue (SBN 113578)
2  Dean A. Martoccia (SBN 193185)
   Erik B. von Zeipel (SBN 223956)
3  2029 Century Park East, Suite 3300
   Los Angeles, California 90067-3063
4  Telephone: (310) 277-7200
   Facsimile: (310) 201-5219
5  dkadue@seyfarth.com
   dmartoccia@seyfarth.com
6
   Attorneys for Defendant,
7  LEE PUBLICATIONS, INC.
   dba NORTH COUNTY TIMES
8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11 YVONNE DALTON, DIAN GARZA,            )  Case No. 08-CV-1072 BTM NLS
   ARMINDA GUZMAN, SHARON HUGHEN,       )
12 ETELVINA SALGADO, HECTOR MIGUEL      )  Hon. Barry Ted Moskowitz
   SALGADO, and REFUGIO SANCHEZ,        )  Dept. 15
13 individually and on behalf of all others similarly )
   situated,                           )
14                                      )  MEMORANDUM OF POINTS AND
                                        )  AUTHORITIES IN SUPPORT OF
15             Plaintiffs,              )  MOTION TO DISMISS OR STRIKE
                                        )  [FRCP 12(b)(6), 12(f)]
16      vs.                             )
                                        )  Date:      August 4, 2008
17 LEE PUBLICATIONS, INC., a Delaware   )  Time:      11:00 a.m.
   Corporation, dba NORTH COUNTY TIMES, )
18 and DOES 1 through 50,               )
                                        )  NO ORAL ARGUMENT UNLESS
19             Defendants.              )  REQUESTED BY THE COURT
                                        )
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

INTRODUCTION AND SUMMARY OF ARGUMENT ...................................................1

RELEVANT FACTS.........................................................................................................1

LEGAL ARGUMENT.......................................................................................................2

I.   The Punitive Damages Prayer Should Be Stricken....................................2

     A.   Claims Arising From Contract Do Not Support Punitives. ...........2

     B.   The Labor Code Provides Exclusive Remedies...........................3

     C.   The Ninth Cause of Action for Unfair Business Practices Cannot Support An Award of Punitive Damages. .........................5

II.   Penalty Claims Under Sections 201, 202, 221, 223, 226.3, 1174, 1194, 1197.1, And 2802 Must Be Stricken As There Is No Private Right To Recover Penalties. ..................................................................5

     A.   Only the Labor Commissioner can recover civil penalties, absent an expressly authorized private action............................5

     B.   Plaintiffs have not brought PAGA claims. .................................5

III.   The Alleged "Class Period" Conflicts With Applicable Statutes Of Limitation. ..............................................................................6

     A.   A one-year statute of limitations governs penalty claims such as those under Sections 226, 1174.5, and 1197.1............6

     B.   A three-year statute governs the Section 203 claim....................6

IV.   Class allegations should be stricken as to Overtime, Meal, and Rest claims. ............................................................................7

     A.   The proposed class is unascertainable. .......................................8

     B.   Plaintiffs fail to allege facts to show that who, if anyone, suffered any injury with respect to overtime or meal and rest breaks..................................................................................9

     C.   Plaintiffs fail to allege facts show class members have common overtime, meal, and rest claims.................................10

V.   The Expense-reimbursement Claim Fails To State A Claim For Which Relief Can Be Granted. ............................................................10

     A.   Plaintiffs' interpretation conflicts with that of the IWC. ...........11

     B.   Plaintiffs cannot rely on Wage Orders to supply a right to reimbursement.........................................................................16

CONCLUSION.................................................................................................................18

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Czechowski v. Tandy,*
    731 F. Supp. 406 (N.D. Cal. 1990) ..................................................................4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. __, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)..............................9, 10

*Green v. Party City Corp.,*
    2002 U.S. Dist. LEXIS 7750 (C.D. Cal. Apr. 9, 2002) ...................................4

*Iqbal v. Hasty,*
    490 F.3d 143 (2d Cir. 2007)...........................................................................9

*Montecino v. Spherion Corp.,*
    427 F. Supp. 2d 965 (C.D. Cal. 2006) ...........................................................7

*Simer v. Rios,*
    661 F.2d 655 (7th Cir. 1981) .........................................................................8

*Tomlinson v. Indymac Bank,*
    359 F. Supp. 2d 891 (C.D. Cal. 2005) ...........................................................7

*In re Wal-Mart Stores, Inc. Wage and Hour Litigation,*
    2007 U.S. Dist. LEXIS 41679 (N.D. Cal. May 29, 2007) ...............................5

## STATE CASES

*Automobile, Truck, Tractor & Implement Co. v. Salladay,*
    55 Cal. App. 219 (1921) ................................................................................14

*Akkerman v. Mecta Corp., Inc.,*
    152 Cal. App. 4th 1094 (2007) .......................................................................8

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,*
    7 Cal. 4th 503 (1994) ................................................................................2, 3

*Aubry v. Tri-City Hosp. Dist.,*
    2 Cal. 4th 962 (1992) ....................................................................................3

*Beebe v. Mobility, Inc.,*
    2008 WL 474391 (S.D. Cal. Feb. 20, 2008) ...................................................5

*Bell v. Farmers Ins. Exchange,*
    135 Cal. App. 4th 1138 (2006) .......................................................................3

*Caliber Bodyworks, Inc. v. Superior Court,*
    134 Cal. App. 4th 365 (2005) ........................................................................5

*Cates Constr., Inc. v. Talbot Partners,*
    21 Cal. 4th 28 (1999) ....................................................................................2

*Cortez v. Purolator Air Filtration Prods. Co.,*
    23 Cal. 4th 163 (2000) ..................................................................................7

# TABLE OF AUTHORITIES

*De Anza Santa Cruz Mobile Estates Homeowners Ass'n v.*
*De Anza Santa Cruz Mobile Estates,*
94 Cal. App. 4th 890 (2001) .................................................................................3

*Douglas v. Los Angeles Herald Examiner,*
50 Cal. App. 3d 449 (1975) ...............................................................................14

*Estrada v. FedEx Ground Packaging Sys., Inc.,*
154 Cal. App. 4th (2007) ...................................................................................14

