1 | C. Keith Greer, SBN: 135537
Julie A. Lowell, SBN: 207047
2 | LAW OFFICES OF GREER & ASSOCIATES, A.P.C.
16787 Bernardo Center Drive, Suite 14
3 | San Diego, California 92128
Ph: (858) 613-6677
4 | Fx: (858) 613-6680

5 | Marcy E. Kaye, SBN: 140795
11770 Bernardo Plaza Court, Suite 305
6 | San Diego, CA 92128
Ph: (858)485-1569
7 | Fx: (858)485-0279

8 | Attorneys for Plaintiffs

9

10

11 | **UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

12

13

| | |
|---|---|
| YVONNE DALTON, DIAN GARZA, ARMINDA GUZMAN, SHARON HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL SALGADO, and REFUGIO SANCHEZ, individually, on behalf of all others similarly situated and on behalf of the general public, | Case No.: 08-CV-1072 BTM NLS |
| | Hon. Barry Ted Moskowitz |
| | Dept: 15 |
| Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ.** |
| v. | |
| LEE PUBLICATIONS, INC., a Delaware Corporation, dba NORTH COUNTY TIMES, and DOES 1 through 50, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiffs, YVONNE DALTON, DIAN GARZA, ARMINDA GUZMAN, SHARON

HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL SALGADO, and REFUGIO

SANCHEZ (collectively "Plaintiffs") on their own behalf and on behalf of all others similarly

situated allege the following based upon personal knowledge as to themselves and their own acts,

and on information and belief as to all other matters, based upon, *inter alia*, the investigation

conducted by and through their attorneys:

# I.
## INTRODUCTION

1.      This is a class action brought on behalf of persons presently and formerly engaged as newspaper home delivery carriers by Defendant LEE PUBLICATIONS, INC., doing business in San Diego County as NORTH COUNTY TIMES. For at least four years prior to the filing of this action and through the present (the "Class Period"), Plaintiffs are informed and believe that the Defendants violated the California Labor Code and applicable California Wage Orders by improperly classifying Plaintiffs and Class Members as "independent contractors" when they should legally be classified as employees.  As a result of this improper categorization, the Defendants has caused harm to Plaintiffs and Class Members as fully set forth below.

2.      Plaintiffs, on their behalf and on behalf of all Class Members, bring this action pursuant to Labor Code §§201-204, 221, 223, 226, 226.7, 1174, 1194, 1197, 2802, and 3751, and California Wage Order No. 1-2001 (8 Cal. Code Reg., §11010), seeking unpaid regular and overtime wages, unpaid rest break and meal period compensation, reimbursement of all illegal deductions made from their wages, payment of all wages and tips earned, reimbursement of expenses and losses incurred by them in discharging their duties, payment of a minimum wage to all Class Members who failed to receive a minimum wage for all hours worked in each payroll period, penalties and reasonable attorneys' fees and costs.

3.      Plaintiffs, on behalf of themselves, as a class, and on behalf of the general public, pursuant to Business & Professions Code §§17200-17208, also seek injunctive relief, restitution, and disgorgement of all wages owed Plaintiffs and Class Members by the Defendants due to their: (1) failure to pay hourly and overtime wages, tips and compensation for rest and meal periods due; (2) making illegal deductions from their wages; (3) failure to pay them all wages earned; (4) failure to reimburse them for expenses and losses incurred in discharging their duties; and (5) failure to a pay minimum wage to each of them for all hours worked in each payroll period.

///

///

1

**II.**
**JURISDICTION AND VENUE**

2

3    4.    Pursuant to Fed. R. Civ. P. 4(k)(1)(A) , this Court has personal jurisdiction over

4    each of the defendants because defendants either reside or have their principal place of business in

5    this judicial district, or pursuant to the California "long-arm" statute, Cal. Civ. Proc. Code

6    §410.10, each of the defendants has maintained deliberate minimum contacts with the State of

7    California and/or each of the defendants' activities in this State has been so continuous and

8    systematic that such defendants may be said to be present here.

9    5.    This Court has original jurisdiction of this action pursuant to provisions of the

10    Class Action Fairness Act of 2005, specifically 28 U.S.C. §1332(d)(2). The amount in

11    controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which at

12    least one class member is a citizen of a State different from that of the Defendant.

13    6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1441, 1446(a) and

14    84(c)(3). This action was originally brought in the Superior Court of the State of California,

15    County of San Diego, and Plaintiffs reside in the County of San Diego, California. Venue is also

16    properly laid in this District pursuant to 18 U.S.C. §1965 and 28 U.S.C. §1391. The named

17    defendant is a newspaper publishing company which is doing business in San Diego County.  In

18    addition, the unlawful acts alleged herein caused, and are causing, harm to Plaintiffs and other

19    individuals in San Diego County presently or formerly engaged by the defendants as newspaper

20    home delivery carriers.

