# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE DALTON, et al.,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br>LEE PUBLICATIONS, INC., et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 08cv1072 BTM (NLS)<br><br>**ORDER DENYING MOTION TO DISMISS OR STRIKE** |

On September 9, 2008 Defendant Lee Publications filed a Motion to Dismiss or Strike Plaintiffs' First Amended Complaint [Docket No. 11]. Plaintiffs filed their response on November 2, 2008. On November 6, 2008, Defendant filed its reply. For the reasons discussed below, Defendant's Motion to Dismiss or Strike is **DENIED.**

## I. BACKGROUND

The following facts are taken from the Complaint. The Court makes no finding as to the truthfulness of the allegations of the Complaint.

Defendant Lee Publications, Inc. operates the *North County Times*, a newspaper of general circulation in the San Diego area. (First Am. Compl. ("FAC") ¶¶ 9, 12.) Plaintiffs are current and former home delivery newspaper carriers for Defendant. (FAC ¶ 7.) Plaintiffs perform several functions at distribution centers owned and operated by Defendant. (FAC ¶ 13.) For example, Plaintiffs fold and/or insert pre-prints, supplements, inserts, samples, and other products into plastic bags, which bags the Defendant requires Plaintiffs to

purchase for delivery of the papers.  (Id.)  Defendant uses computer systems to instruct Plaintiffs on delivering newspapers.  (FAC ¶ 14.)  Defendant requires no special education, certification, or licensing (beyond a license to operate a car) to perform work as a home delivery carrier.  (FAC ¶ 15.)  Defendant classifies Plaintiffs as independent contractors, not employees.  (FAC ¶ 17.)

On April 18, 2008, Plaintiffs filed a complaint in the Superior Court of California. Defendant removed the case to the district court on June 17, 2008 pursuant to 28 U.S.C. 1441(a) [Docket No. 1].  On August 21, 2008, Plaintiffs filed their First Amended Complaint ("FAC").  Plaintiffs alleged nine causes of action, including (1) failure to pay minimum wage, hourly wages, and overtime wages, (2) failure to provide proper meal periods or compensation in lieu thereof, (3) failure to provide rest breaks or compensation in lieu thereof, (4) failure to reimburse for reasonable business expenses, (5) unlawful withholding of wages due, (6) failure to provide itemized wage statements, (7) failure to keep accurate payroll records showing hours worked daily by Plaintiffs, (8) waiting time penalties, and (9) unfair business practices.  On September 2, 2008, Defendant filed the instant Motion to Dismiss or Strike.

## II. **DISCUSSION**

In support of their Motion to Dismiss or Strike Plaintiff's FAC, Defendant makes three arguments.  First, Defendant claims that Plaintiff's class definition should be stricken to the extent that it conflicts with applicable statutes of limitations.  Second, Defendant argues that Plaintiff's overtime, meal, and rest claims should be dismissed  or that the FAC should be stricken as to those claims.  Third, Defendant alleges that Plaintiffs' automobile expense reimbursement claims should be dismissed for failure to state a claim upon which relief may be granted.

A. Statute of Limitations

Defendant first argues that the Court should strike Plaintiffs' class definition to the

extent that it includes some members whose claims will be barred by the applicable statutes of limitations. Plaintiff's putative class consists of all persons presently and formerly engaged as independent contractor *North County Times* newspaper carriers since April 14, 2004. (FAC ¶ 1.)  A one year statute of limitations period applies to Plaintiffs' claims for penalties under California Labor Codes Sections 226, 1174, and 1197.1.  (See Cal. Civ. Proc. Code § 340(a).)  A three year statute of limitations period applies to Plaintiff's claim under Section 203.  (See Cal. Civ. Proc. Code § 338(a).)

