1  SEYFARTH SHAW LLP
   David D. Kadue (SBN 113578)
2  Dean A. Martoccia (SBN 193185)
   Erik B. von Zeipel (SBN 223956)
3  2029 Century Park East, Suite 3500
   Los Angeles, CA 90067-3021
4  Telephone:    (310) 277-7200
   Facsimile:    (310) 201-5219
5  dkadue@seyfarth.com
   dmartoccia@seyfarth.com
6  evonzeipel@seyfarth.com

7  SEYFARTH SHAW LLP
   Camille A. Olson (pro hac vice)
8  Richard B. Lapp (pro hac vice)
   131 South Dearborn Street, Suite 2400
9  Chicago, IL 60603
   Telephone:    (312) 460-5000
10 Facsimile:    (312) 460-7000
   colson@seyfarth.com
11 rlapp@seyfarth.com

12 Attorneys for Defendant
   LEE PUBLICATIONS, INC.
13 dba NORTH COUNTY TIMES

14                 UNITED STATES DISTRICT COURT

15                 SOUTHERN DISTRICT OF CALIFORNIA

16
   YVONNE DALTON, DIAN GARZA,           ) Case No. 08-CV-1072 BTM NLS
17 ARMINDA GUZMAN, SHARON HUGHEN,       )
   ETELVINA SALGADO, HECTOR MIGUEL      ) [HONORABLE BARRY TED MOSKOWITZ,
18 SALGADO, REFUGIO SANCHEZ and LUISA   )         COURTROOM 15]
   RAMIREZ FLORES, individually and on behalf)
19 of all others similarly situated,    ) **DEFENDANT'S RESPONSE TO
                                        ) PLAINTIFFS' MOTIONS TO STRIKE
20                                      ) SEPARATE STATEMENTS OF
              Plaintiffs,               ) MATERIAL FACT**
21                                      )
                                        )  SPECIAL BRIEFING SCHEDULE
22      v.                              )          ORDERED
                                        )
23                                      )  NO ORAL ARGUMENT UNLESS
   LEE PUBLICATIONS, INC., a Delaware   )  REQUESTED BY THE COURT
24 Corporation, dba NORTH COUNTY TIMES, )
   and DOES 1 through 50,               ) Date:       April 9, 2010
25                                      ) Time:       11:00 a.m.
                                        ) Courtroom:  15
26            Defendants.               )
                                        )
27 ─────────────────────────────────────)

28

12163975v.1

NCT's Response to Plaintiffs' Motions to Strike Separate Statements
Case No. 08-CV-1072 BTM NLS

## SUMMARY OF ARGUMENT

NCT filed Separate Statements in support of its Motion to Deny Class Certification and in support of its Opposition to Plaintiffs' Motion for Class Certification. These Separate Statements are authorized by Local Rule 7.1(f)(1).

The Plaintiffs, in identical filings on March 4 and March 10, 2010, moved to strike the Separate Statements, arguing that they contain "legal argument" in an attempt to "circumvent" the page limit imposed by Local Rule 7.1(h).[1] The Plaintiffs' motions to strike do not address Local Rule 7.1(f)(1).

On March 11, 2010, without waiting for NCT to respond, the Court ordered NCT to either voluntarily withdraw its Separate Statements or file a response by March 19, 2010. The order cites the page limits imposed by Local Rule 7.1(h), while stating that Plaintiffs "managed to file similar briefs in compliance with the Local Rules." NCT now responds.

Plaintiffs' motions have misguided the Court on multiple levels. First, the Separate Statements are explicitly authorized by Local Rule 7.1(f)(1), a provision that the Plaintiffs' motions ignore and that the Court's order likewise does not address.

Second, Plaintiffs state that the Separate Statements contain legal argument when in fact they do not. The Separate Statement is a convenient shorthand reference to evidence within the appendix of evidence.

Third, while Plaintiffs' briefs (like NCT's) fall within the page limits of Local Rule 7.1(h), it is not true that Plaintiffs have filed "similar briefs." Plaintiffs shortened their presentation by studiously ignoring the leading Ninth Circuit authority on Rule 23(b)(3) (the *Countrywide* and *Wells Fargo* cases decided in July 2009); Plaintiffs have pursued class certification by asserting that certification is appropriate simply because NCT uniformly executes independent contractor agreements with the putative class. That approach creates a certain convenience for the Plaintiffs, permitting them to ignore the individualized experiences

---

[1] Plaintiffs' Motion to Strike Separate Statement in Support of Motion to Deny Class Certification ("Mot. to Strike Re Motion to Deny") at 2:1; Plaintiffs' Motion to Strike Separate Statement in Support of Opposition to Motion for Class Certification ("Mot. to Strike Re Motion for Cert.") at 2:4.

of class members and the differences in management practices that exist between the two or three NCT managers with whom they themselves dealt and the 20 or so NCT managers with whom they never dealt. Because Plaintiffs' approach permits them to ignore the facts that NCT's approach requires NCT to examine, it is not fair to say that the two sides have filed "similar briefs."

