# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE DALTON, et al.,<br><br>　　　　　Plaintiffs,<br>　v.<br>LEE PUBLICATIONS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 08cv1072 BTM (NLS)<br><br>**ORDER RE MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** |

Defendant Lee Publications is a newspaper publishing company. Hector Salgado is one of the lead plaintiffs in a class of newspaper home delivery carriers alleging that they are Defendant's employees, not independent contractors, and are thus entitled to certain benefits under the California labor laws.

Defendant seeks summary judgment as to Mr. Salgado on all of his claims, primarily on the ground that Mr. Salgado is an independent contractor, not an employee. If the Court rejects this basis for summary judgment, Defendant seeks partial summary judgment on individual claims for secondary reasons.

For the reasons that follow, Defendant's motion is **GRANTED** in part and **DENIED** in part. There is a genuine issue of material fact as to whether Plaintiff is an employee or independent contractor, and thus Defendant is not entitled to summary judgment as to all claims.

Plaintiff does not contest that Defendant is entitled to partial summary judgment on

(1) Mr. Salgado's meal claims for work beyond five daily hours and (2) his rest claims as to non-Sunday deliveries. Partial summary judgment is **GRANTED** on these non-contested issues. Plaintiff also does not contest that his claims under sections 226, 226.3, 1174.5, and 1197.1 are subject to a one-year statute of limitations. Partial summary judgment is **GRANTED** for all 226, 226.3, 1174.5, and 1197.1 claims arising more than one year before the complaint was filed on April 18, 2008. Partial summary judgment is also **GRANTED** as to section 226, 203, and 1174 claims due to Defendant's good faith belief that Plaintiff is an independent contractor and **GRANTED** as to section 450 claims due to absence of a genuine issue of material fact as to whether Defendant compelled or coerced distributors to purchase items of value from it. Summary judgment is **DENIED** as to all remaining issues.

## I. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322-23.

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 314. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials

of his pleadings." *Anderson*, 477 U.S. at 256. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. DISCUSSION

### A. Employee Vs. Independent Contractor Status

Defendant's main argument is that it is entitled to summary judgment on all of Plaintiff's claims because no reasonable jury could conclude that Plaintiff was an employee instead of an independent contractor. Under California law, the most important aspect of the employee-employer relationship is the "right to control the manner and means of accomplishing the result desired." *S. G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341, 350 (1989); *see also Cristler v. Express Messenger Sys., Inc.*, 171 Cal. App. 4th 72, 77 (2009) (citing *Empire Star Mines Co. v. Cal. Employment Comm'n*, 28 Cal. 2d 33, 43-44 (1946), overruled on other grounds by *People v. Sims*, 32 Cal. 3d 468, 479 n.8 (1982)).

Although control is the primary factor, California courts also consider several secondary factors. "Strong evidence in support of an employment relationship is the right to discharge at will, without cause." *Borello*, 48 Cal. 3d at 350; *Empire Star Mines*, 28 Cal. 2d at 43. Other secondary factors include (1) whether the one performing services is engaged in a distinct occupation; (2) the kind of occupation and whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (3) the skill required; (4) whether the principal or the worker supplies the tools and the place of work; (5) the length of time for which the services are to be performed; (6) the method of payment, by time or by job; (7) whether the work is a part of the regular business of the principal; (8) whether the parties believe they are creating an employer-employee relationship; (9) the hiree's degree of investment in his business and whether the hiree holds himself or herself out to be in business with an independent business license; (10) whether the hiree has employees; (11) the hiree's opportunity for profit or loss depending on his or

her managerial skill; and (12) whether the service rendered is an integral part of the alleged employer's business. *JKH Enterprises, Inc. v. Dep't of Indus. Relations*, 142 Cal. App. 4th 1046, 1064 n.14 (2006) (citing *Borello*, 48 Cal. 3d at 350-55).

These factors "cannot be applied mechanically as separate tests; they are intertwined and their weight depends often on particular combinations." *Borello*, 48 Cal. 3d at 351. For these reasons, the Ninth Circuit, applying California state law, recently expressed skepticism that the question of employment status can be decided at summary judgment: "[Because] no one factor is decisive, and that it is the rare case where the various factors will point with unanimity in one direction or the other, . . . we cannot readily say that the ultimate conclusion as to whether the workers are employees or independent contractors is one of law." (internal quotations and citations omitted). *Narayan v. EGL, Inc.*, 616 F.3d 895, 900 (9th Cir. 2010); *see also* WILLISTON ON CONTRACTS, § 54:2 ("The determination [of whether a person is an employee or independent contractor] is generally one of fact.").

