UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE DALTON, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>LEE PUBLICATIONS, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.　08cv1072-CAB (NLS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DECERTIFY THE CLASS AND DENYING THE PARTIES' REQUESTS FOR JUDICIAL NOTICE**<br><br>**[Doc. Nos. 108; 109; 119; 123]** |

Before the Court is Defendant Lee Publications, Inc.'s Motion to Decertify the Class. [Doc. No. 108.] Plaintiffs opposed the motion [Doc. No. 117,] and Defendant filed a Reply Brief. [Doc. No. 122.] Both parties also filed Requests for Judicial Notice. [Doc. Nos. 109, 119, and 123.] On April 18, 2012 the Court held oral argument on the motion. Upon consideration of the briefing, and the argument of counsel, the court **DENIES** the Motions for the reasons set forth below.

## I. BACKGROUND

Plaintiffs are individuals who have contracted with Defendant to deliver the *North County Times* newspaper. Plaintiffs allege that, as a group, newspaper carriers delivering the *North County Times* have been misclassified as "independent contractors," resulting in various violations of the California Labor Code, and causing them to suffer damages in the form of unpaid regular and overtime wages, unpaid rest breaks and meal periods, improper deductions from their paychecks, and expenses incurred in discharging their duties, among other things. Defendant denies these claims, maintaining that Plaintiffs are properly

classified as independent contractors, and are therefore not entitled to the relief sought.

On July 27, 2010, Judge Moskowitz granted certification of the following class:

> "All persons presently and formerly engaged as newspaper home delivery carriers by LEE PUBLICATIONS, INC., and for the North County Times newspaper in the State of California during the period from and including April 18, 2004, through and including the date of trial set for this action, and who, as a condition of such engagement, signed a written agreement for the home delivery of newspapers, which categorized them as independent contractors and not employees."

[Doc. No. 76. at 15-16.]

In certifying the class, Judge Moskowitz found, despite Defendant's arguments that there are many variations among class members, that the Plaintiffs had satisfied Rule 23(a)'s commonality requirement. *Id.* at 4. Specifically, he found that "there is 'one significant issue common to the class' sufficient to warrant certification. [] And that issue is the one central to this case: whether Defendant improperly characterized Plaintiffs as independent contractors instead of employees." *Id.*, *quoting Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir. 2007). Citing the fact that all class members had similar contracts with the Defendant, all had similar duties, and all had similar pay structures, the Court found that "these common facts and issues are sufficient to satisfy the permissive commonality requirement." *Id.*

Judge Moskowitz also found that an injunctive relief class under Rule 23(b)(2) was improper since the class included former employees, and that the relief requested relates predominantly to money damages. *Id.* at 8. He therefore conducted an analysis as to whether certification was proper pursuant to Rule 23(b)(3). *Id.* at 8-15.

In reviewing the factors under California law that courts use to determine whether a worker is an employee or an independent contractor, Judge Moskowitz carefully considered whether or not these factors were susceptible to common proof. *Id.* The Court considered the primary factor as to whether or not the defendant had the "'right to control the manner and means of accomplishing the result desired.'" *Id.* at 9, *quoting Cristler v Express Messenger Sys., Inc.*, 171 Cal.App.4th 72, 77 (2009). Judge Moskowitz also extensively considered 12 "secondary factors" in the independent contractor/employee analysis. *Id.* at 9-12. He ultimately concluded that, while certain of the factors were less susceptible to common proof (*i.e.* the length of the contract, and whether the parties believed they were creating an employer-employee relationship as these factors may vary slightly from carrier to carrier), he ultimately found that "common issues predominate and it would be far more efficient to resolve the question of employment status on a

class-wide, rather than individual basis." *Id.* at 15.

In finding that the primary factor, the right to control, is susceptible to common proof, Judge Moskowitz found that the rights and obligations of the class members and Defendant are set forth in two sets of substantially identical contracts, which set forth several terms of the relationship including primary duties, pay schedule, etc. *Id.* at 11. ("There is no evidence before the Court that the parties' rights and obligations were substantially different from those set forth in the contracts," and "the contracts set forth the contours of Defendant's control over the class.")

