# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE DALTON, DIAN GARZA, ARMINDA GUZMAN, HARON HUGHEN, ETELVINA SALGADO, HECTOR MIGUEL SALGADO, REFUGIO SANCHEZ and LUISA RAMIREZ FLORES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEE PUBLICATIONS, INC., a Delaware Corporation, dba NORTH COUNTY TIMES, and DOES 1 through 50,<br><br>Defendants. | Case No. 3:08cv1072-GPC-NLS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>[Dkt. No. 167] |

Pending before the Court is Defendant's motion for Reconsideration of the Court's Order of May 20, 2013. (Dkt. No. 167.) The motion has been fully briefed. (Dkt. Nos. 169, 170.) Pursuant to L.Civ.R. 7.1.d.1, the Court finds the matter suitable for adjudication without oral argument. For the reasons set out below, the Court **DENIES** Defendant's motion for reconsideration.

## I. Background

The Court need not revisit the relevant factual background as it was thoroughly documented in this Court's May 20, 2013 Order granting in part and denying in part Defendant's motion for decertification. (See Dkt. No. 166, "Judicial Order.")  In that Order, the Court affirmed certification as to the threshold issue of whether Plaintiffs, newspaper carriers employed by Defendant North County Times ("NCT"), were properly classified as independent contractors. (Judicial Order at 6.)  The Court found that individual issues predominated on questions of liability for Plaintiffs' overtime, minimum wage, and rest break claims and found those claims were not amenable to class treatment. (Id.)  Specifically, the Court found the issue of whether each newspaper carrier relied on substitutes or helpers prevented a determination of liability for those claims. (Judicial Order at 11-17.)  On the claim for unreimbursed expenses, the Court found that the same concerns regarding substitutes and helpers were not relevant to the determination of liability. (Judicial Order at 17-20.)  As such, the Court maintained class certification to the claim for unreimbursed expenses. (Id.)  Defendants seek reconsideration of this Court's ruling that Plaintiffs' claim for unreimbursed expenses satisfies Rule 23 standard for class certification. (Dkt. No. 167.)

## II. Legal Standard

A district court may reconsider an order under either Federal Rule of Civil Procedure 59 (e) (motion to alter or amend a judgment) or Rule 60(b)(relief from judgment). Under the local rules, a party that files a motion for reconsideration of an order must set forth the material facts and circumstances surrounding the motion, including any new or different facts and circumstances that are claimed to exist which did not exist, or were not shown, upon such prior application. L. Civ. R. 7.1.i. In the Ninth Circuit, reconsideration is appropriate if the district court (1)

is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration offer an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.2003).

**III. Discussion**

Defendant makes two arguments to support reconsideration: (1) the Court committed clear error by finding individual issues would not predominate for the unreimbursed expenses claim; and (2) the Supreme Court decision in Comcast provides new authority to reconsider the decision. The Court addresses these arguments in turn.

To prove a claim for unreimbursed expenses, Plaintiffs must show employment by defendant, expenditures in direct consequence of the discharge of duties, and the expenditures were not reimbursed. (See Judicial Order at 17; Cal Labor Code § 2802).  After a review of the Plaintiffs' evidence, the Court concluded that "[b]ased on common evidence, Plaintiffs can show the essential elements of the claim: that the carrier was an employee, incurred necessary expenses to perform his duties, and Defendant deducted those expenses from the carriers' earnings." (Judicial Order at 19.)  Defendant argues there must be an individualized inquiry as to "who actually incurred the expenses: were expenses covered by the [carrier] or by some substitute or helper designated by the [carrier]?" (Dkt. No. 67-2 at 3.)  Defendant over-extends its' argument that the substitute or helper issue creates individualized questions to determine liability. The Court found the Defendant's "carrier sheets" reflected the exact amount of charges the Defendant withheld from the carrier's earnings. (Judicial Order at 19.) This evidence clearly reflects costs incurred to the carrier, sufficient to show that

common issues predominate on the question of liability for the unreimbursed expenses claim. Moreover, common proof of withholding expenses shows that the carrier was injured in fact. Accordingly, Defendant has failed to show that the Court's analysis regarding the unreimbursed expenses claim was made in clear error.

Next, Defendant argues the Supreme Court decision Comcast Corp. v. Behrend, 133 S. Ct. 1426 (2013), reflects a change in law that requires this Court to reconsider its' determination. In response, Plaintiffs point out that Comcast was decided two months prior to the issuance of this Court's decision and thus is not new law for purposes of reconsideration. (Dkt. No. 269 at 2.) To the extent Comcast, applies, Plaintiffs argue the Supreme Court's ruling was limited to a narrow damages issue. (Id. at 4-5.) Plaintiffs further argue that Ninth Circuit decision in Leyva v. Medline, 716 F.3d 510 (9th Cir. 2013), supports this Court's ruling that damages may be determined on a class-wide basis for the unreimbursed expenses claim. (Id. at 5-6.)

The Supreme Court decision in Comcast does not alter this Court's determination that damages for the unreimbursed expenses claim may be ascertained on a class-wide basis. The Comcast Court reversed an order granting class certification on the basis that the plaintiffs' damages model failed to accurately reflect the one theory of antitrust liability that had been found to meet the Rule 23 standard for certification. Comcast, 133 S. Ct. at 1433-34. Here, proof of both liability *and* damages will be based on Defendants' records. Thus, the danger the Supreme Court observed in Comcast that plaintiffs "did not isolate damages resulting from any one theory of [liability]," is not present in this class action. Id. at 1431. For this reason, the Court concludes the Comcast decision is distinguishable and fails to offer any new authority that would alter this Court's findings. Moreover, to the extent that these questions would require individual

inquiry, "[t]he amount of damages is invariably an individual question and does not defeat class action treatment." Leyva v. Medline Indus. Inc., 716 F.3d 510, 514 (9th Cir. 2013) (citing Blackie v. Barrack, 524 F.2d 891, 905).

## IV. Conclusion

Based on these reasons, the Court **DENIES** Defendant's motion for reconsideration. (Dkt. No. 167.) Accordingly, the Court **VACATES** the hearing date scheduled for Friday, November 1, 2013.

**IT IS SO ORDERED.**

DATED: October 31, 2013

_____
HONORABLE GONZALO P. CURIEL