*Gattuso v. Harte-Hanks Shoppers, Inc.,*
42 Cal. 4th 554 (2007) .........................................................................14, 17, 18

*Hicks v. Kaufman & Broad Home Corp.,*
89 Cal. App. 4th 908 (2001) ................................................................................8

*International Business Machines v. State Bd. of Equalization,*
26 Cal. 3d 923 (1980) ........................................................................................13

*Korea Supply Co. v. Lockheed Martin Corp.,*
29 Cal. 4th 1134 (2003) ...................................................................................5, 7

*Leatherby Ins. Co. v. City of Tustin,*
76 Cal. App. 3d 678 (1977) ...............................................................................16

*McCoy v. Superior Court,*
157 Cal. App. 4th 225 (2007) ...........................................................................6, 7

*Murphy v. Kenneth Cole Prods. Inc.,*
40 Cal. 4th 1094 (2007) ......................................................................................6

*Myers Bldg. Indus., Ltd. v. Interface Tech., Inc.,*
13 Cal. App. 4th 949 (1993) ................................................................................3

*Nolan v. City of Anaheim,*
33 Cal. 4th 335 (2004) ......................................................................................14

*O'Brien v. L.E. White LumberCo.,*
43 Cal. App. 703 (1919) ....................................................................................14

*Somers v. U.S. Fidelity & Guaranty Co.,*
191 Cal. 542 (1923) ...........................................................................................16

*Stevenson v. Superior Court,*
16 Cal. 4th 880 (1997) .........................................................................................3

*Tidewater Marine Western, Inc. v. Bradshaw,*
14 Cal. 4th 557 (1996) .........................................................................13, 17, 18

*Turnbull & Turnbull v. ARA Transp., Inc.,*
219 Cal. App. 3d 811 (1990) ...............................................................................3

-iii-

# TABLE OF AUTHORITIES

*Zhong v. August August Corp.*,
    2007 WL 2142371 (S.D.N.Y. July 23, 2007) ..................................................9

## STATE STATUTES

Business & Professions Code § 17200 ..................................................4

Civ. Code § 3294(a) ..................................................2

Gov't Code § 11346 ..................................................17

IWC Order ..................................................12, 16

Lab. Code § 203 ..................................................1, 2, 4, 6, 7

Lab. Code § 225.5 ..................................................5, 8, 11, 13

Lab. Code § 226 ..................................................6

Lab. Code § 226.7 ..................................................2

Lab. Code § 1194 ..................................................4

Lab. Code § 1969 ..................................................13

Lab. Code § 2699 ..................................................5

Lab. Code § 2772 ..................................................15

Lab. Code § 2802 ..................................................1, 11, 12, 13, 14, 16, 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs are individuals who have contracted with Defendant to deliver the *North County Times* newspaper. Plaintiffs have brought this class action claiming that, as a group, newspaper carriers delivering the *North County Times* have been misclassified as independent contractors. They further contend that Defendant, as their alleged employer, has unlawfully deducted from their wages and denied them overtime wages and other forms of payment.

More specifically, as relevant to this motion, Plaintiffs claim that Defendant has violated various sections of the California Labor Code,[1] has denied meal and rest breaks, has failed to pay wages due upon termination, and is liable for penalties for a class period extending back four years prior to the filing of the complaint. All of this alleged liability stems, of course, from an alleged employer-employee relationship.

As argued below, certain of Plaintiffs' claims are unsustainable as a matter of law:

- They cannot recover punitive damages on their claims.
- They cannot collect civil penalties for which there exists no direct private right of action.
- They cannot collect penalties for which there is a private right of action for any period greater than the one-year or three-year statute of limitations that applies to each such private right of action.
- Their class-wide claims of overtime, meal- and rest-break violations fail to identify an ascertainable class.
- They cannot maintain their Section 2802 claim for unreimbursed routine employee expenses, as Section 2802 does not apply to such expenses.

## RELEVANT FACTS

The Defendant operates the *North County Times* newspaper (Complaint ¶ 10). Defendant has classified the Plaintiffs—carriers who deliver that newspaper—as independent contractors (Complaint ¶ 18). Plaintiffs claim they really have always been employees (Complaint ¶ 15). As such, they seek the following relief relevant to this motion.

First, they claim that Defendant has violated various Labor Code provisions, entitling them to punitive damages (Complaint, Prayer for Relief ¶ 11).

---

[1] Undesignated Section references are to the California Labor Code.

MEMO SUPPORTING MOTION TO DISMISS OR STRIKE
Case No. 08-CV-1072 BTM NLS

1        Second, they seek to recover civil penalties under Sections 201 (Complaint ¶ 65), 202

2   (Complaint ¶ 65), 221 (Complaint ¶ 51), 223 (Complaint ¶ 51), 226.7 (Complaint ¶ 34), 1174

3   (Complaint ¶ 60), 1194 (Complaint ¶ 30), 1197.1 (Complaint ¶ 30) and 2802 (Complaint ¶ 48),

4   all of which create penalties traditionally recoverable only by the California Labor

5   Commissioner.  But Plaintiffs seek these penalties without alleging exhaustion of administrative

6   remedies as required by California's Private Attorney General Act of 2004 ("PAGA").

7        Third, they seek to collect penalties under Sections 203 (Complaint ¶ 65), 226

8   (Complaint ¶ 57), 1174.5 (Complaint ¶ 60), 1197.1 (Complaint ¶ 30), which do provide a private

9   right of action, but only for limitations periods of one year (for claims under Sections 226,

10  1174.5 and 1197.1) or three years (for claims under Section 203), not for the four-year class

11  period claimed by Plaintiffs.

12       Fourth, they seek Section 226.7 payments for missed meal and rest breaks (Complaint ¶

13  34), while failing to say which class members (if any) have been unlawfully denied such breaks.

14       Finally, Plaintiffs seek reimbursement for routine employee expenses (e.g., automobile

15  expenses) under Section 2802 (Complaint ¶ 42), in the absence of any statutory entitlement to

16  such reimbursement.