21

**III.**
**PARTIES**

22    **A.    Plaintiffs**

23    7.    Plaintiffs YVONNE DALTON, DIAN GARZA, ARMINDA GUZMAN,

24    SHARON HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL SALGADO, and REFUGIO

25    SANCHEZ are individuals residing in San Diego County, California. Plaintiffs DIAN GARZA,

26    ARMINDA GUZMAN, SHARON HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL

27    SALGADO, and REFUGIO SANCHEZ are currently employed by the Defendants as newspaper

28    home delivery carriers in San Diego County, California. Plaintiff YVONNE DALTON is a former

newspaper home delivery carrier for the Defendant, and during her term of employment, was employed by the Defendants in San Diego County, California. Plaintiffs are subject to Title VIII of the California Code of Regulations, §11010, and related Industrial Welfare Commission ("IWC") Wage Order No. 1-2001.

8.    Plaintiffs, and each of them, will adequately represent the interests of the class and will vigorously participate in this matter as a class action when certified. Plaintiff class representatives have further secured legal counsel experienced in both class action and wage and hour litigation, who will likewise adequately represent the class.

**B.    Defendants**

9.    On information and belief, Plaintiffs allege that Defendant LEE PUBLICATIONS, INC. (""LEE") is incorporated under the laws of the State of Delaware, with its corporate headquarters located in Davenport, Iowa. LEE owns and operates local newspaper publishing businesses across the country.  Plaintiffs are informed and believe, and thereon allege that, during the past four years (the "Class Period"), Defendant LEE has been doing business as the NORTH COUNTY TIMES ("NCT"), a business entity that publishes nine daily zoned editions geared to provide North County residents with news pertinent to readers' interests and their respective communities.  NCT's principal place of business is located in San Diego County at 207 E. Penn Avenue, Escondido, California.

10.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiffs who therefore sue the Defendants by such fictitious names under Code of Civil Procedure §474. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereafter as Does when such entities become known.

11.    Plaintiffs are informed and believe and based thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other

1    Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent

2    thereto, and the acts of each Defendant are legally attributable to the other Defendants.

### IV.
### FACTUAL BACKGROUND

5    12.    Defendant LEE PUBLICATIONS, INC, does business as the NORTH

6    COUNTY TIMES, a newspaper of general circulation operating primarily in the San

7    Diego County area of Southern California. Most customers of the Defendants' business

8    receive home delivery of newspapers on a daily basis which are printed and distributed

9    under the auspices of the Defendant, doing business as the NORTH COUNTY TIMES.

10    13.    The Defendants own and operate common distribution facilities located in

11    San Diego County in order to distribute its newspapers. Plaintiffs and Class Members

12    perform significant work at these distribution centers, including, but not limited to, folding

13    and/or inserting various inserts, sections, pre-prints, samples and supplements, as well as

14    other products provided by the Defendants at the North County Times' warehouses and

15    common distribution facilities into plastic bags they are required to purchase from the

16    Defendant.

17    14.    The Defendants also utilize computer systems which prepare instructions to

18    Plaintiffs and Class members on exactly how and when to deliver newspapers.  The

19    Defendants further have the ability to terminate employment relations of the Plaintiffs and

20    Class Members.

21    15.    Other than personal vehicles, there is a lack of investment in independent

22    equipment by the Plaintiffs and Class Members, and no special education, certification or

23    licensing (other than having a valid driver's license) is required to perform Plaintiffs' and

24    Class Members' duties.

25    16.    The newspaper delivery performed by Plaintiffs and Class Members is an

26    integral part of the business enterprise of the Defendant.

27    17.    The economic realities of Class Members' relationship with the Defendants

28    establishes that Plaintiffs and Class Members, under conventional legal and economic

First Amended Complaint, Dalton v. Lee Publications Case No. 08-CV-1072 BTM NLS

5

1    tests, are now, and have been, employees of the Defendants and not independent

2    contractors.

3         18.    The Defendants exercise and have exercised complete control over the

4    Plaintiffs and Class Members' performance of their duties.

5         19.    Because Plaintiffs and Class Members are employees, not independent

6    contractors, numerous California Labor Code violations have occurred and are occurring

7    on an ongoing basis, including defendants' failure to authorize and allow them meal

8    breaks and rest breaks, failure to pay them overtime for the seventh day of work required

9    of them each work week because they are required deliver newspapers seven days a week,

10   failure to provide proper payroll withholding treatment, failure to pay them tips made by

11   defendants' customers, and failure to provide other protections of Labor Code §2802 and

12   Labor Code §221, all of which Plaintiffs and Class Members are entitled to as valid, non-

13   exempt, employees under California law.

14

15

**V.**
**CLASS ACTION ALLEGATIONS**

16        20.    Plaintiffs bring this action on behalf of themselves and all others similarly

17   situated as a class action pursuant to Federal Rule of Civil Procedure 23. The class is

18   composed of and defined as follows:

19            "All persons presently and formerly engaged as newspaper home delivery

20            carriers by LEE PUBLICATIONS, INC. and for the North County Times

21            newspaper in the State of California during the period from and including

22            April 18, 2004, through and including the date of trial set for this action, and

23            who, as a condition of such engagement, signed a written agreement for the

24            home delivery of newspapers, which categorized them as independent

25            contractors and not employees."