Defendant correctly points out that any claims by class members whose contracts ended prior to the applicable statute of limitations period may be barred. However, the issue of the applicability of the statute of limitations is more appropriately addressed in a motion for partial summary judgment or class certification.  Whether or not there are issues of tolling cannot be ascertained on the record before the court.  The motion to dismiss or strike based on the statute of limitations is **DENIED** without prejudice.

B.  <u>Overtime, Meal, and Rest Claims</u>

Defendant next argues that the Court should dismiss or strike Plaintiffs' class overtime (First Cause of Action), meal (Second Cause of Action), and rest period (Third Cause of Action) claims.

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  The plaintiff must set forth only a "short and plain statement" of the claim showing that plaintiff is entitled to relief.  Conley v. Gibson, 355 U.S. 41, 47 (1957).  When reviewing a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded facts of the complaint as true and construes them in the light most favorable to the nonmoving party.  Decker v. Advantage Fund, Ltd., 362 F.3d 593, 595 (9th Cir. 2004).

Defendant makes two arguments in support of their assertion that the Court should strike or dismiss Plaintiffs' overtime, meal, and rest claims.  First, Defendant claims that

individual issues predominate with respect to these claims.  Second, Defendant alleges that Plaintiffs' FAC fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(a).

### 1. Commonality

Courts construe Rule 23(a)(2)'s commonality requirement permissively. "All questions of fact and law need not be common to satisfy the rule.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998).  Defendant relies primarily on Brinker Restaurant Corp. v. Superior Court, 80 Cal. Rptr. 3d 781 (Cal. App. 2008) to argue that Plaintiff's class lacks commonality with regard to meal and rest claims.  Because the California Supreme Court recently granted review of Brinker, however, it has no precedential value.  (Cal. Rules of Ct., Rules 8.1105(e)(1), 8.1115(a).)  Defendant also relies on two other unpublished federal district court opinions that cite to the California Court of Appeals decision in Brinker.  Even disregarding their questionable precedential value, those cases address an issue different from the one here.  Brinker held that while employers have a duty to *provide* meal breaks, they need not *ensure* that employees actually take them.  80 Cal. Rptr. 3d at 807.  Brinker denied certification because the employer in that case actually authorized meal breaks but individual issues predominated on the question of whether the employees were otherwise prohibited from taking them.

Plaintiffs, however, allege that the primary issue here is whether Defendant improperly classified them as "independent contractors" rather than "employees," depriving them of the benefits and protections offered to employees by the California Labor Code.  (FAC ¶¶ 22, 23(c).)  Further, Plaintiffs claim that, on the basis of this classification, Defendant failed to *authorize* or *provide* meal and rest periods.  Courts have  allowed actions to proceed where plaintiffs' meal and rest break claims focused on an employer's failure to provide, authorize, or permit breaks commonly to a class of employees.  See Cicairos v. Summit Logistics, Inc.,

133 Cal. App. 4th 949, 962–963 (2005) (holding that employer failed to provide required meal and rest periods to class of truck drivers where it instructed drivers that they had a right to breaks, but failed to include a requisite code in the computer system tracking drivers' activities, and pressured drivers to make more than one trip per day); Cervantez v. Celestica Corp., 253 F.R.D. 562, 573 (C.D. Cal. 2008) (finding commonality where plaintiffs presented anecdotal, direct factual, and statistical evidence from which the court could infer a corporate policy of not offering an additional meal period when employees worked over ten hour shifts); Otsuka v. Polo Ralph Lauren Corp., 251 F.R.D. 439, 445 (N.D. Cal. 2008) (finding commonality prerequisite satisfied where plaintiffs claimed that "Defendant had a policy of not providing or discouraging breaks.")

Although some facts may diverge among members of Plaintiffs' class, the common legal issue regarding whether Defendant should have classified them as employees, rather than independent contractors, predominates.  Again, the Court finds that the issue of commonality would be better addressed on a full record on a motion for class certification. Therefore, at this early stage of the case, the Court rejects Defendant's argument that Plaintiffs cannot satisfy the prerequisite of commonality as to their overtime, rest, and meal period claims.