NCT does not voluntarily withdraw its Separate Statements, because they are tools expressly authorized by the Local Rules—to help the Court efficiently locate the evidence. In the alternative, NCT respectfully requests leave to file an over-long brief if the Court construes the Separate Statements as something beyond the appropriate separate statement that the rules require, given NCT's need to address—under its theory of class certification—the factual differences that the Plaintiffs' theory of class certification would deem as immaterial.

## ARGUMENT

### I. NCT's Separate Statements Are Expressly Authorized By Local Rule 7.1(f)(1).

Southern District Local Rule 7.1(f)(1) provides:

> **Motions, Notices, Statement of Facts.** Each motion or other request for ruling by the court shall be accompanied by a separate motion and notice of motion and another separate document captioned "Memorandum of Points and Authorities in support of [the motion]." *Where appropriate, a separate statement of material facts shall be supplied.*

(emphasis added). The Rule by its terms refers to *all* motions, not just summary judgment motions. A factually complicated motion such as a Rule 23 motion is potentially within the plain language of Rule 7.1(f). Given the factual complexity of NCT's argument, its Separate Statements are certainly "appropriate."

Plaintiffs make no argument to the contrary. (NCT certainly would have pointed out Local Rule 7.1(f)(1), had Plaintiffs contacted NCT to discuss their proposed motions to strike before filing them.)

The Separate Statements are not legal arguments in disguise. The evidence here is extensive. NCT's Separate Statements simply direct the reader to where the supporting evidence

appears in the Appendices of Evidence, and summarizes that evidence. The Separate Statements thus enable the Court to efficiently locate the evidence needed to make an informed decision.

Plaintiffs do not suggest an attractive alternative to the use of separate statements. Their preferred style is to make conclusory statements without providing any handy way to find the purportedly supporting evidence. Thus, for example, they state, without reference to factual authority, that "all carriers must pick up their papers at the Defendant's Distribution Centers."[2] This unsubstantiated assertion requires the reader to search through the voluminous exhibits attached to the attorney's declaration. This invitation to find a needle in a haystack is doubly inappropriate. First, Plaintiffs' method creates inconvenience for the reader, especially when compared to NCT's method of organizing and indexing the evidence through the use of separate statements.

Second, Plaintiffs' method obscures the *absence* of evidence for their assertions. There is in fact *no* evidence to assert that "all carriers must pick up their papers at the Defendant's Distribution Centers." The truth on this point is that some distributors do not use distribution centers at all and instead pick up their papers at drop-off sites. (For reference to the evidence supporting this sentence, see NCT's Separate Statement in Support of Motion to Deny Class Certification at ¶¶ 2, 44.)

II. **NCT's Separate Statements Do Not Contain "Legal Argument" to Circumvent The Page Limits Imposed By Local Rule 7.1(h).**

Plaintiffs err in asserting that the Separate Statements contain "legal argument" intended to circumvent the page limits of Local Rule 7.1(h). The Separate Statements contain no legal argument. Instead, they simply list the factual statements already contained in NCT's briefs, and identify the location of the evidence supporting those statements.[3]

---

[2] Plaintiffs' Opp. at 10:18.

[3] Plaintiffs argue that "[NCT's] brief in its entirety is 498 pages in length" (Mot. to Strike Re Motion to Deny at 2:21) (Mot. to Strike Re Motion for Cert. at 2:23). This hyperbole highlights the weakness of Plaintiffs' overall position. By their view, "legal argument" includes a notice of motion, table of contents, appendix of evidence, and each exhibit and declaration attached thereto.

Plaintiffs' assertion that the Separate Statements contain legal argument not already contained in NCT's briefs is unsupported by the *single* example they provide: they say that the Separate Statements contain "further briefing with substantive arguments" that "potential class members always understood themselves to be independent contractors."[4] But none of the Separate Statement paragraphs Plaintiffs cite—Paragraphs, 11, 12, and 18—support their proposition. Rather, Paragraphs 11 and 12 simply summarize independent contractor agreements and show where they appear in the record. There is no "further briefing" or independent "substantive argument." And Paragraph 18, which states that "The distributors vary in their understanding of their independent contractor status," simply restates a fact already asserted in NCT's brief,[5] while directing the Court to supporting evidence.

Contrary to Plaintiffs, then, the Separate Statements contain *no* argument that "potential class members always understood themselves to be independent contractors." NCT did not, as Plaintiffs suggest, develop a cunning scheme to circumvent the page limits.