Under California law, once a plaintiff comes forward with evidence that he provided services for an employer, it is presumed that there exists an employer/employee relationship. *Narayan*, 616 F.3d at 900 (citing *Robinson v. George*, 16 Cal. 2d 238, 244 (1940)). Such evidence establishes a prima facie case of employment, shifting the burden to the employer to prove, if it can, that the presumed employee was an independent contractor. *Id.* Plaintiff has established a prima facie case. Thus, Defendant must establish by "drawing all justifiable inferences from the uncontroverted evidence, . . . that a jury would be compelled to find that it had established by a preponderance of the evidence that [Plaintiffs] were independent contractors." *Id.*

In light of this presumption and the high hurdle of determining employment status as a matter of law under California's multi-factor test, the Court concludes that Defendant is not entitled to summary judgment on the issue of whether Plaintiff is an employee or independent contractor.[1]

---

[1] Defendant argues that the presumption of employee status and California's multi-faceted test apply only in workers' compensation cases. (Reply at 1-2.) The Court disagrees. As early as 1940, the Supreme Court of California applied this presumption in the

Defendant does not - and cannot - dispute that the delivery services provided by Plaintiff are an essential part of Defendant's regular business. Plaintiff has provided evidence that can support a finding that Defendant asserted control over the manner and means of delivering newspapers through, *inter alia*, specifying the time of delivery, requiring proper assembly of newspapers, providing a suggested route, and requiring newspapers to be picked up at Defendant's warehouse. Moreover, evidence of an employment relationship can be found in Defendant's ability to terminate distributors without cause with thirty days notice or with cause if subscriber complaints about delivery service exceed 1.5 complaints per one thousand newspapers delivered. *See generally Brose v. Union-Tribune Publ'g Co.*, 183 Cal. App. 3d 1079, 1085 (1986) (reversing summary judgment and finding triable issues of fact regarding status as employee or independent contractor where newspaper distributor could be terminated with thirty days notice or without notice if she violated the employment agreement in any way). Additionally, the delivery of newspapers does not require a high level of skill. *C.f. Narayan*, 616 F.3d at 903. Finally, "[t]hat the Drivers here had contracts 'expressly acknowledging that they were independent contractors' is simply not dispositive under California's test of employment." *Id.* at 904 (citing *Borello*, 769 P.2d at 403). Thus, as was the case in *Narayan*, "[u]nder California's multi-faceted test of employment, there is at the very least sufficient indicia of an employment relationship between [Plaintiff and Defendant] such that a reasonable jury could find the existence of such a relationship." *Id.* Defendant is not entitled to summary judgment on the ground that Plaintiff is an independent contractor.[2]

---

context of a tort action, *Robinson v. George*, 16 Cal. 2d 238, and the Ninth Circuit recently applied it in an action involving claims similar to those at issue in this case, *Narayan*, 616 F.3d 895. Defendant's latter argument has been addressed in a prior Order: "Because the Labor Code sections under which Plaintiffs sue are also designed to protect workers' rights, the Court applies the same standard, as other courts have done." (Order on Class Certification, dock. # 76 at 10 n.3) In short, the presumption that Plaintiff is an employee, along with California's multi-faceted test, apply to the instant case.

[2] The non-binding decisions included in Defendant's requests for judicial notice [dock. # 85, 94] regarding whether Fedex drivers in multi-district litigation are employees or independent contractors do not alter this conclusion. Only a portion of one decision addresses the application of California law to this issue and is distinguishable on its facts. [Dock. # 94, Exh. 1 at 42 (*In re Fedex Ground Package System, Inc., Employment Practices*

B. **Alternative Grounds For Summary Judgment**

1. Outside Salesperson Exemption

Defendant asserts that summary judgment is appropriate on Plaintiff's first, second, third, seventh, and ninth claims on the alternative ground that Plaintiff is an exempt outside sales person. An exempt outside sales person is "a person who customarily and regularly works more than half the working time away from the employer's place of business selling tangible or intangible items or obtaining orders or contracts for products, services, or use of facilities." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 938 (9th Cir. 2009).