In response to Defendant's argument that calculating damages on each Plaintiff's cause of action would require individualized proof, the Court found that due to Defendant's extensive record keeping, the damage calculation would be fairly mechanical. *Id.* at 13-14. Judge Moskowitz also stated that the "parties can use discovery to determine which class members used helpers or substitutes and how often." *Id.* at 14.

In November, 2011 Defendant filed the instant Motion to Decertify the Class. [Doc. No. 108, "Mot.".]

## II. ANALYSIS

A party opposing the class may move to decertify the class on the grounds that the prerequisites for certification no longer exist in light of discovery or other developments. *See Lamphere v. Brown University*, 553 F.2d 714, 720 (1st Cir. 1977); *Owner-Operator Independent Drivers Ass'n, Inc. v. Landstar System, Inc.*, 622 F.3d 1307, 1326 (11th Cir. 2010). As the moving party, Defendant bears the burden of demonstrating that class certification is no longer proper. *See Weigele v. FedEx Ground Package Sys., Inc.*, 267 F.R.D. 614, 617 (S.D. Cal. 2010). Class certification is a matter within the District Court's sound discretion. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010).

Defendant argues that discovery in the case, as well as the U.S. Supreme Court's post-class certification decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), show that predominating individualized issues make a class action unmanageable and inferior. [Doc. No 108, "Mot." at 1.] It claims that *Wal-Mart* "has clarified Rule 23 in a way that undermines the [Class Certification] Order's rationale."*Id.* The Motion highlights several points from the Class Certification Order which Defendant argues should be reconsidered in light of these recent developments. *See* Mot. at 3-4.

Defendant further argues that discovery is now complete in this matter, and discovery has not

3
08cv1072

provided answers to the questions that Judge Moskowitz indicated could be determined upon discovery, such as which carriers actually worked, when, how long, and how often. *Id.* at 5-6. Defendant also maintains its position that proof of damages is highly individualized and submits a declaration of its assistant circulation director, who claims that *North County Times* does not keep records as to various items, thus supporting its argument that classwide proof of damages is going to be difficult. [*See* Doc. 108-2, Janes Decl.]

Plaintiffs argue that Defendant is essentially attempting a "second bite at the apple" without providing any new controlling law or material facts, and thus decertification of the class is improper. [Doc. No. 117 (Opp.")] at 3.] They argue that *Wal-Mart* does not change the standard for Rule 23, as Defendant suggests, but rather applies a well-established law (*Gen. Telephone Co. of Southwest v. Falcon,* 457 US 147 (1989)) to the specific facts of a gender bias case. [Opp. at 3.] They also point out that the only "new evidence" supplied by the Defendant is the declaration of its own employee stating that Defendant does not have evidence of damages, and discovery responses from Plaintiffs saying they don't have new evidence not already in Defendant's possession. Therefore, they argue, there is nothing "new" for the Court to consider. *Id.*

The Court agrees with the Plaintiffs that the Supreme Court's opinion in *Wal-Mart* does not warrant decertification of the class here. In *Wal-Mart*, the Court addressed the commonality prong of Fed. R. Civ. Proc. 23(a)(2), and found that the proposed class of over 1.5 million individuals did not meet the criteria for commonality. 131 S.Ct. at 2550-54. Specifically, the Court set forth the test, as originally articulated in its opinion in *Falcon*, that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Id.* at 2551, *quoting Falcon,* 457 US at 157. Moreover, the Court observed that to satisfy their burden on class certification, plaintiffs must demonstrate that their claims depend upon a common contention that is capable of classwide resolution, such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* The commonality issue, therefore, depends on "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (emphasis in original) (internal quotations omitted.)