17                    **LEGAL ARGUMENT**

18  **I.   THE PUNITIVE DAMAGES PRAYER SHOULD BE STRICKEN.**

19      **A.   Claims Arising From Contract Do Not Support Punitives.**

20       Plaintiffs seek punitive damages as to "All Causes of Action" (Complaint, Prayer for

21  Relief ¶ 11).  That prayer must be stricken because punitive damages may not be awarded for

22  claims that "arise from contract."[2]  Punitive damages are not available absent an independent

23  tort.[3]  "In the absence of an independent tort, punitive damages may not be awarded for breach of

24  _____

25  [2] Cal. Civ. Code § 3294(a) ("In an action for the breach of an obligation **not arising from
    contract**…the plaintiff…may recover damages for the sake of example and by way of punishing

26  the defendant.") (emphasis added); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th
    503, 516 (1994).

27  [3] *Cates Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 61 (1999) (citing *Applied Equip. Corp.*, 7
    Cal. 4th at 516).

28                      2

1    contract, even where the defendant's conduct in breaching the contract was willful, fraudulent or

2    malicious."[4]

3         The alleged violations of wage and hour provisions of the California Labor Code all arise

4    from contract. As the California Supreme Court has recognized, actions for recovery of unpaid

5    wages arise from contract: "[A] worker's action against an employer for unpaid statutorily

6    required wages sounds in contract."[5] In *Bell v. Farmers Ins. Exchange*,[6] the Court of Appeal

7    confirmed that the "contractual duties of the employer implicitly include performance of

8    mandatory statutory duties, such as the payment of overtime wages."

9         The claims we face here all allege Labor Code violations. As such, they arise from

10   contract, precluding any recovery for punitive damages. The prayer for punitive damages

11   (Complaint, Prayer for Relief ¶ 11) is therefore improper and must be stricken.

12       **B.**    **The Labor Code Provides Exclusive Remedies.**

13        The prayer for punitive damages is barred for the independent reason that the Labor

14   Code's statutory scheme provides comprehensive remedies. As the California Supreme Court

15   has recognized, "where a new right is provided by statute, the party aggrieved by its violation is

16   confined to the statutory remedy if one is provided."[7] If a plaintiff pursues a statutory claim that

17   provides penalties for violations, then punitive damages may not be sought.[8] Unless the statutory

18   scheme allows otherwise, courts presume that punitive damages are not allowed.[9]

19

---

20   [4] *See id.; see also Myers Bldg. Indus., Ltd. v. Interface Tech., Inc.*, 13 Cal. App. 4th 949, 960
     (1993) (even where "a separate tort action is alleged," punitives are improper "if there is 'but one
21   verdict based upon a contract' ").

     [5] *Aubry v. Tri-City Hosp. Dist.*, 2 Cal. 4th 962, 969 n.5 (1992).
22
     [6] 135 Cal. App. 4th 1138, 1146-47 (2006).
23
     [7] *Stevenson v. Superior Court*, 16 Cal. 4th 880, 900 (1997).
24
     [8] *Cf. Turnbull & Turnbull v. ARA Transp., Inc.*, 219 Cal. App.3d 811, 826-27 (1990) ("when a
     new right, not existing at common law, is created by statute and a statutory remedy for the
25   infringement thereof is provided, such remedy is exclusive of all others unless the statutory
     remedy is inadequate").

26   [9] *See De Anza Santa Cruz Mobile Estates Homeowners Ass'n v. De Anza Santa Cruz Mobile
     Estates*, 94 Cal. App. 4th 890, 912 (2001) ("plaintiff cannot recover both punitive damages and
27   statutory penalties, as this would constitute a prohibited double penalty for the same act").

28

1    Federal district courts applying California law recognize that punitive damages are not

2    available for Labor Code violations.  In *Czechowski v. Tandy*,[10] the plaintiffs, claiming violations

3    of Sections 227.3 as well as Section 203 penalties, also sought punitive damages.[11]  The United

4    States District Court for the Northern District of California held that punitive damages were not

5    recoverable for Labor Code violations:[12]

6        Plaintiffs' claim under sections 227.3 and 203 of the Labor Code will not support a
         punitive damages award; section 203 provides for the award of statutory penalties when
7        an employer "willfully fails to pay" wages due upon termination.  The Legislature's
         provision of such statutory penalties precludes an award of punitive damages.
8

9    *Czechowski* held that claims under the Unfair Competition Law ("UCL"), codified in Business

10   and Professions Code Section 17200 et seq., would not justify punitive damages either.[13]

11       The Northern District in *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*[14]

12   followed *Czechowski* to hold that punitive damages are not available under the wage and hour

13   provisions of Sections 201-203, 227.3, 500, 510, 1194, or 226, and struck a claim for punitive

14   damages on that basis.  Also following *Czechowski*, the United States District Court for the

15   Central District of California held in *Green v. Party City Corp.*[15] that punitive damages are not

16   available in Section 1194 actions for unpaid overtime wages.

17       Plaintiffs seek punitive damages on the basis of various alleged Labor Code violations,

18   and not on the basis of any tort for which punitive damages would otherwise be available.

19   Accordingly, the prayer for punitive damages is improper and must be stricken.

20

21

22

23   ---
     [10] 731 F. Supp. 406 (N.D. Cal. 1990).

24   [11] *Id.* at 409.

25   [12] *Id.* at 410 (citations omitted).

     [13] *Id.*
26
     [14] 2007 U.S. Dist. LEXIS 41679, *27 (N.D. Cal. May 29, 2007).
27   [15] 2002 U.S. Dist. LEXIS 7750, at *13-15 (C.D. Cal. Apr. 9, 2002).

28                                          4

### C. The Ninth Cause of Action for Unfair Business Practices Cannot Support An Award of Punitive Damages.

The only claim that is not purely a Labor Code claim is the Ninth Cause of Action for unfair business practices in violation of the UCL. And a UCL claim cannot justify punitive damages, for "it is settled law that punitive damages are not available under section 17200."[16]

Because Plaintiffs may not recover punitive damages for any claim, the prayer for punitive damages is improper and must be stricken.

## II. PENALTY CLAIMS UNDER SECTIONS 201, 202, 221, 223, 226.3, 1174, 1194, 1197.1, AND 2802 MUST BE STRICKEN AS THERE IS NO PRIVATE RIGHT TO RECOVER PENALTIES.

### A. Only the Labor Commissioner can recover civil penalties, absent an expressly authorized private action.

Several claims allege entitlement to penalties of $100, $200, or $250 per employee per pay period.[17] While the California Labor Commissioner can recover such penalties,[18] private litigants (other than those suing under Sections 203 or 226)[19] can collect civil penalties only under the PAGA, which is codified in Labor Code § 2699 et seq.[20]

### B. Plaintiffs have not brought PAGA claims.

Plaintiffs have not cited PAGA and have not alleged that they have exhausted their PAGA-required administrative remedies by filing with the Labor and Workforce Development Agency ("LWDA").[21] Accordingly, each penalty claim contained within paragraphs 30, 34, 48, 51, 60, and 65 of the complaint must be stricken.

---

[16] *See In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, U.S. Dist. LEXIS 41679, *28 (N.D. Cal. May 29, 2007) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003)).

[17] *See* First, Second, Fourth, Fifth, Seventh, and Eighth Causes of Action, Complaint ¶¶ 30, 34, 48, 51, 60, and 65.

[18] *See, e.g.*, Lab. Code § 225.5 ("penalty shall be recovered by the Labor Commission").

[19] Sections 203 and 226 are exceptional provisions that permit individuals to sue directly for recovery of penalties.

[20] *See Beebe v. Mobility, Inc.*, 2008 WL 474391, at *1, 5 (S.D. Cal. Feb. 20, 2008) (PAGA permits aggrieved employees to collect private civil penalties for Labor Code violations).

[21] Lab. Code § 2699.3(a) (articulating administrative procedures that require written notice to the employer and the LWDA; *see also Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 376 (2005) (administrative procedures "must be followed before an aggrieved employee

5

III.   **THE ALLEGED "CLASS PERIOD" CONFLICTS WITH APPLICABLE STATUTES OF LIMITATION.**

Plaintiffs allege a "Class Period" of "at least four years prior to the filing of this action and through the present." Complaint at 2:17-19. The "Class Period" allegation must be stricken to the extent it conflicts with the applicable statutes of limitation.

A.   **A one-year statute of limitations governs penalty claims such as those under Sections 226, 1174.5, and 1197.1.**

Plaintiffs claim penalties for alleged violations of Section 226 (Sixth Cause of Action—Failure to Provide Itemized Wage Statements), 1174 (Seventh Cause of Action—Failure to Keep Accurate Payroll Records), and 1197.1 (First Cause of Action—Failure to Pay Wages). Because the relevant limitations period for each such penalty claim is one year,[22] those claims are time-barred as to any Plaintiff whose contract with Defendant ended before April 18, 2007, and as to any conduct preceding that date.

B.   **A three-year statute governs the Section 203 claim.**

Plaintiffs claim Section 203 waiting-time penalties (Eighth Cause of Action—Waiting Time Penalties). Because this claim has a three-year statute of limitations,[23] it is time-barred as to any Plaintiff whose contract with Defendant ended before April 18, 2005.

Section 203 penalties cannot be recovered for the four-year limitations period generally made available by the UCL.[24] That is because restitution is the UCL's only private monetary

---

may file a civil action to recover civil penalties under section 2699 for violations of any of the Labor Code provisions identified").

[22] CCP § 340(a); *Murphy v. Kenneth Cole Prods. Inc.*, 40 Cal. 4th 1094, 1108 (2007) (Legislature "was aware it could, if so desired, trigger a one-year statute of limitations by labeling a remedy a penalty"); *McCoy v. Superior Court*, 157 Cal. App. 4th 225, 229, 233 (2007) (Labor Code "penalty" triggers a one-year limitations period, unless statute expressly says otherwise).

[23] *Murphy*, 40 Cal. 4th at 1108; CCP § 338(a).

[24] The UCL's four-year limitations period, B&P Code § 17208, therefore does not apply.

MEMO SUPPORTING MOTION TO DISMISS OR STRIKE
Case No. 08-CV-1072 BTM NL

1    remedy,[25] and the penal nature of Section 203 payments precludes their characterization as

2    restitution.[26] Restitution applies only to a vested property right.[27]

3              Plaintiffs might suppose that Section 203 penalties resemble vested property because they

4    arise immediately upon the failure to pay termination wages. But that theory is flawed, because

5    a Section 203 penalty is available *only if* the failure to pay wages was "willful." The requirement

6    of a willfulness finding makes any Section 203 entitlement contingent, not vested. Willfulness is

7    obviously at issue here as the parties dispute whether Plaintiffs are employees and thus whether

8    Section 203 applies at all. Section 203 penalties therefore are not a vested property right subject

9    to restitutionary recovery.[28]

10   ## IV.    CLASS ALLEGATIONS SHOULD BE STRICKEN AS TO OVERTIME, MEAL, AND REST CLAIMS.

11

12             Plaintiffs proposed a class of everyone who has been "employed" by Defendant "in the

13   State of California as newspaper carriers or delivery personnel for the North County Times

14   newspaper during the Class Period who were subject to the 'Delivery Agent Agreement' (or

15   similar document), which categorized them as independent contractors and not employees."

16   Complaint at 6:12-16.

17             This proposed class definition is legally defective for three independent reasons as to the

18   claims for unpaid overtime (Complaint ¶ 29), denied meal breaks (Complaint ¶ 32), and denied

19   rest breaks (Complaint ¶ 36).

20             (A) The proposed class is unascertainable as to these particular claims.

21

22   [25] *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003).

23   [26] *Montecino v. Spherion Corp.*, 427 F. Supp. 2d 965, 968 (C.D. Cal. 2006); *Tomlinson v. Indymac Bank*, 359 F. Supp. 2d 891, 895 (C.D. Cal. 2005) (Section 203 recovery "clearly is not

24   restitutionary, and thus cannot be recovered under the UCL"; "if it is not payment for work done it is not fairly characterized as restitution").

25   [27] *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178 (2000).

26   [28] *Cortez* itself involved a claim for unpaid overtime wages **and** a claim for 203 penalties, *id.* at 170, and held only that recovery for "payment of wages unlawfully withheld" is a restitutionary

27   remedy. *Id.* at 177. *See also McCoy*, 157 Cal. App. 4th at 230-33 (distinguishing suit for unpaid wages from suit for penalty stemming from failure to pay wages).

28

7

1      (B) These claims fail to meet Rule 8(a)(2) pleading requirements by failing to allege

2   sufficient facts to raise a right to relief beyond mere speculation.

3      (C) Plaintiffs fail to allege any facts to show that the proposed class members have

4   common claims with respect to meal and rest periods.

5   **A.     The proposed class is unascertainable.**

6      While Plaintiffs would represent "all … newspaper carriers or delivery personnel for the

7   North County Times," they do not allege that each carrier provided delivery services (1) for

8   seven consecutive days (a predicate for any seventh-day overtime claim),[29] (2) in excess of five

9   hours a day (a predicate for any meal-break claim),[30] or (3) in excess of three and one-half hours

10  a day (a predicate for any rest-break claim).[31]  As such, the proposed class is overbroad.

11     Class certification should be denied when the proposed class definition is overbroad and

12  where, as here, the plaintiffs offer no means by which to distinguish those class members who

13  have claims from those who do not.[32]  Ascertainability is best achieved by defining the class with

14  objective characteristics and common transactional facts.[33]

15     Here, Plaintiffs identify a class of carriers who have delivered the *North County Times*,

16  but fail to identify any objective characteristics and common transactional facts to allow the

17  Court to ascertain which purported class members have overtime and meal and rest claims.  The

18  deficient proposed class definition would require individualized determinations as to which

19  carriers belong in the class and which do not.  As such, the proposed class definition fails and

20  should be stricken as to these claims.

21  _____

22  [29] Wage Order § 3(A)(1)(a).

    [30] Lab. Code § 512.

23  [31] Wage Order § 12(A).

24  [32] *Akkerman v. Mecta Corp., Inc.*, 152 Cal. App. 4th 1094, 1100-01 (2007); *see also* MANUAL
    FOR COMPLEX LITIGATION (FOURTH) § 21.222 at 270 (2004) (class definition must be "precise,

25  objective, and presently ascertainable"); *Simer v. Rios*, 661 F.2d 655, 659, 664 (7th Cir. 1981)
    (refusing to certify class of persons "discouraged" from applying for governmental assistance).

26  [33] *Hicks v. Kaufman & Broad Home Corp.*, 89 Cal. App. 4th 908, 914 (2001) ("Common
    questions of law and fact are required in order to assure the interests of the litigants and the court

27  are furthered by permitting the suit to proceed as a class action…").

28                                            8

**B.    Plaintiffs fail to allege facts to show who, if anyone, suffered any injury with respect to overtime or meal and rest breaks.**

These claims flunk pleading requirements by failing to allege facts to support the claim that class members suffered injury.  Indeed, Plaintiffs fatally fail to allege a *single* fact to show that they themselves suffered any injury with respect to overtime or meal and rest breaks.

Rule 8(a)(2) requires "a short and plain statement of claim *showing* that the pleader is entitled to relief."  (Emphasis added.)  In *Bell Atlantic Corp. v. Twombly*,[34] the Supreme Court clarified this obligation:  the plaintiff must allege sufficient facts to raise a right to relief above the speculative level; it is not enough to merely create a suspicion of a legally cognizable right of action.[35]  *Twombly* requires allegation of "enough facts" to "nudge[] [the] claim[s] across the line from conceivable to probable."[36]

The Second Circuit applied *Twombly* to dismiss a civil rights "policy and practice" claim arising out of an alleged illegal detainment.[37]  Stressing that *Twombly* applies beyond its antitrust context, the court held that *Twombly*'s "plausibility standard" obliges a plaintiff to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."[38]  The Second Circuit then applied *Twombly* to determine whether the civil rights plaintiff had adequately stated a claim.[39]  *Twombly's* plausibility standard thus applies where, as here, a plaintiff vaguely alleges a "pattern or practice."  To make a claim plausible, plaintiffs must specify supporting facts.

In a class claim, "the complaint should indicate who [the class-members] are and allege facts that would entitle them to relief."[40]  Without factual allegations that establish their own

---

[34] 550 U.S. __, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[35] 127 S. Ct. at 1965.

[36] *Id.* at 1974.

[37] *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007).

[38] *Id.* at 157-58 (emphasis in original).

[39] *Id.* at 155-58.

[40] *See Zhong v. August August Corp.*, 2007 WL 2142371, at *4 (S.D.N.Y. July 23, 2007) (applying *Twombly* to dismiss FLSA collective action where plaintiff's failure to generally name

9

1   injuries and those of the putative class, there is no basis to believe Plaintiffs' class allegations are

2   "plausible on their face."[41]

3          Under Rule 8(a), as illuminated by *Twombly*, Plaintiffs must plead facts to support their

4   claim that class members were entitled to overtime and meal and rest breaks. Here, Plaintiffs do

5   nothing more than plead legal conclusions that broadly recite the elements of overtime and meal

6   and rest claims. Plaintiffs fail to offer any facts whatsoever to make their theories "plausible."

7   They even fail to allege facts to support that any named Plaintiff was denied overtime or meal

8   and rest breaks contrary to law. Moreover, they fail to allege what Defendant did to deny the

9   putative class members any legally required meal or rest break. Their superficial effort runs

10  afoul of Rule 8(a).

11         **C.    Plaintiffs fail to allege facts showing class members have
               common overtime, meal, and rest claims.**

12

13         Plaintiffs also fail to allege any facts to show that putative class members share common

14  claims with respect to meal and rest breaks. There is no specific allegation that all or even most

15  carriers work a seventh consecutive workday (a prerequisite to overtime), work more than five

16  hours a day (a prerequisite to meal-break entitlement), or work more than three and on-half hours

17  a day (a prerequisite to rest-break entitlement. This failure to specify facts to show liability

18  requires dismissal of or striking the related class claims.

19  **V.    THE EXPENSE-REIMBURSEMENT CLAIM FAILS TO STATE A
          CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

20         Plaintiffs allege that Defendant has unlawfully failed to reimburse them for automobile

21  expenses incurred during their alleged employment as newspaper carriers (Complaint ¶ 42). In

22  paragraph 40, Plaintiffs cite Section 2802(a): "**An employer shall indemnify his or her**

23  **employee for all necessary expenditures or losses incurred by the employee in direct**

24  **consequence of the discharge of his or her duties,** or of his or her obedience to the directions

25

26  similarly situated employees left no "factual basis from which the Court can determine whether
    similarly situated plaintiffs do exist").

27  [41] *Twombly*, 127 S. Ct. at 1970-71.

28  _____

1   of the employer, even though unlawful, unless the employee, at the time of obeying the

2   directions, believed them to be unlawful." (Relevant language emphasized.)

3          While some courts have uncritically assumed that this provision applies to reimbursement

4   of routine employee expenses such as mileage expenses, an objective analysis of the law reveals

5   that an employer has no duty (other than possibly contractually) to reimburse for such expenses.

6          The Section 2802 duty to "indemnify" relates to an employee's loss caused by the acts of

7   third parties (including such things as (1) a lawsuit against the employee for conduct within the

8   scope of the employee's employment and (2) other losses caused by third parties). The Industrial

9   Welfare Commission ("IWC")—the administrative agency charged with rulemaking under

10  Section 2802 (and thus whose construction is entitled to deference)—does not construe Section

11  2802 to provide broad rights for reimbursement of any routine work-related expense incurred by

12  an employee. Similarly, cases addressing car expenses properly do so as a matter of agreement

13  between the parties, not a statutory right.

14         Further, the limited right to reimbursement established by the IWC's Wage Orders

15  applies only to uniforms, tools, and equipment, not to automobiles.

16         In short, the expense-reimbursement claim feeds on assumption, not law. Although

17  employers customarily reimburse routine employee expenses, they do so to meet market

18  demands, not statutory demands.

19         Any construction of Section 2802 to cover routine employee expenses contradicts the

20  IWC's interpretation of the law, decades of case law, and the meaning of the word "indemnify."

21  **A.    Plaintiffs' interpretation conflicts with that of the IWC.**

22         The Wage Orders, promulgated by the IWC under its statutory mandate to monitor the

23  "hours and conditions of labor and employment in the various occupations, trades, and industries

24  in which employees are employed in this state,"[42] provide a limited right to reimbursement for

25  uniforms, tools, and equipment. Expressly exempted from the tool-and-equipment requirement

26

27  [42] Lab. Code § 1173.

28                                            11

1  are employees who earn more than twice the minimum wage.[43]  The IWC's exemption as to

2  these highly compensated employees cannot be reconciled with Plaintiff's broad interpretation of

3  Section 2802, and reveals that the IWC does not interpret Section 2802 to provide for a broad

4  right of reimbursement.

### 1.  The IWC permits employers to require employees to provide tools and equipment without reimbursement.

7  Section 9(B) of IWC Order No. 4-2001, for example, provides:  "When tools or

8  equipment are required by the employer or are necessary to the performance of a job, such tools

9  and equipment shall be provided and maintained by the employer, except that an employee

10  whose wages are at least two (2) times the minimum wage provided herein may be required to

11  provide and maintain hand tools and equipment customarily required by the trade or craft."

12  If the Plaintiff were interpreting Section 2802 correctly, then the IWC orders would be

13  ultra vires.  There is no principled distinction between (1) an employer who requires employees

14  to provide and maintain tools and equipment, and (2) an employer who requires employees to

15  provide and maintain an automobile.  Put another way, there would be no warrant for the IWC to

16  create a limited reimbursement right for hand tools and equipment—which permits employers to

17  require certain employees to maintain tools and equipment at their own expense—if there were

18  already a generally applicable reimbursement right under Section 2802.  The IWC's Wage

19  Orders thus contradict Plaintiffs' notion that Section 2802 requires an employer to provide and

20  maintain (i.e., by means of expense reimbursement) automobiles to employees who use

21  automobiles on the job.

22  Thus, if Plaintiffs' view of Section 2802 were correct, the IWC would lack authority to

23  permit employers to impose on more highly compensated employees the obligation to provide

24  and maintain their own tools and equipment.  If the understanding of Section 2802 that is

---

[43] Wage Order § 9(B) ("When tools or equipment are required by the employer or are necessary to the performance of the job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft.")

MEMO SUPPORTING MOTION TO DISMISS OR STRIKE
Case No. 08-CV-1072 BTM NL

1  inherent to the IWC rule on tools and equipment is correct, then the Plaintiffs' expansive view of

2  Section 2802 necessarily must be wrong.

### 2.    The IWC interpretation of Section 2802 deserves deference.

The IWC has statutory authority to promulgate wage orders to set the "hours . . . in the various occupations, trades, and industries in which employees are employed in this state" and to set their "conditions of labor and employment."[44] Courts " 'accord[] great weight and respect' to a valid administrative construction of a controlling statute or regulation," including the IWC's construction on the scope of statutes imposing "conditions of labor and employment."[45] An obvious corollary of that deference is that courts must avoid constructions of statutory provisions that would render duly promulgated administrative regulations ultra vires, unless such constructions are mandated by considerations that overcome the "great weight and respect" duly accorded to the construction implicit in the regulations.

As set forth below, the IWC's interpretation of the limited scope of Section 2802 is not overcome by such considerations. Its interpretation comports with decades of case law interpreting Section 2802 and its predecessor codification (former Civil Code Section 1969), and with the very meaning of the word "indemnify."

### 3.    Cases construing Section 2802 or its predecessor do not require reimbursement for routine employee expenses.

No California appellate court has expressly held that Section 2802 requires employers to indemnify employees for incidental expenses such as mileage. In fact, the few cases interpreting the indemnification required by Section 2802 have arisen from situations in which a third party to the employment relationship caused the losses to the plaintiff.

---

[44] Lab. Code § 1173.

[45] *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal. 4th 557, 568-70 (1996) (quoting *International Business Machines v. State Bd. of Equalization*, 26 Cal. 3d 923, 931 n.7 (1980)).

13

### a. Section 2802 cases have concerned losses caused by third parties.

Cases interpreting Section 2802 have dealt with two major issues:  (1) whether employers must indemnify employees for attorney fees the employee has incurred in defending a third party's suit arising out of the employee's performance of job duties and (2) whether employers must indemnify employees for the loss of the employee's tools that were stolen from the employer's premises.  Consistent with the very meaning of "indemnify," these cases address liabilities to, and losses caused by, third parties to the employment relationship.  Expenses of defending liability claims by third parties are, of course, part of the very liability itself, for purposes of indemnity.

No California state appellate court has extended the reach of Section 2802 beyond the above cases to require employers to reimburse employees for routine business expenses.  Rather, those expenses typically have been a matter of contract between the parties to an employment relationship.

### b. Cases concerning automobile expenses treat them as matter of contract, not indemnity.

Cases specifically addressing automobile-related expenses have analyzed any requirement to reimburse for mileage as a matter of contract.  In *O'Brien v. L.E. White Lumber Co.*,[46] O'Brien and his employer agreed to reduce his salary to reflect a downturn in business.  Two years later, when the employer sold the business, O'Brien sought reimbursement for automobile expenses incurred in his employment.  The court held that he was not entitled to that reimbursement, because his agreement with his employer did not call for that reimbursement.[47]  Conspicuously absent from the court's analysis was any suggestion that Civil Code Section 1969, the predecessor codification to Section 2802,[48] might provide for such reimbursement.

---

[46] 43 Cal. App. 703 (1919).

[47] *Id.* at 706-707.

[48] Section 2802 was enacted in 1937 based upon former Civil Code section 1969, "without substantial change."  Chapter 90 of the statutes of 1937.  *See Douglas v. Los Angeles Herald Examiner*, 50 Cal. App. 3d 449, 457 (1975) (noting no substantial change).

14

1    Similarly, *Automobile, Truck, Tractor & Implement Co. v. Salladay*[49] looked to the

2  parties' agreement, rather than statute, to find a right to reimbursement. Salladay was hired as a

3  commissioned salesman but the terms of his employment contained no indication that he "was to

4  discharge his duties at any place other than the one indicated in the caption of the letter."[50] Just

5  like Plaintiffs here, Salladay sought reimbursement for certain expenses "incidental" to the

6  services rendered to his employer, including automobile-related expenses. *Salladay* concluded

7  that the employer had to reimburse Salladay's automobile-related expenses, but not because

8  Civil Code Section 1969 required any such reimbursement. Rather, *Salladay* focused on whether

9  the parties' agreement required that reimbursement.[51]

10    No California state court that addressed whether an employer must reimburse

11  automobile-related expenses has expressly held that reimbursement is required by Section 2802

12  or its predecessor codification.[52] The case law certainly does not contradict the IWC's

13  interpretation of Section 2802, much less provide any counterweight to the "great weight and

14  respect" that the IWC's interpretation deserves.

15    **4.    "Indemnity" simply entails reimbursement for losses
16          caused by third parties or liabilities to third parties**

17    The understanding of the IWC, and the limited application of Section 2802 in the case

18  law, comports with Section 2802's language. Section 2802 does not require employers to

19  "reimburse" employees; it requires employers to "indemnify" employees. The distinction is

20  crucial. As noted above, the black-letter meaning of "indemnify" involves holding someone

21  harmless from liabilities incurred to, or caused by, third parties. Civil Code Section 2772 defines

22  "indemnity" as "a contract by which one engages to save another from a legal consequence of

23  [49] 55 Cal. App. 219 (1921).

24  [50] *Id.* at 225.

    [51] *Id.*

25  [52] The Supreme Court has expressly declined to decide the issue. *Gattuso v. Harte-Hanks*
26  *Shoppers, Inc.*, 42 Cal. 4th 554, 560 n.3 (2007). The court in *Estrada v. FedEx Ground*
    *Packaging Sys., Inc.*, 154 Cal. App. 4th (2007), uncritically assumed that Section 2802 applies.
27  A decision "does not stand for a proposition not considered by the court." *Nolan v. City of*
    *Anaheim*, 33 Cal. 4th 335, 343 (2004).

28  _____
                              15
    MEMO SUPPORTING MOTION TO DISMISS OR STRIKE
    Case No. 08-CV-1072 BTM NL

one of the parties, or of some other person," and the California Supreme Court has construed Section 2772 consistently with the black-letter meaning. In *Somers v. U.S. Fidelity & Guaranty Co.*,[53] the court stated: "in indemnity contracts the engagement is to make good and save another from loss upon some obligation which he has incurred or is about to incur to a third person."[54]

### B.    Plaintiffs cannot rely on Wage Orders to supply a right to reimbursement.

Just as Plaintiffs cannot rely upon Section 2802 to supply the alleged broad right to reimbursement for routine expenses, they likewise cannot rely on the Wage Orders, which create only a limited right to reimbursement for a limited variety of expenses.

### 1.    Wage Orders require reimbursement only for uniforms and tools and equipment in certain circumstances.

In exercising its rule-making authority, the IWC requires employers to provide tools and equipment necessary to the performance of the job, with the exception that more highly compensated employees (those earning double the minimum wage) can be required to provide and maintain their own set of hand tools and equipment customarily required by their trade or craft. In addition, the IWC also has required employers to provide and maintain uniforms, when the uniforms are required as a condition of employment.

Although the IWC could regulate employment terms and conditions relating to the use of personal vehicles by employees, the IWC has never promulgated any such rule. Indeed, it is well understood that the use of personal automobiles is an area that the IWC has not sought to regulate. The California Division of Labor Standards Enforcement has responded to an inquiry whether an automobile used in the course of employment was a "tool" within the meaning of Section 9(B) of IWC Order No. 4-80: "The Labor Commissioner has determined that neither an automobile nor a truck is considered a tool within the meaning of the section, and an applicant for employment may be required, as a condition of employment, to furnish his/her own

---

[53] 191 Cal. 542 (1923).

[54] *Id.* at 547. *Accord Leatherby Ins. Co. v. City of Tustin*, 76 Cal. App. 3d 678, 687 (1977) ("the concept of indemnity assumes that the party to be indemnified is somehow liable or obligated to another").

1  automobile or truck to be used in the course of employment, regardless of the amount of wages

2  paid."[55]

3      The IWC has never brought the use of personal automobiles within the scope of its rule

4  on tools and equipment, nor has the IWC ever promulgated a separate rule on reimbursement for

5  the use of automobiles in employment.  Simply stated, in the eyes of the IWC, reimbursement of

6  employees for their use of personal automobiles remains a term of employment for negotiation

7  by the parties.

8      **2.    The DLSE's views are not entitled to any deference.**

9      Notwithstanding its recognition that "an applicant for employment may be required, as a

10  condition of employment, to furnish his/her own automobile or truck to be used in the course of

11  employment," the DLSE has opined (without reasoned analysis) that an employer must

12  reimburse for automobile-related expenses:[56] "Under Labor Code Section 2802, an employer

13  who requires an employee to furnish his/her own car or truck to be used in the course of

14  employment would be obligated to reimburse the employee for the costs necessarily incurred by

15  the employee in using the car or truck in the course of employment.  The rate of reimbursement

16  can be that agreed to by the employer and employee, or, if there is no such agreement, any

17  reasonable amount."

18      But unlike the IWC (whose regulations the DLSE's "interpretation" contradicts), the

19  DLSE's views deserve zero judicial weight.  In *Tidewater Marine Western v. Bradshaw*,[57] the

20  California Supreme Court reaffirmed the deference owed to an administrative agency that acts in

21  conformity with the Administrative Procedures Act (APA).[58]  The IWC, the court noted, is

22  exempted from APA compliance because the Labor Code imposes specific "detailed

23  comprehensive procedural protections applicable to IWC rulemaking," which are "analogous to

24  

25  [55] DLSE Manual §§ 29.2.3.2 and 29.2.3.3.

   [56] See *Gattuso*, 42 Cal. 4th at 563-64.

26  [57] 14 Cal. 4th 557 (1996).

27  [58] *Id.* at 568-69.  The APA is codified at Gov't Code § 11346 et seq.

28                                17

1  those in the APA."[59]  Thus, the IWC is subject to a statutory exception to the APA, and the

2  IWC's constructions deserve deference without specific APA compliance.[60]

3       But the court rejected the same conclusion with regard to the DLSE's interpretive efforts:

4  "[t]he DLSE's primary function is enforcement, not rulemaking."[61]  The court thus held that the

5  DLSE must comply with the APA before pronouncing that "rule[s] of general application to

6  guide deputy labor commissioners on the applicability of IWC wage orders" are entitled to

7  deference.[62]  Because the DLSE's interpretive manuals did not comply with the APA, the court

8  held: "the DLSE's interpretation of the IWC wage orders is void and not entitled to any

9  deference."[63]

10      The DLSE somehow concludes that although automobiles are not "tools" within the

11  meaning of the Wage Orders, employers must reimburse employees for automobile expenses.

12  This unfounded, illogical conclusion deserves no "weight and respect."  And recently the

13  California Supreme Court in *Gattuso* has confirmed this very point: "Here, as the parties agree,

14  the DLSE's interpretation of section 2802, as applied to automobile expenses, was incorporated

15  into a void regulation.  Accordingly, we review the relevant DLSE policy statements and DLSE

16  advice and opinion letters as evidence of the DLSE's interpretation of sections 2802 and 2804,

17  recognizing that its interpretation is entitled to no deference but also that this court may adopt the

18  DLSE's interpretation if we independently determine that it is correct."[64]

19

20

21

22

23  [59] 14 Cal. 4th at 569.

24  [60] *Id.*

25  [61] *Id.*

26  [62] *Id.* at 572.

    [63] *Id.* at 577.

27  [64] *Gattuso*, 42 Cal. 4th at 563.

28

1

## CONCLUSION

2

Defendant respectfully requests that the Court grant its motion to dismiss or strike and

3

rule that Plaintiffs

4
- cannot recover punitive damages on their claims,

5
- cannot collect civil penalties for which there exists no direct private right of action,

6

7
- cannot collect penalties for which there is a private right of action for any period greater than the one-year or three-year statute of limitations that applies to each such private right of action for penalties,

8

9
- cannot maintain class allegations for overtime, meal. and rest claims because they fail to identify an ascertainable class, and

10
- cannot maintain their Section 2802 claim for unreimbursed routine employee expenses.

11

12

DATED:  June 24, 2008                                    SEYFARTH SHAW LLP

13

14

By _____

15

David D. Kadue
Attorneys for Defendant
LEE PUBLICATIONS, INC.

16

DBA NORTH COUNTY TIMES

17

18

19

20

21

22

23

24

25

26

27

28

19

1

2 **PROOF OF SERVICE**

3 STATE OF CALIFORNIA                    )

4 Ss
COUNTY OF LOS ANGELES                    )

5        I am a resident of the State of California, over the age of eighteen years, and not a party
6 to the within action.  My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite
3300, Los Angeles, California 90067-3063.  On the date stated below, I served the within
7 documents:

8 **MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS OR STRIKE**

9

10 ☒        by placing the document(s) listed above in a sealed envelope with postage thereon
11 fully prepaid, in the United States mail at Los Angeles, California addressed as set
forth below.

12 ☐        by placing the document(s) listed above, together with an unsigned copy of this
13 declaration, in a sealed Federal Express envelope with postage paid on account and
deposited with Federal Express at Los Angeles, California, addressed as set forth
14 below.

15 ☐        by transmitting the document(s) listed above, electronically, via the e-mail addresses
set forth below.

16 Curtis Keith Greer, Esq.
Julie A. Lowell, Esq.                          Marcy E. Kaye, Esq.
17 LAW OFFICES OF GREER & ASSOC., A.P.C.          11770 Bernardo Plaza Court
16787 Bernardo Center Drive, Ste. 14           Suite 305
18 San Diego, CA 92128                            San Diego, CA 92128
Phone: 858.613.6677                            Phone: 858.485.1569
19

20        I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
21 day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
22 meter date is more than on day after the date of deposit for mailing in affidavit.

23        I declare that I am employed in the office of a member of the bar of this court whose
24 direction the service was made.

25        Executed on June 24, 2008, at Los Angeles, California.

26

27                                                    _____
                                                     Toni L. Jackson
28