26   A.    **Numerosity**

27        21.    The members of the Class, as defined above, are so numerous that individual

28   joinder of all members is impractical. While the exact number of Class Members is

1  currently unknown, Plaintiffs are informed and believe that the class includes

2  approximately 800 members. Moreover, all Class Members are objectively ascertainable

3  because each one them signed, and was subject to, the common written contract required

4  by the Defendants in order to become a newspaper home delivery carrier.

5  **B.**    **Common Questions Predominate**

6  22.    Common questions of law and fact exist as to all Class Members and

7  predominate over any questions that affect individual Class Members. The common

8  questions of fact include, but are not limited to, the following facts relevant to the

9  determination of the primary issue, i.e., whether Plaintiffs and Class Members were

10  improperly classified as "independent contractors" rather than "employees," and the extent

11  to which Defendants' treatment of them violated California Labor Laws:

12          a.    Whether the Defendants require Plaintiffs and each individual Class

13              Member to execute a written agreement categorizing them as

14              "independent contractors" as a condition of engaging them as

15              newspaper home delivery carriers;

16          b.    Whether the Defendants require Plaintiffs and each individual Class

17              Member to be present at the Defendants' place of business at

18              specific times to perform a significant percentage of their duties at a

19              warehouse prior to distribution, including handling the Defendant-

20              provided inserts, samples, sections, and other products provided by

21              the Defendant;

22          c.    Whether the Defendants train and instruct Plaintiffs and each

23              individual Class Member on how to deliver the newspapers,

24              including specific route driving directions prepared by a computer

25              program that directs Class Members on exactly how to execute their

26              duties;

27          d.    Whether the Defendants monitor the Plaintiffs' and each individual

28              Class Member's performance and compliance with delivery time

1  requirements established by the Defendants and punish them for

2  complaints received from customers and failure to meet the delivery

3  time requirements;

4      e.  Whether Plaintiffs and Class Members enjoy any upside profit

5  potential in connection with their duties or bear the burden of poor

6  collections from newspaper subscribers on their routes or instead

7  have set periodic deductions from their pay based on a schedule set

8  by the Defendants, independent of collections;

9      f.  Whether Plaintiffs and Class Members are paid monthly according

10  to an existing formula;

11      g.  Whether the job responsibilities of Plaintiffs and Class Members do

12  not require any special education, certification or licensing (other

13  than a valid driver's license);

14      h.  Whether the relationship between the Plaintiffs and Class Members

15  and the Defendants is relatively permanent and long term, with

16  many Class Members working for the Defendants for years;

17      i.  Whether the delivery of the Defendants' newspapers is a critical and

18  integral part of its business;

19      j.  Whether Plaintiffs and Class Members collect money from

20  newspaper subscribers and take part of the proceeds to purchase

21  papers from the Defendants wholesale, or whether the Defendants

22  collect the money from newspaper subscribers and then pay

23  Plaintiffs and Class Members from the collected proceeds;

24      k.  Whether Plaintiffs and Class Members have any ownership interest

25  in the newspaper routes they are contractually required to service;

26      l.  Whether the Plaintiffs and Class Members and required by the

27  Defendants, pursuant to the uniform written delivery agreements, to

28  sell new home delivery subscriptions;

m.    Whether or not Plaintiffs and Class Members had the authority to delegate performance of their responsibilities under the uniform written delivery agreements without advising the Defendants;

n.    Whether the uniform written delivery agreements required Plaintiffs and Class Members to work seven days a week;

o.    Whether the Defendants authorized and allowed rest breaks to Plaintiffs and Class Members for work periods over three and one-half hours and meal breaks for work periods over five hours; and

p.    Whether Defendants compensated Plaintiffs and Class Members for the required use of their personal automobiles for completion of their newspaper deliveries.

23.    Common questions of law that exist include the following:

a.    Whether the Class Members, who each have the same job and contract with the Defendants as the representative Plaintiffs, have been improperly categorized by the Defendants as "independent contractors," and instead should be properly categorized as non-exempt employees;

b.    Whether the benefits and protections of the California Labor Code apply to Plaintiffs and Class Members when they are properly characterized as non-exempt employees;

c.    Whether Plaintiffs and each Class Member is entitled to remedial relief in the form of compensation for violations of the Labor Code as set forth hereinafter;

d.    Whether the Class Members are entitled to damages, penalties, interest, and attorneys' fees and costs, as provided by the Labor Code and Wage Order No. 1-2001; and

e.    Whether Class Members are entitled to injunctive relief to enjoin further violations of the Labor Code and Wage Order No. 1-2001.

**C.    Typicality**

24.    Plaintiffs' claims are typical of the claims of the Class Members in that Plaintiffs and the Class Members performed identical duties for the Defendants and were improperly classified as independent contractors, when they should have been classified as employees.  All Plaintiffs and Class Members sustained similar damages arising out of the Defendants' common course of conduct, which is in violation of laws and regulations governing the compensation of employees.

**D.    Adequacy of Representation**

25.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have no interests adverse to interests of the other Class Members. Proposed class co-counsel, the LAW OFFICES OF GREER & ASSOCIATES, APC, and the LAW OFFICES OF MARCY E. KAYE, are competent and experienced in litigation including substantial experience with class action litigation and wage and hour cases.

**E.    Superiority of Class Action**

26.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the class is impractical and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Class action treatment will permit a large number of similarly situated persons to prosecute their claims in a single forum, simultaneously and efficiently for both the parties and the court system, without the unnecessary duplication of effort and expense that many individual actions would require. Furthermore, as the damages suffered by many individual members of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudicating each individual claim would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

///

**FIRST CAUSE OF ACTION**
**(Against All Defendants)**

**Failure to Pay Minimum Wage, Hourly Wages, and Overtime Wages**
**(Labor Code §§1194 and 1197)**

27.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-26, supra, as though fully set forth herein.

28.    During the Class Period, the Defendants had a consistent and common policy of failing to pay minimum wages, contracted hourly wages, and overtime wages to newspaper home delivery carriers, including Plaintiffs and Class Members, and failing to provide itemized records reflecting all hours worked by said employees, in violation of California state wage and hour laws.

29.    During the Class Period, the Defendants had a consistent and common policy of requiring newspaper home delivery carriers, including Plaintiffs and Class Members, to work for the first eight hours on the seventh consecutive day of work in a workweek without compensating said employees at the rate of one and one-half of said employees' regular rate of pay, and thus willfully violating Labor Code §§1194 and 1197.

30.    As a proximate result of the unlawful acts of the Defendants, Plaintiffs and the Class Members have been damaged in an amount according to proof at the time of trial and are entitled to recovery of such amount, plus interest thereon, and attorneys' fees and costs, under Labor Code §§1194.

**SECOND CAUSE OF ACTION**
**(Against All Defendants)**

**Failure to Provide Proper Meal Periods, or Compensation in Lieu Thereof (Labor Code §§226.7, 512; IWC Orders; Cal. Code Regs., Title 8 §11010)**

31.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-30, supra, as though fully set forth herein.

32.    By its failure to authorize and allow Plaintiffs and the other newspaper home delivery carriers  thirty minute meal periods for days on which they worked in excess of five hours, and by its failure to provide in-lieu compensation, the Defendants willfully violated the provisions of Labor Code §512 and the applicable Wage Orders of the California Department of

1    Labor.

2        33.    By failing to keep time records required by Labor Code §§226 and 1174(d), the

3    Defendants have made it difficult to calculate the unpaid meal period compensation due to

4    Plaintiffs and other newspaper home delivery carriers.

5        34.    As a proximate result of the Defendants' unlawful acts, Plaintiffs and other

6    newspaper home delivery carriers have been deprived and are each entitled to one hour of

7    additional pay per day for each such violation as provided for by Labor Code §226.7 and IWC

8    Wage Orders Nos. 1-1998, 1-2000, and 1-2001, plus interest thereon, attorneys' fees and costs.

9

10                          **THIRD CAUSE OF ACTION**
                               **(Against All Defendants)**

11

        **Failure to Provide Rest Breaks, or Compensation in Lieu Thereof (Labor Code §§226.7;**
12        **IWC Order Nos. 1-1998, 1-2000, 1-2001; Cal. Code Regs., Title 8, §11010)**

13       35.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-34,

14    supra, as though fully set forth herein.

15       36.    By its failure to provide rest breaks for every four hours or major fraction thereof

16    worked per day by the newspaper home delivery carriers, including Plaintiffs, and by its failure to

17    provide in-lieu compensation for such unprovided rest breaks, as alleged above, the Defendants

18    willfully violated the provision of Labor Code §226.7 and IWC Wage Order Nos. 1-1998, 1-2000,

19    and 1-2001. Plaintiffs and other newspaper home delivery carriers did not willfully waive rest

20    periods through any mutual consent with the Defendant.

21       37.    By failing to keep time records required by Labor Code §§226 and 1174(d), the

22    Defendants have made it difficult to calculate the unpaid rest period compensation due to

23    Plaintiffs and other newspaper home delivery carriers.

24       38.    As a proximate result of the Defendants' unlawful acts, Plaintiffs and other

25    newspaper home delivery carriers have been deprived and are each entitled to one hour of

26    additional pay per day for each such violation as provided for by Labor Code §226.7 and IWC

27    Wage Orders Nos. 1-1998, 1-2000, and 1-2001, plus interest thereon, attorneys' fees and costs.

28

## FOURTH CAUSE OF ACTION
### (Against All Defendants)

**Failure to Reimburse for Reasonable Business Expenses (Violation of Labor Code §2802; Wage Order 1-2001, Cal. Code Regs., Title 8 §11010 Sec. 8)**

39.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-38, supra, as though fully set forth herein.

40.     California Labor Code §2802(a) provides in pertinent part that:

"An employer shall indemnify his or her employee for all necessary expenditures

or losses incurred by the employee in direct consequence of the discharge of his or

her duties, or of his or her obedience to the directions of the employer, even though

unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

Furthermore, Wage Order 1-2001, Section 8, provides that:

"No employer shall make any deduction from the wage or require any

reimbursement from an employee for any cash shortage, breakage, or loss of

equipment, unless it can be shown that the shortage, breakage, or loss is caused by

a dishonest or willful act, or by the gross negligence of the employee."

41.    During the Class Period, Plaintiffs and the Class Members incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of the Defendants as follows:

42.    Plaintiffs and the Class Members were required by the Defendants to provide their own vehicles in order to deliver the Defendants' newspapers, and in connection with provision of their own vehicles and the delivery of the Defendants' newspapers, the Plaintiffs and the Class Members necessarily incurred expenditures for gasoline, maintenance, and insurance. As well, they incurred losses associated with wear and tear to their vehicles. On information and belief, none of these expenditures or losses were reimbursed by the Defendants to Plaintiffs and the Class Members, with the exception of periodic "Temporary Gas Credits."

43.    The Defendants routinely made deductions from the Plaintiffs' and Class Members' wages for each alleged complaint it received from its customers for, among other things, damaged papers, wet papers, and allegedly undelivered papers. Even though most, if not

all, of these complained of damages and losses were beyond the Plaintiffs' and Class Members' control, or due to the simple negligence of the Plaintiffs and Class Members, the Defendants nevertheless wrongfully and willfully made deductions from the Plaintiffs' and Class Members' wages of up to $5.00 per complaint and for "redelivery fees." The Defendants made said deductions as part of a wrongful attempt to make the Plaintiffs and Class Members insurers of the Defendants' merchandise, which purpose is prohibited by California law. Said deductions were made by the Defendants as part of a deliberate subterfuge that was designed, constructed, implemented and administered to circumvent the clear prohibitions of California case law and IWC Wage Order 1-2001 (8 C.C.R. §11010).

44.    The Defendants also required Plaintiffs and Class Members to pay "Distribution Center Charges" and to purchase plastic bags used to hold newspapers together and to protect the newspapers in inclement weather. The Defendants routinely made deductions for plastic bags from the wages of the Plaintiffs and the Class Members in contravention of IWC Wage Order No. 1-2001 §9(B) (8 C.C.R. §11010).

45.    The Defendants routinely deducted from the wages of Plaintiffs and the Class Members an amount for the premium on insurance to cover accidental injury to them arising during the course of their employment with the Defendant, which insurance constitutes workers' compensation insurance. Said deductions violated Labor Code §3751(a).

46.    The Defendants routinely deducted from the wages of Plaintiffs and the Class Members an amount for premiums on surety bonds to secure the performance of the Plaintiffs and the Class Members of their employment duties. Said deductions violated Labor Code §401 which provides that if a bond of an employee is required by an employer, the cost of the bond shall be paid by the employer.

47.    The Defendants routinely provided Plaintiffs and the Class Members with newspapers in excess of the number that was needed to complete their respective delivery routes, and then the Defendants routinely made deductions from the Plaintiffs' and Class Members' wages of $0.5-$0.15 for each and every extra newspaper and charged Class Members for their own mandatory subscription to the newspaper. These deductions were made even though the extra

newspapers were given to the Plaintiffs and Class Members by the Defendants as a result of its own mistake. These deductions were made regardless of whether the Plaintiffs and Class Members returned the extra newspapers to the Defendant. The Defendants made said deductions as part of a wrongful attempt to make the Plaintiffs and Class Members insurers of the Defendants' merchandise, which purpose is prohibited by California law. Said deductions were made by the Defendants as part of a deliberate subterfuge that was designed, constructed, implemented and administered to circumvent the clear prohibitions of IWC Wage Order No. 1-2001 (8 C.C.R. §11010), which provides that no employer shall make any deduction from the wages of an employee for any loss of or damage to equipment, unless it can be shown that the loss or damage was caused by a dishonest or willful act, or by the gross negligence, of the employee.

48.    Plaintiffs are informed and believe that pursuant to California Labor Code §2802 and Wage Order 1-2001, Section 8, Plaintiffs and the class members are entitled to recover their unreimbursed expenditures and losses, interest, and attorneys' fees and costs, in amounts to be proven at the time of trial.

## FIFTH CAUSE OF ACTION
### (Against All Defendants)

### Unlawful Withholding of Wages Due
**(Labor Code §221, 223; Wage Order 1-2001 Cal. Code Regs., Title 8, §11010, Section 9)**

49.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-48, supra, as though fully set forth herein.

50.    The illegal deductions charged by the Defendants against the wages of the Plaintiffs and Class Members, as described in the Fourth Cause of Action, supra, constituted a device utilized by the Defendants to pay Plaintiffs and Class Members less than their stated wages. Those illegal deductions include: (1) deductions made for customer complaints about alleged damages not caused by a dishonest or willful act or by the gross negligence of Plaintiffs and the Class Members; (2) deductions made for "Distribution Center Charges" and plastic bags required by the Defendants as necessary to the performance of the Plaintiffs' and Class Members' duties; (3) deductions made for the cost of Workers' Compensation insurance; (4) failure to pay earned tips; (5) deductions made for surety bonds; and (6) deductions made for "loss" of excess

1    newspapers, which loss was not caused by a dishonest or willful act or by the gross negligence of

2    Plaintiffs and the Class Members.

3        51.    Said illegal deductions amounted to an unlawful withholding of wages due

4    Plaintiffs and the Class Members and constituted a violation of Labor Code §221 by the

5    Defendant. As a proximate result of the unlawful acts of the Defendant, Plaintiffs and the Class

6    Members have been damaged in an amount according to proof at the time of trial. Under Labor

7    Code §218.5, Plaintiffs and the Class Members are entitled to recover their attorneys' fees and

8    costs, in an amount to be proven at the time of trial.  Plaintiffs and the Class Members are further

9    entitled to recover interest on all due and unpaid wages from the date that the wages were due and

10   payable, pursuant to Labor Code §218.6.

11

12                        **SIXTH CAUSE OF ACTION**
                           **(Against All Defendants)**

13

14                    **Failure to Provide Itemized Wage Statements**
        **(Violation of IWC Wage Order No. 1-2001(7) and Labor Code §226, §226.3)**

15       52.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-51,

16   supra, as though fully set forth herein.

17       53.    California Labor Code §226(a) provides in pertinent part:

18       "Every employer shall, semi-monthly or at the time of each payment of wages,

19       furnish each of his or her employees, either as a detachable part of the check, draft,

20       or voucher paying the employee's wages, or separately when wages are paid by

21       personal check or cash, an itemized statement in writing showing (1) gross wages

22       earned, (2) total hours worked by the employee, except for any employee whose

23       compensation is solely based on a salary and who is exempt from payment of

24       overtime under subdivision (a) of Section 515 or any applicable order of the

25       Industrial Welfare Commission, (3) the number of piece-rate units earned and any

26       applicable piece rate if the employee is paid on a piece-rate basis, (4) all

27       deductions, provided, that all deductions made on written orders of the employee

28       may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive

1    dates of the period for which the employee is paid, (7) the name of the employee

2    and his or her social security number, (8) the name and address of the legal entity

3    that is the employer, and (9) all applicable hourly rates in effect during the pay

4    period and the corresponding number of hours worked at each hourly rate by the

5    employee. The deductions made from payments of wages shall be recorded in ink

6    or other indelible form, properly dated, showing the month, day, and year, and a

7    copy of the statement or a record of the deductions shall be kept on file by the

8    employer for at least three years at the place of employment or a central location

9    within the State of California."

10   54.    Similarly, IWC Wage Order No. 1-2001 (8 C.C.R. §11010), paragraph (7)(B)

11   requires employers, semi-monthly or at the time of each payment of wages, to furnish each

12   employee with an itemized statement in writing showing, among other things, all deductions. The

13   Defendants' failure to provide such itemized statements to each and every Plaintiff and Class

14   Member is also a violation of IWC Wage Order No. 1-2001.

15   55.    During the Class Period, the Defendants routinely failed to provide to each and

16   every one of the Plaintiffs and the Class Members, at the time of each payment of wages, an

17   itemized statement in writing showing the total hours worked by the employee. The Defendants'

18   failure to provide itemized statements of hours worked to the Plaintiffs and the Class Members

19   was knowing and intentional and was in violation of Labor Code §226(a).  In addition to not

20   stating the hours worked, the monthly statements Defendants provided to Class Members also

21   violated the semi-monthly requirement of Labor Code §226(a).

22   56.    Plaintiffs and the Class Members suffered injuries as a result of the knowing and

23   intentional failure of the Defendants to comply with Labor Code §226(a), and IWC Wage Order

24   No. 1-2001, in that the Defendants' failure to provide each and every one of them with an

25   itemized wage statement made it impossible for the Plaintiffs and the Class members to be aware

26   that their wages fell below the statutory hourly minimum wage and that they were due overtime

27   pay. Plaintiffs contend that the Defendants' failure to provide the Plaintiffs and the Class

28   Members with itemized wage statements was a deliberate subterfuge that was implemented and

administered to hide the fact that the Defendants were failing to pay all wages earned, and, in certain instances, was paying Plaintiffs and the Class Members less than the statutory minimum wage.

57.    Plaintiffs are informed and believe that the Defendants' knowing and intentional failure to furnish Plaintiffs and the Class Members with itemized wage statements violated Labor Code §226(a), as well as §(7)(b) of IWC Wage Order No. 1-2001. Labor Code §226(e) entitles Plaintiffs and the Class Members to recover the greater of their actual damages caused by the Defendants' violation of Labor Code §226(a), or $50 for the initial pay period in which the violation occurred, and $100 per employee for each violation in subsequent pay periods, not exceeding an aggregate penalty of $4,000 per employee.

**SEVENTH CAUSE OF ACTION**
**(Against All Defendants)**

**Failure to Keep Accurate Payroll Records Showing Hours Worked**
**Daily by Newspaper Home Delivery Carriers**
**(Violation of Labor Code §1174(d) and IWC Wage Order No. 1-2001(7)(A))**

58.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-57, supra, as though fully set forth herein.

59.    California Labor Code §1174(d) requires an employer to keep at a central location in California or at the plant or establishment at which employees are employed, payroll records showing the hours worked daily by, and the wages paid to each employee. Plaintiffs are informed and believe that the Defendants willfully failed to make and keep such records for Plaintiffs and the Class Members.

60.    IWC Wage Order No. 1-2001, paragraph (7)(A) requires that every employer shall keep accurate information with respect to each employee, including time records showing when each employee beings and ends each work period, the total daily hours worked by each employee, and the total hours worked in each payroll period, and applicable rates of pay. Plaintiffs are informed and believe that the Defendants failed to make and keep such records for Plaintiffs and the Class Members.

61.     Plaintiffs are informed and believe that the Defendants' failure to keep payroll records and accurate employee information, as described above, violated Labor Code §1174(d) and IWC Wage Order No. 1-2001(7)(A).

62.     Plaintiffs are informed and believe that the Defendants' failure to keep and maintain records and information, as described above, was willful, and Plaintiffs and the class members are therefore entitled to a civil penalty of $500 for each Plaintiff and Class Member, pursuant to Labor Code §1174.5.

### EIGHTH CAUSE OF ACTION
**(Against All Defendants)**

**Waiting Time Penalties**
**(Labor Code §201, §202, and §203)**

63.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-62, supra, as though fully set forth herein.

64.     Sections 201 and 202 of the California Labor Code require employers to pay their employees all wages due within 72 hours of termination of employment. Plaintiffs are informed and believe that the Defendants willfully failed and refused to pay the final two weeks' wages of certain Plaintiffs and Class members who are former newspaper home delivery carriers of the Defendant, in violation of Labor Code §201 and 202.

65.     Labor Code §203 provides that if an employer willfully fails to timely pay wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced. The penalty cannot exceed 30 days of wages.

66.     As a consequence of the Defendants' willful conduct in not paying the final two weeks' wages to terminated employees, as described above, the affected Plaintiffs and Class Members are entitled to thirty days' wages as a penalty under Labor Code §203.

67.     Pursuant to California Labor Code §218.5, Plaintiffs and the Class Members are entitled to recover attorneys' fees and costs in amounts to be proven at the time of trial, in addition to the damages described above. Plaintiffs and the Class Members are further entitled to

1  recover interest on all due and unpaid wages from the date that the wages were due and payable,

2  pursuant to Labor Code §218.6.

3

4  **NINTH CAUSE OF ACTION**
   **UNFAIR BUSINESS PRACTICES**
5  **(Against All Defendants)**

6  **(Violation of Business & Professions Code §17200 et seq.)**

7  68.    Plaintiffs, on behalf of themselves and all others similarly situated and on behalf of

8  the general public as appropriate, incorporate by reference the allegations set forth in paragraphs

9  1-67, supra, as though fully set forth herein, and further allege as follows:

10  69.    Plaintiffs are informed and believe that the Defendants' improper classification of

11  Class Members as independent contractors and its unlawful failure to pay minimum, regular, and

12  overtime wages; its illegal failure to provide rest periods or in lieu compensation; its unlawful

13  deductions from the wages of Plaintiffs and Class Members; its unlawful failure to reimburse

14  Plaintiffs and Class Members for necessary expenses incurred in performing their jobs; its

15  unlawful failure to provide Plaintiffs and Class Members with itemized wage statements; and its

16  unlawful failure to pay wages to terminated employees constitute unlawful, unfair, and fraudulent

17  business practices, in violation of California Business & Professions Code §§17200, et seq.

18  70.    California Labor Code §450 provides that no employer may compel or coerce any

19  employee to purchase anything of value from the employer. The Defendants' requirement that

20  Plaintiffs and the Class Members purchase plastic bags from the Defendants and pay

21  "Distribution Center Charges," which items were necessary for the performance of their jobs,

22  constituted a violation of Labor Code §450, and was thus an unlawful business practice.

23  71.    The Defendants' failure to pay Plaintiffs and Class Members in a lawful manner as

24  set forth above and below is fraudulent and deceptive and constitutes an ongoing and continuous

25  unfair business practice within the meaning of Business and Professions Code §§17200 et seq.

26  Members of the public have been deceived in the past and will in the future continue to be

27  deceived by these continuous unfair business practices.

28  72.    The illegal conduct alleged herein is continuing, and there is no indication that the

1   Defendants will not continue such activity in the future. Plaintiffs allege that if the Defendants are

2   not enjoined from said illegal conduct, it will continue to fail to pay legal hourly and overtime

3   wages and will continue to fail to provide rest and meal periods or provide appropriate

4   compensation in lieu thereof.

5       73.    Plaintiffs request that the court issue a preliminary and permanent injunction

6   prohibiting the Defendants from requiring Plaintiffs and Class Members to work without legal

7   hourly and overtime compensation and from continuing to fail to provide rest or meal periods

8   without appropriate compensation in lieu thereof.

9       74.    Pursuant to Business & Professions Code §17203, Plaintiffs and the Class

10  Members are entitled to restitution of the amounts of the illegal deductions, unpaid minimum,

11  hourly and overtime wages, unpaid rest break and meal period, compensation, as well as

12  reimbursement of all necessary expenditures and losses incurred by Plaintiffs and the Class

13  Members in the discharge of their duties.

14      75.    Plaintiffs are informed and believe, and thereon allege, that the Defendants are

15  unjustly enriched through its failure to pay legal hourly and overtime wages and rest and meal

16  period to Plaintiffs and other newspaper home delivery carriers. In addition, unless the Court

17  imposes an injunction against the Defendants requiring the Defendants to stop making illegal

18  deductions, pay all legal hourly and overtime wages, and reimburse for necessary expenditures

19  and losses, Plaintiffs, the Class Members, and the general public will suffer continuing and

20  irreparable harm and will have no adequate remedy at law. Plaintiffs bring this cause of action

21  individually and as members of the general public and as representatives of all of those who are

22  subject to the Defendants' unlawful acts and practices.

23      76.    Accordingly, Plaintiffs and the Class Members request that the Court enter a

24  preliminary and permanent injunction requiring the Defendants to cease and desist from its

25  unlawful business practices and properly compute and pay to Plaintiffs and the Class Members

26  the amounts of all illegal deductions and unpaid wages and to reimburse them for the necessary

27  expenses and losses they incurred in carrying out their employment duties. Further, Plaintiffs and

28  Class Members request attorneys' fees and costs pursuant to California Code of Civil Procedure

1  §1021.5 upon proof they have acted in the public interest.

2

3                              **PRAYER FOR DAMAGES**

4  WHEREFORE, Plaintiffs pray for judgment against the Defendant, as follows:

5          **As to Causes of Action One through Eight:**

6          1.    For compensatory damages in an amount according to proof with interest thereon;

7          2.    For economic and/or special damages, and/or liquidated damages in an amount

8                according to proof with interest thereon;

9          3.    For enforcement of all other rights and benefits Plaintiffs may be entitled to under

10               law and a finding of employment status;

11         **As to Causes of Action Six and Seven:**

12         4.    For penalties to the extent allowed by law, according to proof;

13         **As to the Fourth Cause of Action:**

14         5.    For reimbursement of work related expenses (Labor Code §2802);

15         **As to the Ninth Cause of Action:**

16         6.    That the Defendants be found to have engaged in unfair competition in violation of

17               §17200, et. seq. of the California Business and Professions Code;

18         7.    That the Defendants be ordered and enjoined to make restitution to Plaintiffs and

19               other similarly situated employees due to their unfair competition, including

20               disgorgement of wrongfully-withheld wages and tips,  and unreimbursed expenses,

21               pursuant to California Business and Professions Code §§17203 and 17204;

22         8.    That Defendants be enjoined from continuing the illegal course of conduct alleged

23               herein;

24         9.    That Defendants further be enjoined to cease and desist from unfair competition in

25               violation of §17200, et. seq. of the California Business and Professions Code;

26         10.   That Defendants be enjoined from further restraint of trade or unfair competition;

27         **As to All Causes of Action:**

28         11.   For attorneys' fees and costs of suit;

12.    Prejudgment interest; and

13.    Such other relief as the Court deems just and proper.

Dated: August 27, 2008                          Respectfully submitted,
                                                GREER & ASSOCIATES, APC


                                                _____/S/_____
                                                C. Keith Greer
                                                Julie A. Lowell
                                                Attorneys for Plaintiffs

1

2

## **DEMAND FOR JURY TRIAL**

3     Plaintiffs hereby demand a trial by jury of all factual issues arising hereunder.

4  Dated: August 27, 2008                          GREER & ASSOCIATES, APC

5

6

7                                         _____/S/_____
                                          C. Keith Greer
8                                         Julie A. Lowell
                                          Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint, Dalton v. Lee Publications Case No. 08-CV-1072 BTM NLS