2. Rule 8(a)

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Courts need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008).  A complaint may be properly dismissed "if it fails to 'plead enough facts to state a claim to relief that is plausible on its face.'"  Id. (quoting Weber v, Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008)).  "But, so long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary

1  grounds." Id. at 1057.

2  Defendant argues that Plaintiffs' claims should be dismissed because their FAC fails to allege facts indicating that any named Plaintiff was actually denied overtime pay or a meal or rest break.  Defendant also claims that Plaintiffs fail to allege any class-wide policy by which Defendant denied meal or rest breaks.  The Court disagrees with Defendant's assertions.  Rather, Plaintiffs' FAC claims that Defendant improperly classified Plaintiffs as independent contractors.  (FAC ¶ 1.)  Based on this allegedly erroneous classification, Plaintiffs assert that Defendant failed to offer any overtime pay, meal or rest breaks that California law requires employers to provide to their employees. (FAC ¶¶ 19, 27–29, 31, 32, 35, 36.)  The Court finds that, at this early stage of the proceedings, Plaintiff has alleged facts sufficient to support facially plausible overtime and meal and rest break claims.  Therefore, the Court **DENIES** Defendant's motion to dismiss or strike Plaintiffs' overtime and meal and rest break causes of action.

C. Expense Reimbursement Claims

Defendant finally argues that Plaintiffs' expense reimbursement claim should be dismissed for failure to state a claim.  Defendant contends that there is no statutory right to reimbursement for automobile expenses under Cal. Labor Code § 2802 ("Section 2802"), as Plaintiffs allege in their Fourth Cause of Action. The Court disagrees.

California courts have found a right to reimbursement for automobile expenses under Section 2802.  For example, in Estrada v. FedEx Ground Package System, Inc., 154 Cal. App. 4th 1, 24–25 (2007) the California Court of Appeals held that an applicant or employee could be required, as a condition of employment, to furnish his or her own vehicle. The Court of Appeals stated that "it is perfectly lawful for an employer to require its employees

///
///
///

to provide their own vehicles as a condition of employment, *provided only that the employees must be reimbursed for the expenses thereby incurred.*"[1]  Id.  In Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal. 4th 554, 575 (2007), the California Supreme Court similarly found that the defendant employer was obliged to reimburse its sales representative employees for automobile expenses when it held that the employer could satisfy this burden through enhanced compensation rather than separate reimbursement for actual expenses.  The California Supreme Court affirmed the judgments of the trial and appellate courts in Gattuso, which had rejected the defendant's contention that it had no automobile reimbursement obligation under Section 2802.

The Court finds that Estrada and Gattuso stand for the proposition that Section 2802 provides a statutory right to reimbursement for automobile expenses.  Thus, the Court **DENIES** Defendant's motion to dismiss Plaintiff's claims for automobile expense reimbursement under Section 2802.

## CONCLUSION

For the reasons explained above, the Court hereby **DENIES** Defendant' Motion to Dismiss or Strike in its entirety.

**IT IS SO ORDERED.**

DATED:  January 7, 2009

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge

---

[1] In stating this conclusion, the Court of Appeals cited bulletins and opinion letters issued by the Department of Industrial and Labor Relations, Division of Labor Standards Enforcement.  Defendant argue that because the DLSE interpretations of Section 2802 do not comport with requirements of the Administrative Procedures Act, they are void and entitled to no deference.  See Tidewater Marine Western, Inc. v. Bradshaw, 14 Cal. 4th 557, 575–576 (1996).  Nevertheless, even where no weight should be given to an agency interpretation, courts may still consider whether the agency interpretation was correct.  Id. at 577.  "[A] court may adopt a DLSE statutory interpretation embodied in a void regulation if the court independently determines that the interpretation is correct."  Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal. 4th 554, 563 (2007).