### III. *King County* Does Not Support Striking NCT's Separate Statements.

Plaintiffs are misguided in their singular reliance on *King County v. Rasmussen*,[6] an easily distinguished case. In *King County*, the Ninth Circuit affirmed a district court order striking submissions the defendants made in supporting a motion for summary judgment. The district court found the submissions inconsistent with Western District of Washington Local Rule 7, which limited summary judgment briefs to 24 pages.[7]

Plaintiffs represent that NCT's Separate Statements are "essentially similar to what the defendants did in *King County*."[8] But in fact *King County* dramatically differs from our circumstances. First, *King County* did not involve the filing of a separate statement that contained no independent legal argument, and there is no Local Rule in the Western District of

---

[4] Mot. to Strike Re Motion to Deny at 3:28-4:3; Mot. to Strike Re Motion for Cert. at 4:4-7.
[5] NCT's Motion to Deny Class Certification 13:1-6.
[6] 299 F.3d 1077 (9th Cir. 2002).
[7] *Id.* at 1082-83.
[8] Mot. to Strike Re Motion to Deny at 3:9; Mot. to Strike Re Motion for Cert. at 3:11-12.

Washington that, like Local Rule 7.1(f), expressly authorizes a separate statement. Instead, the *King County* case involved the filing of two 34-page page briefs (*each containing legal argument*), a declaration (*also containing legal argument*), and a surrebuttal brief (*containing yet more legal argument*). Because the numerous submissions each contained independent "legal arguments," they deserved to be stricken as a circumvention of page limits.[9] Here, by contrast, NCT's Separate Statements provide no independent legal argument, but instead simply list factual statements already briefed, and identify the location of supporting evidence.

### IV. NCT's Separate Statements Are Appropriate, But, If Stricken, NCT Should Be Permitted Additional Briefing.

While Plaintiffs' briefs do fall within the page limits, it does not follow that fairness would dictate striking NCT's Separate Statements. Plaintiffs' briefs are not "similar" to NCT's, if "similar" in this context means addressing co-extensive subject matter. Plaintiffs' briefs rest on the narrow premise that certification is appropriate simply because NCT uniformly executes agreements with the putative class. In this respect Plaintiffs rely critically on the analysis of a district court in the *Wang* decision, which the Ninth Circuit has explicitly repudiated.

Whether their approach is right or wrong, the Plaintiffs' approach is an excuse to turn a blind eye to the extensive variations among distributors and among NCT managers. By the Plaintiffs' view, these variations are immaterial and therefore need not be addressed.

NCT has a different view of the law. Accordingly, NCT's filings address a far broader subject matter, encompassing the differences among class-member experiences and the numerous factors determining employee status, while specifying evidence supporting its analysis. NCT's filings (including its Separate Statements) are consistent with Local Rule.

In the alternative, NCT should be permitted leave to file over-long papers, as the scope of its theory and the evidence it has adduced would warrant an extraordinarily long filing.

---

[9] *Id.*

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motions to strike NCT's Separate Statements should be denied.

DATED: March 12, 2010            SEYFARTH SHAW LLP

                                 By:   s / Dean A. Martoccia
                                       David D. Kadue
                                       Dean A. Martoccia
                                 Attorneys for Defendant
                                 LEE PUBLICATIONS, INC.
                                 dba NORTH COUNTY TIMES
                                 E-mail:   dkadue@seyfarth.com
                                           dmartoccia@seyfarth.com

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2029 Century Park East, Suite 3500, Los Angeles, CA 90067-3021.

On March 12, 2010 I served the following described on the interested parties in this action:

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTIONS TO STRIKE SEPARATE STATEMENTS OF MATERIAL FACT**

[XX] I caused the above-referenced document(s) to be served on the following parties by using the Court's CM/ECF System on the following parties  This will constitute service of the document(s) for purposes of the Federal Rules of Civil, Criminal and Appellate Procedures:

> Curtis Keith Greer, Esq.
> LAW OFFICES OF GREER & ASSOC., A.P.C.
> 16787 Bernardo Center Drive, Suite 12
> San Diego, CA 92128
> Tel: (858) 613-6677
> Fax: (858) 613-6680
> Email: *greerkeith@aol.com*
>
> Marcy E. Kaye, Esq.
> 11770 Bernardo Plaza Court, Suite 305
> San Diego, CA  92128
> Telephone:  (858) 485-1569
> Facsimile:   (858) 485-0279
> Email:   *Modelatty@aol.com*

Executed March 12, 2010 at Los Angeles, California.

[ ]  **(VIA U.S. MAIL)**

[ ] by placing true copies thereof in sealed envelopes, addressed as stated below on the following parties:

[ ] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the day of deposit for mailing identified in the affidavit.

[XX]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Fern Jenkins*
Fern Jenkins

12163975v.1

Certificate of Service
Case No. 08-CV-1072 BTM NLS