Here, Defendant cannot establish that Plaintiff is engaged in "selling" newspapers. Defendant provides no evidence that newspaper distributors are actively engaged in soliciting new subscribers or that they buy newspapers from Defendant and resell them to subscribers. (*C.f.* Plaintiff Resp. Exh A at 2 (Operative agreement since March 2006 stating, "Title to the newspapers shall not pass to Contractor but shall remain with Company until delivered.")). Defendant's novel theory that Plaintiff engages in sales within the meaning of the exemption merely by "deliver[ing] the newspaper to a home subscriber in a dry and undamaged condition" (Mem. at 16) is unsupported by case law and not persuasive. Defendant is not entitled to summary judgment on this ground.

2. Minimum Wage Claim

Defendant asserts that it is entitled to summary adjudication on Plaintiff's claim for failure to pay the minimum wage. Plaintiff testified at deposition that he was paid $1,600 per 28 day pay cycle and that he worked 96 hours a month. (Opp. at 20) Dividing the hours worked by the amount paid yields a sum in excess of California's minimum wage. However, Plaintiff asserts that when expenses for bundling the newspapers and driving sixty miles a day are taken into account, Plaintiff was only paid $6 an hour, below California's $8 minimum wage. (Opp. at 20) Plaintiff has established a disputed issue of material fact, and thus Defendant is not entitled to summary judgment on this claim.

---

*Litigation*, No. MDL-1700, 2010 WL 5094230, at *19 (N.D.Ind., Dec. 13, 2010)) (citing "entrepreneurial opportunities such that [drivers'] work could be conducted from the auspices of a separately operating business" in support of a finding that drivers are independent contractors as a matter of law)]

### 3. Meal And Rest Claims

As noted above, Plaintiff does not contest that he has not worked more than five hours on any day and only worked more than 3.5 hours on Sundays. Thus Defendant is entitled to partial summary judgment on Plaintiff's meal claims and non-Sunday rest claims. As an alternative basis for summary judgment that would apply to Plaintiff's Sunday rest claim, Defendant asserts that because "Salgado's contracts explicitly provide him the 'sole right to control the manner, mode, methods, and means of delivery'[,] [t]his contractual provision absolves NCT of any liability for meal or rest breaks." (Mem. at 18) This argument is not persuasive. As noted above, contractual language, alone, does not control questions of whether California labor laws are applicable. *C.f. Quinonez v. Empire Today*, LLC, No. C 10-02049, 2010 U.S. Dist. LEXIS 117393, at *6 (N.D. Cal. Nov. 4, 2010) ("[C]ontractual schemes to avoid the California Labor Code will not be tolerated."). Moreover, Defendant does not cite – and independent research did not uncover – case law to support the proposition that merely providing an employee with some degree of control over the means of performance or paying an employee in commissions is enough to satisfy an employer's duties under Cal Labor Code §§ 512, 226.7, and applicable wage orders to provide employees with an opportunity to take meal and rest breaks. *C.f. Perez v. Safety-Kleen Sys.*, No. C 05-5338, 2007 U.S. Dist. LEXIS 48308, at *19-20 (N.D. Cal. June 27, 2007). Absent such authority, the Court concludes that Defendant is not entitled to partial summary judgment on Plaintiff's remaining Sunday rest claim.

### 4. Section 3751 Claim

Cal Labor Code § 3751(a) provides that "[n]o employer shall exact or receive from any employee any contribution, or make or take any deduction from the earnings of any employee, either directly or indirectly, to cover the whole or any part of the cost of compensation under this division." "Stated simply, this provision requires the employer to bear the entire cost of securing [workers'] compensation." *Albillo v. Intermodal Container Services, Inc.*, 114 Cal. App. 4th 190, 201 (2003)

The gravamen of Defendant's attack on Plaintiff's § 3751 claim is that because

"Salgado's accident insurance was completely optional", Plaintiff cannot show that his wages were diverted to pay for workers' compensation. (Mem. at 19) However, a reasonable inference drawn from the undisputed evidence is that Plaintiff would not have paid for his own insurance if he had been classified as an employee and covered under California's workers' compensation program. Therefore, the Court concludes that the fact that Plaintiff sought optional insurance in the absence of coverage under the workers' compensation program does not bar a claim under § 3751(a).

Defendant improperly raises the argument that there is no private right of action under § 3751 for the first time in its reply brief. This argument will not be considered in resolving the instant motion. *See Bartholomew v. Carey*, 308 Fed. Appx. 57, 58 (9th Cir. 2009). Accordingly, Defendant's motion for summary judgment on Plaintiff's § 3751 claim is **DENIED** without prejudice. Defendant may raise the issue of whether § 3751 confers a private right of action in a motion for a judgment as a matter of law.

5. <u>Section 226, 203, and 1174 Claim</u>

Plaintiff seeks section 226 damages for "knowing and intentional" failure to supply itemized wage statements to employees, section 203 waiting-time penalties for a "willful" failure to pay termination wages, and section 1174.5 damages for "wilful" failure to maintain time records. Each of these provisions apply only to employees, and thus if Plaintiff is classified as an independent contractor, they would be inapplicable.

Defendant is entitled to summary adjudication on these claims. There is no evidence that Defendant's conduct was a "knowing and intentional" or "willful" violation of these provisions. A "good faith dispute" as to whether Plaintiff is subject to these provisions precludes a finding that Defendant acted with requisite scienter. *See Reber v. AIMCO*, No. SA CV07-0607 DOC (RZx), 2008 U.S. Dist. LEXIS 81790, at *25 (C.D. Cal. Aug. 25, 2008) (employer awarded summary judgment on sections 203 and 226 claims because "a good faith dispute exists as to whether [employees] are exempt"); *Harris v. Vector Mktg. Corp.*, 656 F. Supp. 2d 1128, 1146 (N.D. Cal. 2009) (summary judgment granted in favor of employer on section 226 claim in case where employer unsuccessfully argued that plaintiff should be

considered an independent contractor as a matter of law); *see also* 8 Cal.Code Reg. § 13520. Although the Court finds that Defendant has not *satisfied its burden* of showing that it is entitled to summary judgment on the ground that Plaintiff is an independent contractor, it is clear that a good faith dispute exists as to whether Defendant's newspaper distributors are exempt from the California Labor Code provisions at issue.

In response, Plaintiff argues that "the terms of the subject contract, and how the parties 'negotiated'" present genuine issues of material fact on the issue of good faith. (Opp. at 23) The Court disagrees. Plaintiff primarily relies on a portion of the operative contract indemnifying Defendant against any judicial or administrative decision finding that distributors are employees. (*See* Def. Resp. Exh. A at 2) While Plaintiff is correct that this portion of the contract provides evidence that "Defendant was aware that the parties' relationship could be deemed to be that of 'employer-employee'" (opp. at 23), mere awareness of the possibility that a Court could find that Defendant's distributors were employees does not negate a finding that a good faith dispute exists on the issue of whether Plaintiff was subject to the Labor Code provisions at issue. Plaintiff's remaining arguments that contract provisions are "grossly unfair to the carriers" and that negotiations show a "severe disparity in bargaining power" are inapposite. (Opp. at 22-24) Whether the parties bargained in good faith or whether Defendant drafted an adhesion contract are issues not before the Court and are not dispositive on the issue of the existence of a good faith dispute regarding Labor Code coverage. Thus, partial summary judgment is **GRANTED** in favor of Defendant on Plaintiff's section 226, 203, and 1174 claims.

6. Section 450

Under Cal Labor Code § 450(a), "No employer . . . may compel or coerce any employee . . . to patronize his or her employer . . . in the purchase of any thing of value." In response to Defendant's motion for summary judgment on this claim, Plaintiff cites evidence that he purchased bags from Defendant and was charged rental fees for using Defendant's distribution center to prepare his papers for delivery. (Opp at 25 (citing Exh. E)). However, Plaintiff provides no evidence that he was compelled or coerced to make these purchases.

1 Indeed, the undisputed evidence shows that Plaintiff could and did use bags obtained
2 elsewhere (*see* Henschen Decl. ¶ 34; Salgado Dep. 62:5 – 17) and moreover, distributors
3 could and did avoid rental fees by deciding not to use the distribution center (*see* Schaller
4 Decl. ¶ 7; Whaley Decl. ¶ 18).  Thus, there is an absence of material fact as to whether
5 Defendant compelled or coerced Plaintiff to make these purchases.  Partial summary
6 judgment is **GRANTED** in favor of Defendant on Plaintiff's section 450 claim.

### III.  CONCLUSION

There is a triable issue as to whether Plaintiff is an employee or independent contractor, and thus Defendant is not entitled to summary judgment on this ground.  Partial summary judgment is **GRANTED** as to Plaintiff's section 226, 203, 1174, and 450 claims.  Partial summary judgment is also **GRANTED** as to non-disputed issues regarding Plaintiff's meal and rest claims and to all 226, 226.3, 1174.5, and 1197.1 claims arising more than one year before the complaint was filed on April 18, 2008.  Partial summary judgment is **DENIED** as to all other claims.

**IT IS SO ORDERED.**

DATED:  March 22, 2011

Honorable Barry Ted Moskowitz
United States District Judge