Here, Judge Moskowitz found that the commonality prerequisite was satisfied because there existed a significant common issue central to the case:"whether Defendant improperly characterized Plaintiffs as independent contractors instead of employees." [Doc. 76 at 4 *citing Dukes*, 509 F.3d at 1177.] The *Wal-*

*Mart* Court upheld the Ninth Circuit on this point. 131 S.Ct. at 2256. ("for purposes of Rule 23(a)(2), even a single common question will do.") (internal quotations omitted). The inquiry for purposes of this motion, therefore, is whether or not Plaintiffs have the ability to generate a common *answer* to this question. *Id.* at 2551. Plaintiffs argue that they do. Specifically, they argue, consistent with Judge Moskowitz's order on class certification, that resolution of the common question applies across the board because all class members are subject to the same contracts. [Opp. at 10-22.] If class members are categorized as employees as opposed to independent contractors, the defendant is liable, and once liability is determined, the carriers can submit claims for damages they individually incurred. *Id.*

Defendant argues that the common question as articulated by Judge Moskowitz is not as easily answered as Plaintiffs suggest. In light of all the factors that one must consider when determining whether or not an individual is an employee or an independent contractor, Defendant argues that the existence of similar contracts alone will not provide a "common answer" to the question. [*See e.g.* Doc. 122, "Reply" at 4-5.] Specifically, Defendant claims that fact discovery, which is now closed in this matter, has not revealed sufficient evidence sufficient to prove common answers. [Mot. at 4.]

At oral argument, Plaintiffs presented evidence as to Defendant's extensive records that purportedly demonstrate mileage, hours, and other information with respect to each carrier. Plaintiffs assert that individual damages can be easily determined by utilizing these records, preventing the need for "trial by formula" or representative sampling, the use of which, as Defendant points out, recent case law has now found to be an improper means of classwide proof. *See e.g. Cruz v. Dollar Tree Stores*, 2011 WL 2682967 at *7 (N.D. Cal. July 8, 2011) (decertifying a class because Plaintiffs no longer intended to use payroll forms as a means of common proof, but only intended to offer testimony from representative class members as the "crux" of their case). *See also Duran v. U.S. Bank National Ass'n*, 203 Cal.App.4th 212, 258-59 (2012) (representative sampling impermissible to determine damages.) Moreover, when questioned on this issue at oral argument, Plaintiffs specifically represented to the Court that they will not be presenting individualized testimony from representative class members in order to support classwide claims.

The Court is satisfied with the Plaintiffs' representations. If they are unable to present such proof at trial, and resort to individualized testimony, Defendant is free to renew its motion at that time. Fed. R. Civ. P. 23(c)(1) ("An order that grants or denies class certification may be altered or amended before final

5

08cv1072

judgment."); *Marlo v. United Parcel Serv.*, Inc., 251 F.R.D. 476, 479 (C.D. Cal. 2008) aff'd, 639 F.3d 942 (9th Cir. 2011).

Defendant devoted a significant portion of its briefing and argument to urging the Court to reconsider Judge Moskowitz's finding that common issues predominate pursuant to Rule 23(b)(3). [Mot. at 12-23.] Since the Court in *Wal-Mart* did not analyze the predominance factor, and the Court is satisfied with Plaintiffs' representations in briefing and during argument that they have the methods to prove common issues on a classwide basis, this Court is not compelled to revisit Judge Moskowitz's determination at this time. Indeed, he conducted a thoughtful analysis of the secondary factors and found that although some factors may require some individualized proof, as a whole, common issues predominate. [Doc. 76 at 8-15.] Indeed, Plaintiffs need not demonstrate common proof as to all issues in the case in order to survive class certification. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th. Cir. 1998). The Court does not find that Defendant has presented it with any evidence or legal argument that justifies such an endeavor at this juncture. Nor is the Court persuaded that it must do so in light of certain California Superior Court decisions. *See* Defendant's RFJN, Doc. No. 109, at Exs. A-D; Mot. at 8-12.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Decertify the Class [Doc. No. 108] is **DENIED**. All requests for judicial notice [Doc Nos. 109, 119, 123] are **DENIED** as moot. The Court does not need to judicially notice matters in its own docket, and for the reasons stated above, the Court does not consider the California case law compelling in light of the narrow issue before the court here. Nor does the Court find the request proper for judicial notice. *See* Fed. R. Evid. 201(b) (court may judicially notice a fact not subject to reasonable dispute); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (judicial notice of factual findings in other courts improper).

**IT IS SO ORDERED.**

DATED: April 24, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge